COOLEY GODWARD KRONISH LLP
JAMES DONATO (146140) (jdonato@cooley.com)
JOSHUA O. MATES (221068) (jmates@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Of Counsel:
COOLEY GODWARD KRONISH LLP
MICHAEL J. KLISCH (VA 32074) (mklisch@cooley.com)
777 6th Street, NW, Suite 1100
Washington, DC 20001
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

Attorneys for Subpoenaed Non-Parties
SIERRA VENTURES VII LP, SIERRA VENTURES VIII LP-A and SIERRA VENTURES VIII LP-B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEOCO CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAZORSIGHT CORPORATION, SUNDEEP SANGHAVI and SHITAL SANGHAVI,<br><br>　　　　　Defendants. | Case No. CV 08 80032 MISC JSW<br><br>**SIERRA VENTURE'S OPPOSITION TO TEOCO'S MOTION FOR ADMINISTRATIVE RELIEF TO TRANSFER NONEXISTENT DISCOVERY DISPUTES TO VIRGINIA COURT**<br><br>(Pending Action in USDC Eastern District of Virginia Case No. 1:07cv887 CMH/BRP) |
| RAZORSIGHT CORPORATION,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>TEOCO CORPORATION and ATUL JAIN,<br><br>　　　　　Counterdefendants. | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769823 PA

**SIERRA VENTURE'S OPPOSITION TO TEOCO'S MOTION FOR ADMINISTRATIVE RELIEF (CASE NO. CV 08 80032 MISC JSW )**

TEOCO Corporation ("TEOCO") issued Rule 45 subpoenas (the "Subpoenas") out of this Court to Sierra Ventures VII LP, Sierra Ventures VIII LP-A and Sierra Ventures VIII LP-B (collectively, "Sierra Ventures") – all of which have their principal place of business in Menlo Park, California. The underlying lawsuit is pending in the United States District Court for the Eastern District of Virginia (the "Virginia Federal District Court," also known as the "Rocket Docket").

On March 11, 2008, TEOCO moved to transfer *jurisdiction* over any discovery disputes regarding the Subpoenas from this Court to the Rocket Docket (the "Motion"). TEOCO cast this Motion as a motion for *administrative* relief. The relief TEOCO seeks is extraordinary.

Rule 45 subpoenas must be issued out of the District Court where the production is to be made because the issuing Court has personal jurisdiction over a subpoenaed party. Rule 45 is specifically designed so that, for example, a California company is not required to defend a subpoena in a Virginia court simply because that would be more convenient for the issuing party – particularly one that sat on its hands in one of the fastest moving Federal District Courts by waiting too long to issue a subpoena. If motions to transfer jurisdiction over Rule 45 subpoenas were routinely granted, lawyers would simply issue subpoenas out of the District Court where the production is to be made, then move to transfer jurisdiction over them to the presiding court. This would act only as an end around the rule that disputes over Rule 45 subpoenas must be litigated and resolved by the issuing Federal District Court.

Here, the Motion is flawed because TEOCO has proffered nothing that would warrant such an end around the Rule. Moreover, the Motion: (1) improperly it seeks substantive, *not* administrative, relief; (2) is not ripe, since there is no actual dispute pending between TEOCO and Sierra Ventures; and (3) is not grounded in fact or law. The Court should deny the Motion.

**I.   FACTUAL BACKGROUND.**

On September 5, 2007, TEOCO filed a Complaint against Razorsight, Inc. ("Razorsight") and two of its executives asserting misappropriation and related claims (the "Virginia Action"). Finberg Decl., ¶ 2. The Virginia Action is a garden variety commercial business dispute that will be tried about 8-10 weeks after the final pre-trial conference, which is scheduled for April 17,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769823 PA                                       1.

SIERRA VENTURE'S OPPOSITION TO TEOCO'S
MOTION FOR ADMINISTRATIVE RELIEF
(CASE NO. CV 08 80032 MISC JSW )

2008. Discovery in the Virginia Action started on December 7, 2007 and will be cut off on April 9, 2008. *Id.* at ¶ 5.

TEOCO obtained discovery from Razorsight regarding financial information exchanged at the time Razorsight was attempting to get financing from Sierra Ventures. Finberg Decl., ¶ 9 & Ex. A, at 8 & n.8. In January 2008, TEOCO attempted to seek similar documents from Sierra Ventures, via Rule 45 third-party subpoenas. Most, if not all, of this financial information already has been produced to TEOCO by Razorsight. *Id.*

