COOLEY GODWARD KRONISH LLP
JAMES DONATO (146140) (jdonato@cooley.com)
JOSHUA O. MATES (221068) (jmates@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 843-5000
Facsimile:      (650) 849-7400

Of Counsel:
COOLEY GODWARD KRONISH LLP
MICHAEL J. KLISCH (VA 32074) (mklisch@cooley.com)
777 6th Street, NW, Suite 1100
Washington, DC  20001
Telephone:     (202) 842-7800
Facsimile:      (202) 842-7899

Attorneys for Subpoenaed Non-Parties
SIERRA VENTURES VII LP, SIERRA VENTURES
VIII LP-A and SIERRA VENTURES VIII LP-B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEOCO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RAZORSIGHT CORPORATION, SUNDEEP SANGHAVI and SHITAL SANGHAVI,<br><br>Defendants. | Case No. CV 08 80032 MISC JSW<br><br>**DECLARATION OF JOSHUA O. MATES IN SUPPORT OF OPPOSITION TO TEOCO'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>(Pending Action in USDC Eastern District of Virginia Case No. 1:07cv887 CMH/BRP) |
| RAZORSIGHT CORPORATION,<br><br>Counterclaimant,<br><br>v.<br><br>TEOCO CORPORATION and ATUL JAIN,<br><br>Counterdefendants. | |

//

//

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769858 v1/PA                    1.                    DECLARATION OF JOSHUA O. MATES
(CASE NO. CV 08 80032 MISC JSW)

I, Joshua O. Mates, declare as follows:

1.      I am an associate in the firm of Cooley Godward Kronish LLP, counsel of record for Sierra Ventures VII LP, Sierra Ventures VIII LP-A and Sierra Ventures VIII-LP-B (collectively "Sierra Ventures").  I am a member in good standing of the State Bar of California, and am admitted to practice before this Court.

2.      I am informed that on March 10, 2008, one of the partners at my firm, Michael Klisch, sent a letter to counsel of record for TEOCO Corporation, Julie A. Petruzzelli, with the law firm of Venable LLP, setting forth Sierra Ventures' objections to the third party subpoenas issued to Sierra Ventures on February 15, 2008 (the "Subpoenas").  A true and correct copy of Mr. Klisch's March 10, 2008 letter is attached hereto as Exhibit A.

3.      On March 11, 2008, I am informed that Mr. Klisch signed a declaration under penalty of perjury regarding, among other matters, the service and/or attempted service by TEOCO Corporation of subpoenas to Sierra Ventures entities.  I am further informed that this declaration was submitted in support of an opposition to a motion by TEOCO Corporation, was filed with the United States District Court for the Eastern District of Virginia, and an electronic copy of this document can be recovered from the Public Access to Court Electronic Records (PACER) service.  For the Court's convenience, a true and correct copy of Mr. Klisch's declaration (without exhibits) is attached hereto as Exhibit B.

4.      On March 14, 2008, I am informed that Mr. Klisch sent a letter to Ms. Petruzzelli, setting forth Sierra Ventures' responses to the Subpoenas.  A true and correct copy of Mr. Klisch's letter and responses are attached as Exhibit C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, to the best of my personal knowledge and information.

Executed this 14th of March, 2008, at Palo Alto, California.

_____
                                    /s/
Joshua O. Mates

Cooley Godward
Kronish LLP
Attorneys At Law
Palo Alto

769858 v1/PA

2.

Declaration of Joshua O. Mates
(Case No. CV 08 80032 MISC JSW)



Michael J. Klisch
(202) 842-7870
mklisch@cooley.com


March 10, 2008

Julie A. Petruzzelli
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601

**Re: Subpoenas to Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P., and Sierra Ventures VIII-B, L.P.**

Dear Julie:

On February 15, 2008, plaintiff issued subpoenas ("Subpoenas") to this firm's clients, Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P. and Sierra Ventures VIII-B, L.P. (collectively "Sierra") in the action styled: *TEOCO Corp. v. Razorsight Corp., et al.* Case No. 1:07cv887 CMH/BRP, United States District Court for the Eastern District of Virginia (Alexandria Division).