TEOCO initially attempted to serve subpoenas on eight different California entities. Mates Decl., ¶ 3 & Ex. B ("Klisch Decl."), at ¶ 4. Mr. Klisch, counsel for Sierra Ventures, received *those subpoenas* on February 11, 2008 and determined they were directed to the *wrong* Sierra entities. Klisch Decl. ¶ 5, 7, 11. Mr. Klisch called counsel for TEOCO and: (a) alerted TEOCO it had served subpoenas directed to the wrong entities; (b) identified the three correct Sierra entities (*i.e.*, Sierra Ventures) that would have responsive documents; and (c) agreed to accept service of the three correct subpoenas. *Id.* at ¶ 7.

TEOCO served the Subpoenas to Mr. Klisch on February 15, 2008. *Id.* at ¶ 9. Thus, contrary to TEOCO's accusations of "evading" service, Sierra Ventures actually helped to speed up this process and saved TEOCO significant time and cost. Mr. Klisch offered to follow the customary local practice by serving objections on February 29 (he later requested a one-week extension, which TEOCO denied) (*id.* at ¶¶ 9-10) and later written responses, after which producing non-privileged responsive documents. At all times, Mr. Klisch remained open to meeting and conferring with TEOCO counsel. *Id.* at ¶¶ 12-15.

On February 27, *Razorsight* submitted objections to the Subpoenas. Finberg Decl., ¶ 12 & Ex. D.

On March 10, 2008, *Sierra Ventures* served its objections. Mates Decl., ¶ 2 & Ex. A. Mr. Klisch stated: "As promised, I will provide written responses to the Subpoenas no later than March 14, 2008. Despite the objections that follow, **Sierra intends to produce documents** – and I look forward to resolving any issues concerning Sierra's objections and responses." *Id.* (emphasis added). *TEOCO has never contacted Sierra Ventures to discuss the objections.*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769823 PA

2.

SIERRA VENTURE'S OPPOSITION TO TEOCO'S
MOTION FOR ADMINISTRATIVE RELIEF
(CASE NO. CV 08 80032 MISC JSW

On March 14, 2008, as promised, Sierra Ventures served its written responses to the Subpoenas. Mates Decl., ¶ 4 & Ex. C.

Without waiting for receipt of either the responses or the documents themselves, and without making a motion to compel the production from Sierra Ventures, TEOCO filed this Motion seeking to transfer jurisdiction of an anticipated yet speculative dispute to the Rocket Docket. TEOCO did not serve a copy of this Motion on Razorsight, and Razorsight was only made aware of this motion by Sierra Ventures. Finberg Decl., ¶ 13.[1]

## II. PLAINTIFF'S MOTION TO TRANSFER SHOULD BE DENIED.

### A. A Motion for Administrative Relief Is Improper in This Context.

Local Rule 7-11 provides that a motion for administrative relief applies to "miscellaneous administrative matters, not otherwise governed by a … Federal or local rule," including page limitations or filing under seal. Local Rule 7-11. The jurisdictional issues at issue here do not qualify as such "administrative matters." Indeed, since these matters are specifically governed by Rule 45, they are explicitly exempted from this rule.[2]

### B. TEOCO's Motion Is Not Ripe Because There Is No Pending Dispute.

Moreover, even if jurisdictional issues could be considered "administrative" in nature, TEOCO's motion to transfer discovery disputes should be denied because it is not ripe for a

---

[1] The Petruzzelli Declaration submitted in support of TEOCO's motion contains numerous inaccurate statements. For example, it provides: "In late January, TEOCO prepared subpoenas, issued out of the [N.D. Cal.], to Sierra Ventures. Although production was due on February 29, 2008, timely objections were not made, no documents have been produced and Sierra Ventures' counsel has refused to commit to when, if ever, Sierra Ventures will produce documents." Petruzzelli Decl., ¶ 5. This fails to mention that the January subpoenas were directed to the wrong Sierra entities and were never properly served. In fact, the subpoenas attached to her declaration are the corrected ones, sent to Mr. Klisch on February 15, 2008, not in January. It further implies Sierra Ventures has been uncooperative, when in actuality: no proper subpoenas ever might have been served had Mr. Klisch not helped; and at the time of the motion, Sierra Ventures had served objections and promised responses and documents. Petruzzelli also states that the Virginia Federal District Court "has a thorough understanding of the merits of this action," *id.* at ¶ 7, when in actuality, that court has only ruled on *one* motion based on the pleadings, and there had been *no discovery or other hearings* that would have given the court any such "understanding." Finberg Decl., ¶ 6.