As a professional courtesy, I accepted service of the Subpoenas on February 15.

The following constitutes Sierra's objections to the Subpoenas.  As promised, I will provide written responses to the Subpoenas no later than March 14, 2008.  Despite the objections that follow, Sierra intends to produce documents -- and I look forward to resolving any issues concerning Sierra's objections and responses.

### GENERAL OBJECTIONS

1.      Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or doctrine.

2.      Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of confidential and/or proprietary business information or documents.

3.      Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure and the applicable local rules.

EXHIBIT A



Julie A. Petruzzelli
March 10, 2008
Page Two

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:** All documents relating to Sierra Ventures' ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 2:** All documents relating to Sundeep Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 3:** All documents relating to Shital Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 4:** All documents relating to any funding of Razorsight by Sierra Ventures.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 5:** All documents relating to or evidencing any communications between Sierra Ventures and Sundeep Sanghavi.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client



Julie A. Petruzzelli
March 10, 2008
Page Three

privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 6:** All documents relating to or evidencing any communications between Sierra Ventures and Shital Sanghavi.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 7:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Sundeep Sanghavi.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 8:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Shital Sanghavi.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 9:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding the Litigation or the claims asserted therein.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 10:** All documents relating to the Litigation or the claims asserted therein.



Julie A. Petruzzelli
March 10, 2008
Page Four

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 11:** All documents mentioning, referring to, regarding, or discussing TEOCO.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 12:** All documents mentioning, referring to, regarding, or discussing Sage Management.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 13:** All documents evidencing the corporate structure and relationship of Sierra Ventures and its parents, predecessors, successors, subsidiaries, affiliates, divisions or operations.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

Sincerely,

Michael J. Klisch

MJK:cad

62447 v1/DC

## DECLARATION OF MICHAEL J. KLISCH

I, Michael J. Klisch, state the following in support of this declaration:

1.      I have been a partner in the Litigation Department of Cooley Godward Kronish LLP ("Cooley") since 1999.  I currently work in Cooley's Washington, D.C. office.  Prior to June 1999, I was a partner with the McGuire Woods firm, where I worked in the Alexandria, Virginia and Tysons Corner, Virginia offices.

2.      I have been a member in good standing of the bar of the Supreme Court of Virginia and the bar of this Court since 1990.

3.       I am counsel for Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P. and Sierra Ventures VIII-B, L.P.

4.      It is my understanding that, on February 8, 2008, plaintiff TEOCO Corporation ("TEOCO") served subpoenas on the following *other* entities: Sierra Ventures Associates IX, LLC, Sierra Ventures Finance Limited, L.P., Sierra Ventures, Inc. (two subpoenas), Sierra Ventures IV International, L.P., Sierra Ventures IX, L.P., Sierra Ventures Management Company and Sierra Ventures Management II, LLC (the "Initial Subpoenas").  *Exhibit A.*

5.      On February 11, I received the Initial Subpoenas.

6.      On February 13, I conferred with my client about the Initial Subpoenas.

7.      On February 14, I called and spoke with Michael Robinson, counsel of record for TEOCO, and advised him that the Initial Subpoenas were issued to the wrong parties, and that these business entities had no responsive documents.  I told Mr. Robinson that I could serve objections and then responses but that I thought the more cooperative route would be to agree to accept service of subpoenas issued to the correct Sierra entities.  On this note, I advised him that, to the extent any responsive documents existed, they would be in the possession and control of

**EXHIBIT B**

Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P. and Sierra Ventures VIII-B, L.P. (collectively "Sierra Ventures"). I also agreed to accept service of new subpoenas issued to Sierra Ventures so long as plaintiff withdrew the Initial Subpoenas. Mr. Robinson opined that my offer "sounds reasonable" but that the decision had to be made by his partner, Julie Petruzzelli. I confirmed my conversation with Mr. Robinson in writing. *Exhibit B.*

8.     On February 14, I spoke to Ms. Petruzzelli and made the same offer that I had made to Mr. Robinson earlier that day. *See also Exhibit C.* Shortly thereafter, I provided Ms. Petruzzelli with the names of the correct Sierra Ventures entities.