[2] Moreover, by failing to notify all parties of this Motion (*see* Finberg Decl., ¶ 13), TEOCO failed to follow the express procedures required by Local Rule 7-11.

1  decision at this time. In every case in which such a transfer was considered, including those cited
2  by TEOCO, the court considered the transfer only *after* it was presented with an *actual dispute*.
3  *See, e.g., In re Armstrong*, 1997 WL 739616, at *1, n.1 (Bkrtcy.E.D. Ark. 1997) ("A motion to
4  quash should first be filed with the Court issuing the subpoena because it is the issuing court that
5  has jurisdiction over the party served with the subpoena. [Citations] It is for the issuing court to
6  then either rule on the motion to quash, or in its discretion, transfer the matter..."). Here, there are
7  no disputes between TEOCO and Sierra Ventures. TEOCO has filed no motion to compel
8  regarding the Subpoenas, and Sierra Ventures have filed no motion to quash or modify. Because
9  no "dispute" is before this Court (nor anywhere else), this issue is not ripe for decision.

10  Nor is it clear what hypothetical dispute between TEOCO and Sierra Ventures exists.
11  TEOCO does not argue that Sierra Ventures' March 10 objections are improper. And since
12  responses were served after the Motion was filed, and documents are forthcoming, TEOCO does
13  not specify any documents that should have been produced but were not, nor any other way Sierra
14  Ventures have failed to adequately and fully respond to the Subpoenas. Simply put, TEOCO has
15  put the cart before the horse. This Court cannot decide to transfer an issue when it has no idea
16  what the issue is.

17  Moreover, TEOCO now has Sierra Ventures' responses, documents are forthcoming, and
18  the underlying litigation will not go to trial until 8-10 weeks after April 17, 2008, so TEOCO has
19  plenty of time to raise a dispute over the Subpoenas in this Court when such an issue is ripe.

20  **C.    The Hypothetical Disputes Are Not Transferable.**

21  TEOCO argues there is "good cause" to transfer the Rule 45 disputes. But even if this
22  Court assumes some dispute is at issue, TEOCO applies the wrong standard (and cannot meet it).

23  It is indisputable that controversies regarding Rule 45 non-party subpoenas are properly
24  decided in the court that issued the subpoena. Fed.R.Civ.P. 45(c)(2)(B)(i) (If it wishes to compel
25  the production of documents from the party subject to the subpoena, "the serving party may ***move***
26  ***the issuing court*** for an order compelling production or inspection.") (emphasis added); *see also*
27  WILLIAM V. SCHWARZER, ET AL., THE RUTTER GROUP CALIFORNIA PRACTICE GUIDE: FEDERAL
28  CIVIL PROCEDURE BEFORE TRIAL § 11:2289 (2006).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769823 PA                                4.

SIERRA VENTURE'S OPPOSITION TO TEOCO'S
MOTION FOR ADMINISTRATIVE RELIEF
(CASE NO. CV 08 80032 MISC JSW

Indeed, courts have interpreted Rule 45 to mean that not only is the issuing court the proper forum for such disputes, but courts even *lack the ability* to transfer such disputes to a different court. *In re Sealed Case*, 141 F.3d 337, 343 (C.A.D.C. 1998) ("[T]he idea that a district court may transfer a motion to quash a subpoena rests on a misreading of a nonauthoritative sources that relates to a different rule [than Rule 45]. The Rules of Civil Procedure themselves do not provide any basis for such authority, and *district courts have no inherent powers to transfer*.") (emphasis added). *See also Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123, 125 (N.D.N.C. 1990) (citations omitted) (court cannot transfer Rule 45 dispute when non-party involved "has not expressly or implicitly consented to such a transfer."). **This Court has expressly followed that line of reasoning, holding that "[n]ormally, disputes over discovery from a non-party are decided by the court which issued the subpoena."** *In re Welding Rod Products Liability Litigation*, 406 F.Supp.2d 1064, 1065-66 (N.D. Cal. 2005) (distinguishing itself from the norm because it was a multidistrict litigation matter). Here, that is this Court.[3]

Notably, there is no basis for this Court to confer jurisdiction over the California-based Sierra Ventures to the Virginia Federal District Court. Rule 45 is specifically designed to protect the interests of the third party being pulled into a litigation with which it is not involved. It thus requires that: the subpoena issue from the District Court where the production will be made (Fed.R.Civ.P. 45(a)(2)(C)); the issuing party "take reasonable steps to avoid imposing undue burden or expense" on the subpoenaed party (Fed.R.Civ.P. 45(c)); and *the issuing court enforce this duty* of the issuing party (*id.*). Transferring Rule 45 disputes in cases such as this – where the issuing party seeks such a transfer for its own convenience after failing to diligently conduct discovery in the underlying action – flies in the face of these purposes, and instead, forces Sierra Ventures to travel across the country to litigate a minor matter in a Court that otherwise might not have jurisdiction over it.