9.     On February 15, Ms. Petruzzelli delivered the new subpoenas to me by hand with a cover letter that indicated that I had agreed to produce documents by February 29. *Id.* I immediately responded: "Just to be clear, I stated that the entities that would have (rather than do have) responsive documents are the three Sierra entities that we discussed. I will get back to you with objections." *Exhibit D.* Ms. Petruzzelli replied: "Thank you for the clarification." *Id.*

10.    On February 29, I asked Ms. Petruzzelli for a one-week extension to serve objections on behalf of Sierra Ventures. Ms. Petruzzelli refused to grant my request "due to a tight discovery schedule" and because my request did not provide an explanation for my need for a one-week extension. *Exhibit E.* This triggered several other emails after close of business Friday night, in which Ms. Petruzzelli, for the *first* time, accused Sierra of trying to evade service of process and avoid producing documents. *Id.*

11.    As I understand TEOCO's service of process efforts, prior to February 8, TEOCO's process server endeavored to serve subpoenas on the *wrong* Sierra entities and, in doing so, visited my clients' California office twice and left each time after the receptionist said

that she was not authorized to sign for the subpoenas. In any event, the process server was trying to serve subpoenas to parties that had no responsive documents.

12.     On March 4, since I was going to be out of the office on March 6-7, I reiterated my request to respond to the subpoenas on March 8. *Exhibit F.* I assumed that -- given our prior communications about "objections" -- that Ms. Petruzzelli understood that I was referring to objections. Ms. Petruzzelli refused to respond in writing. Rather, she insisted on telephoning me even though I was not able to talk to her live because of other business commitments I had that day. I did, however, stay in constant communication with her via email.

13.     On March 5, Ms. Petruzzelli asked what I meant by "respond." *Exhibit G.* Later that day I replied: "Sorry, I have been tied up all day. I will give you my objections on Friday and my responses next Friday." *Id.*

14.     On March 6, Ms. Petruzzelli called my secretary and accused me of ignoring her phone calls -- when in fact I was on an airplane and otherwise diligently responding to her calls with emails. *Exhibit H.* As soon as my plane landed, I advised her that:

> I just got off of a 3 and a half hour plane flight. I have been out of the office since Tuesday. Before I left, however, I offered to give you objections Friday and responses next Friday, which is the customary practice in the court where the case is pending.
>
> You waited a full day to get back to me even though you have been telling me that you are in hurry. When you finally got back to me, you asked me what I meant by the word "Responses." When I used this word, I meant written responses, which I thought was clear.
>
> I reiterate my offer, although I will have to give you my objections on Monday since I am out tomorrow.
>
> Please advise, thanks, Mike

*Id.*

3

15.    Ms. Petruzzelli agreed to an extension only if Sierra produced documents on March 14, rather than provide written responses, and so long as Sierra agreed that "any disputes regarding the responses will be subject to the jurisdiction of the EDVA." *Exhibit I.* I advised her that I could not agree to these additional conditions but promised again to "continue to cooperate with you." *Id.* At about 8:30 p.m., Ms. Petruzzelli *told* me to call her *immediately*, which I simply could not do because I was checking into a hotel and on my way to a dinner meeting. *Id.*

16.    TEOCO's document requests are objectionable.  Accordingly, on March 10, I submitted objections to Ms. Petruzzelli and offered to attend a meet-and-confer within a few business days after Sierra provided its written responses on March 15. *Exhibit J.*