---

[3] We note that various courts dispute the *ability* to transfer such a dispute. *Compare In re Sealed Case*, 141 F.3d at 343 *to United States v. Star Scientific, Inc.*, 205 F.Supp.2d 482, 486, n.4 (D.Md. 2002) (motion transferred to nearby district when case was complicated; other district was familiar with underlying issues; and nonparty consented). *See also* THE RUTTER GROUP, at § 11:2289(a). **Without recognizing this dispute**, TEOCO cites only cases agreeing with the *Star Scientific* reasoning. However, this Court follows *In re Sealed Case* precedent.

1  Dated: March 14, 2008                    COOLEY GODWARD KRONISH LLP

                                            _____/s/_____
                                            Joshua O. Mates

                                            Attorneys for Subpoenaed Non-Parties
                                            SIERRA VENTURES VII LP, SIERRA
                                            VENTURES VIII LP-A and SIERRA
                                            VENTURES VIII LP-B

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769823 PA                6.                 SIERRA VENTURE'S OPPOSITION TO TEOCO'S
                                            MOTION FOR ADMINISTRATIVE RELIEF
                                            (CASE NO. CV 08 80032 MISC JSW

| | |
|---|---|
| 1 | COOLEY GODWARD KRONISH LLP |
|   | JAMES DONATO (146140) (jdonato@cooley.com) |
| 2 | JOSHUA O. MATES (221068) (jmates@cooley.com) |
|   | Five Palo Alto Square |
| 3 | 3000 El Camino Real |
|   | Palo Alto, CA  94306-2155 |
| 4 | Telephone:    (650) 843-5000 |
|   | Facsimile:     (650) 849-7400 |

Of Counsel:
COOLEY GODWARD KRONISH LLP
MICHAEL J. KLISCH (VA 32074) (mklisch@cooley.com)
777 6th Street, NW, Suite 1100
Washington, DC  20001
Telephone:    (202) 842-7800
Facsimile:     (202) 842-7899

Attorneys for Subpoenaed Non-Parties
SIERRA VENTURES VII LP, SIERRA VENTURES
VIII LP-A and SIERRA VENTURES VIII LP-B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEOCO CORPORATION, | Case No. CV 08 80032 MISC JSW |
| Plaintiff, | **[PROPOSED] ORDER DENYING TEOCO'S ADMINISTRATIVE MOTION TO TRANSFER JURISDICTION OVER DISCOVERY DISPUTE TO PENDING ACTION OUTSIDE DISTRICT** |
| v. | |
| RAZORSIGHT CORPORATION, SUNDEEP SANGHAVI and SHITAL SANGHAVI, | |
| | (Pending Action in USDC Eastern District of Virginia Case No. 1:07cv887 CMH/BRP) |
| Defendants. | |
| RAZORSIGHT CORPORATION, | |
| Counterclaimant, | |
| v. | |
| TEOCO CORPORATION and ATUL JAIN, | |
| Counterdefendants. | |

//

//

769824 v1/PA                                      1.                      **[PROPOSED] ORDER DENYING TEOCO'S MOTION FOR ADMINISTRATIVE RELIEF (CASE NO. CV 08 80032 MISC JSW)**

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1  The Court having before it the Administrative Motion to Transfer Jurisdiction over
2  Discovery Dispute to Pending Action Outside District of TEOCO Corporation, and the
3  Opposition thereto of Sierra Ventures VII LP, Sierra Ventures VIII LP-A and Sierra Ventures
4  VIII LP-B:

5  **IT IS HEREBY ORDERED THAT** TEOCO Corporation's motion is denied.

6  Dated: March __, 2008

_____
Hon. Jeffrey S. White
U.S. District Judge

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769824 v1/PA

2.

[PROPOSED] ORDER DENYING TEOCO'S
MOTION FOR ADMINISTRATIVE RELIEF
(CASE NO. CV 08 80032 MISC JSW)