17.    I intend to submit written responses to Ms. Petruzzelli on March 15, as I offered her.

18.    Lastly, I understand that TEOCO has represented to the U.S. District Court in Alexandria, Virginia that it has "taken steps to request that the U.S. District Court for the Northern District of California decide on an emergency basis TEOCO's motion to transfer enforcement of the subpoena to this Court." Since Ms. Petruzzelli made this representation on March 7, I have asked her on two occasions to provide me with the motion that TEOCO filed, if any, in California and to otherwise advise me whether TEOCO has filed such a motion. *Exhibit K.* Ms. Petruzzelli has not responded to my emails.

I declare that the foregoing is true and correct to the best of my knowledge and belief.

3/11/08
Date

Michael J. Klisch

62472 v3/DC



Michael J. Klisch
(202) 842-7870
mklisch@cooley.com

**By Regular Mail**

March 14, 2008

Julie A. Petruzzelli
Venable LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601

*Re: Subpoenas to Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P., and Sierra
    Ventures VIII-B, L.P.*

Dear Julie:

On February 15, 2008, plaintiff issued subpoenas ("Subpoenas") to this firm's clients,
Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P. and Sierra Ventures VIII-B, L.P.
(collectively "Sierra") in the action styled: *TEOCO Corp. v. Razorsight Corp., et al.* Case No.
1:07cv887 CMH/BRP, United States District Court for the Eastern District of Virginia (Alexandria
Division) (the "Action").

As a professional courtesy, I accepted service of the Subpoenas on February 15.

As I promised, the following constitutes Sierra's written responses to the Subpoenas.

Your continuing to wrongfully accuse me and my client of things like evading service and
being uncooperative is unproductive.  Please stop.  Also, we expect your client to pay Sierra the
fees and cost that it incurred in having to defend the motion to transfer that you filed in
California.

I look forward to resolving any issues concerning Sierra's objections and responses.

**RESPONSES**

**REQUEST NO.  1:**  All documents relating to Sierra Ventures' ownership interest in
Razorsight, including without limitation any shareholder agreements or contracts.

**RESPONSE:**  Sierra Ventures stands on its objections.

**REQUEST NO. 2:**  All documents relating to Sundeep Sanghavi's ownership interest in
Razorsight, including without limitation any shareholder agreements or contracts.

**RESPONSE:**  Sierra Ventures stands on its objections.

EXHIBIT C



Julie A. Petruzzelli
March 14, 2008
Page Two

**REQUEST NO. 3:** All documents relating to Shital Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**RESPONSE:** Sierra Ventures stands on its objections.

**REQUEST NO. 4:** All documents relating to any funding of Razorsight by Sierra Ventures.

**RESPONSE:** Sierra Ventures stands on its objections.

**REQUEST NO. 5:** All documents relating to or evidencing any communications between Sierra Ventures and Sundeep Sanghavi.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 6:** All documents relating to or evidencing any communications between Sierra Ventures and Shital Sanghavi.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 7:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Sundeep Sanghavi.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 8:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Shital Sanghavi.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 9:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding the Litigation or the claims asserted therein.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 10:** All documents relating to the Litigation or the claims asserted therein.



Julie A. Petruzzelli
March 14, 2008
Page Three

**RESPONSE:**  Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 11:**  All documents mentioning, referring to, regarding, or discussing TEOCO.

**RESPONSE:**  Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 12:**  All documents mentioning, referring to, regarding, or discussing Sage Management.

**RESPONSE:**  Sierra Ventures stands on its objections.

**REQUEST NO. 13:**  All documents evidencing the corporate structure and relationship of Sierra Ventures and its parents, predecessors, successors, subsidiaries, affiliates, divisions or operations.

**RESPONSE:**  Sierra Ventures stands on its objections.

Sincerely,

Michael J. Klisch

MJK:cad

62721 v1/DC