COOLEY GODWARD KRONISH LLP
MICHAEL J. KLISCH (VA 32074) (mklisch@cooley.com)
JOSHUA O. MATES (221068) (jmates@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:    (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Subpoenaed Non-Parties
SIERRA VENTURES VII LP, SIERRA VENTURES VIII LP-
A and SIERRA VENTURES VIII LP-B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEOCO CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>RAZORSIGHT CORPORATION,<br>SUNDEEP SANGHAVI and SHITAL<br>SANGHAVI,<br><br>                    Defendants.<br>_____<br>RAZORSIGHT CORPORATION,<br><br>                    Counterclaimant,<br><br>          v.<br><br>TEOCO CORPORATION and ATUL JAIN,<br><br>                    Counterdefendants. | Case No. CV 08 80032 MISC JSW<br><br>**DECLARATION OF DANA J. FINBERG IN SUPPORT OF OPPOSITION TO TEOCO'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>(Pending Action in USDC Eastern District of Virginia Case No. 1:07cv887 CMH/BRP) |

I, Dana J. Finberg, declare as follows under penalty of perjury:

1.     I am a shareholder of the law firm LeClairRyan, A Professional Corporation, in its

Richmond, Virginia office.  I have been a member in good standing of the Virginia Bar, and am

admitted to practice in the courts of the Commonwealth of Virginia; the United States District

769860 PA                                        1.                    **DECLARATION OF DANA J. FINBERG**
                                                                      **(CASE NO. CV 08 80032 MISC JSW)**

1    Courts for the Eastern and Western Districts of Virginia; the United States Courts of Appeals for

2    the Fourth Circuit and Federal Circuit; and the Supreme Court of the United States.

3        2.    I am an attorney for defendant Razorsight Corporation ("Razorsight") in the case

4    styled *TEOCO Corporation v. Razorsight Corporation, et al.*, Civil Action No. 1:07cv887

5    (CMH/BRP), which is pending in the Alexandria Division of the United States District Court for

6    the Eastern District of Virginia (the "EDVA Litigation"). The EDVA Litigation involves claims

7    brought by TEOCO Corporation ("TEOCO") against two former employees (the Sanghavis) and

8    Razorsight, alleging copyright infringement, misappropriation of trade secrets, statutory

9    conspiracy, violation of the Computer Fraud and Abuse Act, and breaches of contract and duties

10   of loyalty.

11       3.    The original Complaint in the EDVA Litigation was filed on September 5, 2007.

12   Before defendants responded, TEOCO filed its First Amended Complaint on September 27, 2007.

13   By agreement of the parties, all defendants responded to the First Amended Complaint on

14   December 12, 2007. Defendants brought motions to dismiss Count X of the Amended

15   Complaint, and the Court granted these motions on the pleadings and without a hearing and

16   permitted TEOCO the opportunity to amend its Complaint a second time.

17       4.    The original Scheduling Order in the EDVA Litigation issued on December 7,

18   2007. As is the practice in that Court, and as stated in the Scheduling Order itself, discovery in

19   the case began upon the parties' receipt of the Scheduling Order. In fact, shortly after the

20   Scheduling Order issued, the parties conducted the conference required under Fed. R. Civ. P.

21   26(f), and propounded written discovery to each other.

22       5.    The discovery cut-off in the EDVA Litigation is April 9, 2008. The only

23   exception to this is that discovery of experts can continue beyond that deadline. Under the

24   current schedule, which TEOCO has moved to alter in the EDVA Litigation, opening damages

25   expert reports are due on March 18, 2008; responsive expert reports are due on April 15, 2008;

26   and expert depositions must be concluded by May 2, 2008.

27       6.    Discovery in the EDVA Litigation has been proceeding apace since the entry of

28   the December 7, 2007 Scheduling Order, with all parties producing voluminous documents and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769860 PA      2.      DECLARATION OF DANA J. FINBERG
(CASE NO. CV 08 80032 MISC JSW)

1    other information.  Although issues and disagreements have arisen, to date there have been no

2    discovery-related or other hearings in the case, and the motions practice in the case has been

3    minimal.

4          7.      I have read the March 11, 2008 "Declaration of Julie A. Petruzzelli to Open

5    Miscellaneous Case" filed in the United States District Court for the Northern District of

6    California.  In ¶ 7 of her Declaration, Ms. Petruzzelli represents that the Virginia Court "has a

7    thorough understanding of the merits" of the EDVA Litigation.  Given that so far no hearings

8    have been held in the case, that the defendants' December 2007 motion to dismiss was decided on

9    the pleadings, and there has been almost no motions practice in the case, I question the basis for

10   Ms. Petruzzelli's representation regarding what the Virginia Court may or may not understand

11   about the case.

12         8.      Based on statements in TEOCO's Motion to Extend the Deadline for Expert

13   Discovery on Damages, filed in the EDVA Litigation on March 7, 2008, I understand that

14   TEOCO first issued subpoenas to Sierra Ventures, out of the United States District Court for the

15   Northern District of California, on or about January 25, 2008 (the "Original Subpoenas").  *See*

16   Exhibit B to Petruzzelli Decl., at p. 35 (Memorandum in Support of Motion to Extend the

17   Deadline for Expert Discovery on Damages, at p. 3).  I cannot be sure of the exact date the

18   Original Subpoenas issued, or to which Sierra Ventures entities they were directed, because

19   copies of those subpoenas have never been served on counsel for the defendants in the EDVA

20   Litigation.  In any event, based on the statement in TEOCO's brief, it is clear that TEOCO did not

21   issue or attempt to serve the Original Subpoenas until nearly two months after discovery opened

22   in the EDVA Litigation.

23         9.      On March 12, 2008, Razorsight filed an Opposition to TEOCO's Motion to Extend

24   the Deadline for Expert Discovery on Damages, opposing the extension for, among other reasons,

25   TEOCO's counsel's own failure to proceed promptly with discovery.  A true and correct copy of

26   the memorandum in support of that Opposition (without exhibits) is attached hereto as Exhibit A.

27         10.     On or about February 8, 2008, a full two months after discovery in the EDVA

28   Litigation opened, TEOCO issued a second round of subpoenas on eight Sierra Ventures entities,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769860 PA                            3.            DECLARATION OF DANA J. FINBERG
                                                   (CASE NO. CV 08 80032 MISC JSW)

1   this time out of the United States District Court for the District of Delaware (the "Second

2   Subpoenas"). Once again, TEOCO did not contemporaneously serve copies of these subpoenas

3   on counsel for the defendants in the EDVA Litigation. It was only after defendants were alerted

4   to a subpoena served on another third party (Sage Consulting), and immediately contacted

5   TEOCO's counsel to demand copies of all subpoenas issued in the case, that copies of the Sage

6   Consulting and Second Subpoenas were sent to defendants on February 11, 2008. *See* Exhibits B

7   and C (emails between counsel).

8       11.    I understand that after the Second Subpoenas were served, counsel for Sierra

9   Ventures contacted counsel for TEOCO and informed them that the subpoenas were directed to

10  the wrong Sierra Ventures entities, and provided the names of the correct entities and agreed to

11  accept service on new subpoenas. These new subpoenas issued out of the United States District

12  Court for the Northern District of California on February 15, 2008 (the "Third Subpoenas"). At

13  the time that the Third Subpoenas were issued and served, the deadline for TEOCO's opening

14  expert reports was just over one month away.

15      12.    Razorsight served written objections to the Third Subpoenas on TEOCO on

16  February 27, 2008. *See* Exhibit D. TEOCO's counsel has never attempted to meet and confer

17  with counsel for Razorsight regarding these objections.

18      13.    TEOCO's Motion to Extend the Deadline for Expert Discovery on Damages was

19  served on counsel for defendants on Friday, March 7, 2008. The Memorandum in Support of the

20  Motion stated that "Concurrently with this motion, TEOCO has taken steps to request that the

21  U.S. District Court for the Northern District of California decide on an emergency basis

22  TEOCO's motion to transfer enforcement of [the Third Subpoenas] to [the Eastern District of

23  Virginia]." *See* Exhibit B to Petruzzelli Decl., at p. 38 (Memorandum in Support of Motion to

24  Extend the Deadline for Expert Discovery on Damages, at p. 6). Based on this statement, I

25  assumed that TEOCO had already filed papers in the Northern District of California and, by email

26  dated Saturday, March 8, 2008, I contacted TEOCO's counsel to request a copy of those papers.

27  *See* Exhibit E. To date, TEOCO's counsel has not responded to this request. I did receive a copy

28  of TEOCO's March 11, 2008 filing in the Northern District of California, but it was sent to me on

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769860 PA                          4.

DECLARATION OF DANA J. FINBERG
(CASE NO. CV 08 80032 MISC JSW)

1    that date by counsel for Sierra Ventures, not TEOCO.

2         I declare under penalty of perjury under the laws of the United States that the foregoing is

3    true and correct, to the best of my personal knowledge and information.

4         Executed this 13th of March, 2008, at Richmond, Virginia.

5

6

7                        Dana J. Finberg

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

769860 PA

5.

DECLARATION OF DANA J. FINBERG
(CASE NO. CV 08 80032 MISC JSW)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| TEOCO Corporation, | ) |
|             **Plaintiff,** | ) |
|       **v.** | ) |
| Razorsight Corporation, Sundeep Sanghavi and Shital Sanghavi, | ) |
|           **Defendants.** | )    **Case No.: 1:07cv887 CMH/BRP** |
| ----------------------------------------------- | ) |
| Razorsight Corporation, | ) |
|       **Counterclaimant,** | ) |
|       **v.** | ) |
| TEOCO Corporation and Atul Jain, | ) |
|       **Counterclaim Defendants.** | ) |

---

## DEFENDANT RAZORSIGHT CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND THE DEADLINE FOR EXPERT DISCOVERY ON DAMAGES

COMES NOW defendant Razorsight Corporation ("Razorsight"), by counsel, and states as follows as its Memorandum in Opposition to plaintiff TEOCO Corporation's ("TEOCO") "Motion to Extend the Deadline for Expert Discovery on Damages" (the "Motion for Extension"). As explained below, TEOCO cannot show good cause justifying the requested extension and modification of the current Scheduling Order and, as a consequence, the Motion for Extension should be denied.

---

**Exhibit A**

# I. **INTRODUCTION**

TEOCO correctly points out that the schedule for expert discovery damages already has been modified once, by consent of the parties. That consent modification was done very early in the case, and only after the parties concluded that it would be necessary in light of the scope of discovery in this case, which in involves ten counts, several theories of liability and the need for substantial e-discovery. Since the entry of the original Scheduling Order in this case, all defendants have been working very diligently to comply with their discovery obligations and to prepare their defenses for trial. TEOCO's Motion for Extension is not prompted by any action (or inaction) by the defendants, who are anxious for this case to proceed as scheduled. Rather, TEOCO complains that it needs additional time for expert discovery on damages as the result of its alleged inability to secure compliance with third-party subpoenas to Sierra Ventures ("Sierra"), Razorsight's majority investor.[1]

TEOCO's professed dilemma is entirely of its own making. First, TEOCO unreasonably delayed issuing any subpoenas to Sierra for nearly two months after discovery this litigation opened. Second, TEOCO issued the subpoenas, and attempted service of those subpoenas, upon the wrong Sierra entities. Third, even after Sierra (through its counsel) helpfully clarified for TEOCO the proper Sierra entities to serve and agreed to accept service of subpoenas to the proper entities, TEOCO unreasonably refused to enter into an agreement setting objection and response deadlines, and then failed to take any timely steps to enforce the subpoenas after it apparently came to believe that Sierra would not respond in time for TEOCO to meet its expert discovery obligations in this case. Finally, the financial information sought through the Sierra

---

[1] There are a number of Sierra entities. Only three of the Sierra entities -- Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P. and Sierra Ventures VIII-B, L.P. -- would have documents potentially responsive to the subpoenas in this case. *See* Exhibit 1, Declaration of Michael J. Klisch (counsel for Sierra Ventures VII, L.P., VIII-A, L.P. and VIII-B, L.P.) (the "Klisch Declaration"), at ¶ 3, 7.

subpoena is largely duplicative of the financial information Razorsight has already produced in

this litigation (minus any analysis of that data by Sierra or other third-parties, of course), and so

TEOCO should already have the data its damages experts need to formulate their opinions.

## II.  Argument

In deciding TEOCO's Motion for Extension, this Court should bear in mind the clear,

unambiguous language of Local Rule 16(B), dealing with scheduling orders:

> The parties and their counsel are bound by the dates specified in any such orders
> and no extensions or continuances thereof shall be granted in the absence of a
> showing of good cause.  *Mere failure on the part of counsel to proceed promptly
> with the normal processes of discovery shall not constitute good cause for an
> extension or continuance*.

*See* Local Rule 16(B) (emphasis added).  TEOCO's Motion for Extension – which does not cite

this Local Rule or a single case in support of the relief sought – cannot meet this good cause

standard and should be denied.

### A.  *TEOCO Unreasonably Delayed Issuing the Sierra Subpoenas.*

This Court's original Scheduling Order issued on December 7, 2007.  As is the practice

in this Court, and as stated in the Scheduling Order, discovery in the case began upon the parties'

receipt of the Scheduling Order.  *See* December 7, 2007 Order ("Discovery may begin upon

receipt of this order.").

TEOCO's Motion for Extension represents that it first issued subpoenas to Sierra at its

principal place of business in Menlo Park, California, on or about January 25, 2008.  *See* Motion

for Extension at p. 2.  *This was almost two months after discovery opened*.  This is hardly

diligent, especially where TEOCO surely was aware of Sierra and its role as Razorsight's

majority investor even before the suit was filed and discovery opened.  For example, Sierra's

role as an investor in Razorsight was the subject of an article which appeared in *The Washington Post* on January 12, 2006. *See* Exhibit 2 (copy of 1/12/06 article from *The Washington Post*). Moreover, TEOCO and Razorsight held extensive conversations attempting to resolve this litigation between the time that the Complaint was filed and responsive pleadings were due, and a managing director of Sierra (Steve Williams) was involved in some of those discussions.

It should be noted that to this day, counsel for defendants has never seen the original subpoenas that were the subject of TEOCO's California service attempts. This is because TEOCO never served copies of those subpoenas on defendants, despite the requirement in the Federal Rules that it do so. *See* Fed. R. Civ. P. 45. In fact, it was not until defendants became aware that subpoenas had been served on another third-party (Sage Consulting) that they even knew third-party subpoenas had been issued by TEOCO and, even then, they had to contact TEOCO's counsel to request that they be provided with copies.

After it allegedly experienced difficulties with service on Sierra in California (an issue which will be discussed in greater detail below), on February 7, 2008, TEOCO issued eight new subpoenas to eight wrong Sierra entities incorporated in Delaware.[2] These new subpoenas were issued a full two months after discovery opened.[3]

It was not until February 15, 2008, that TEOCO finally served subpoenas on the correct Sierra entities, and at that point, the deadline for its opening expert report on damages was just over one month away.

---

[2]   The incorrect Sierra entities are as follows: Sierra Ventures IX, LLC; Sierra Ventures Finance Limited, L.P.; Sierra Ventures, Inc.; Sierra Ventures, Inc.; Sierra Ventures IV International, L.P.; Sierra Ventures IX, L.P.; Sierra Ventures Management Company; and Sierra Ventures Management II, LLC. *See* Exhibit 1 (Klisch Dec.) at ¶ 4.

[3]   It was only on February 11, 2008, that defendants received copies of these subpoenas, after defendants became aware that subpoenas had been issued through a call with counsel for Sage Consulting. As was the case with the original subpoenas, the February 7 subpoenas were not served on defendants as required by Rule 45. It was only after an email was sent to TEOCO's counsel demanding copies of all subpoenas that they were finally provided to defendants.

TEOCO has offered no explanation or justification for its delay in seeking discovery from Sierra.  The failure to explain this delay is particularly damning where, as here, the "prejudice" claimed by TEOCO could have been avoided if this discovery had been sought more diligently.  Had the Sierra subpoenas not issued so late in the game, TEOCO would have had ample time to identify the correct Sierra entities possessing potentially responsive information; to perfect service on those entities; to seek to enforce the subpoenas in due course if it felt that compliance was not timely, without the need for "emergency" motions to be filed in California[4], *see* Motion to Extend at p. 6; and without the need to move to alter the established discovery schedule in this Court.

### B.  TEOCO Caused Additional Delay By Serving the Wrong Entities.

According to TEOCO's moving papers, it first attempted to serve subpoenas on Sierra at its principal place of business in California from January 28 through February 4, 2008.  *See*

---

[4]  The Motion for Extension states that:  "Concurrently with this motion, TEOCO has taken steps to request that the [N.D. Cal.] decide on an emergency basis TEOCO's motion to transfer enforcement of the subpoena to this Court."  *Id.* at p. 6.  This statement, which implies that TEOCO had already filed a motion in California, is highly misleading.  In fact, TEOCO filed no papers with the California court until 10:48 a.m. on Tuesday, March 11, 2008.  Once again, this lack of urgency on TEOCO's part belies its position that there is any "emergency" and only serves to illustrate that any "emergency" is a consequence of TEOCO's delay.

Moreover, the Declaration of Julie A. Petruzzelli submitted in support of the California motion is troubling, in that it contains numerous inaccurate and/or potentially misleading statements.  For example, in her Declaration she states that:  "In late January, TEOCO prepared subpoenas, issued out of the [N.D. Cal.], to Sierra Ventures.  Although production was due on February 29, 2008, timely objections were not made, no documents have been produced and Sierra Ventures' counsel has refused to commit to when, if ever, Sierra Ventures will produce documents."  *See* Exhibit 3 (Petruzzelli Declaration) at ¶ 5.  This fails to inform the California Court that the January subpoenas were directed to the wrong Sierra entities; that they were never served; and that, as a consequence, the "production date" of February 29, 2008, was rendered meaningless -- all facts of which TEOCO's counsel was well aware before filing the Declaration.  Ms. Petruzzelli also makes the blanket assertion that this Court "has a thorough understanding of the merits of this action," see *id.* at ¶ 7; while it is true that this Court had occasion to rule on defendants' motions to dismiss early in the case, that ruling was made on the pleadings and there have been no hearings in the case which would have caused this Court to have the type of "thorough understanding" claimed in the Declaration.

Finally, it should be noted that even though defendants requested that a copy of the California motion be sent to them via e-mail dated Saturday, March 8, 2008, TEOCO has never honored this request.  Defendants did not see TEOCO's California filing until it was sent to them yesterday (March 11, 2008) by Sierra's counsel.

Motion for Extension at pp. 3-4. Putting aside for the moment whether the circumstances surrounding TEOCO's attempts at service in California amount to the "evasion" it now complains of (which they do not), the fact remains that the subpoenas that TEOCO was attempting to serve appear to have been directed to *the wrong Sierra entities.*[5] As explained in the Klisch Declaration, even if service of those subpoenas had been perfected, it would not have yielded any responsive documents or information. *See* Exhibit 1 (Klisch Declaration) at ¶ 11.

TEOCO then compounded its own errors and added to the delay by re-issuing and serving eight subpoenas, this time out of the United States District Court for the District of Delaware, once again directed to incorrect Sierra entities. At this point, Mr. Klisch, counsel for Sierra contacted TEOCO's counsel and very helpfully: (a) alerted TEOCO that it had served subpoenas directed to the wrong entities; (b) identified the three correct Sierra entities who would have the responsive documents and other information; and (c) agreed to accept service provided that TEOCO would withdraw the subpoenas directed to the wrong entities. *Id.* at ¶ 7. Thus, contrary to TEOCO's accusations, Sierra and its counsel actually helped to speed up this process.

### C. Sierra's Response to the Subpoenas Has Been Appropriate.

As the Court will discern from the Klisch Declaration, TEOCO's accusations that Sierra evaded service are overblown, at best, if not completely unfounded. TEOCO was attempting to serve the wrong entities, in the wrong place, and even if service had been perfected it would have been for naught.

---

[5] Because defendants were never served with copies of the original subpoenas, they have no way of knowing whether they were directed to the proper entities; however, because the subsequent subpoenas were directed to eight wrong Sierra entities, Razorsight's counsel is left to surmise that the original subpoenas were similarly misdirected.

Since accepting service of the subpoenas on the right entities, Sierra's counsel has attempted to comply with the subpoenas while appropriately protecting his client's interests. *See* Klisch Declaration at ¶¶ 7-17. In the opinion of Sierra's counsel, the subpoenas' document requests are objectionable. *Id.* at ¶ 16. Mr. Klisch's Declaration makes clear that Sierra's counsel made every effort to work with TEOCO's counsel to reach an agreement on reasonable deadlines for objections and responses, and that most if not all of the problems occurred because of demands being made in return by TEOCO. *See id.* at ¶¶ 10, 12 – 15.

Moreover, as a purely practical matter, the Motion for Extension is set for hearing on March 14, 2008 -- only thirty days after TEOCO finally got its act together (with the help of Sierra's counsel) and served subpoenas directed to the right Sierra entities and Sierra's counsel agreed to accept service. Sierra served its objections to the subpoenas on March 10, 2008.[6] See Klisch Declaration at ¶ 16. Moreover, Sierra has indicated that it intends to respond to the subpoenas on March 15, 2008. *See id.* at ¶ 17. Given the wide-ranging document requests attached to the subpoena, this response time is hardly unreasonable under the circumstances.

In a nutshell, and as reflected in the email communications attached to the Klisch Declaration, Sierra sought to obtain TEOCO's agreement that it could serve objections to the subpoena on March 7, 2008, and serve written responses on March 14, 2008. TEOCO refused to agree to this schedule, apparently on the basis that TEOCO's counsel feels that it is "incomprehensible" that a party responding to a subpoena would provide "written responses" in addition to objections. *See* Motion to Extend at p. 5. While it is difficult to understand what is so "incomprehensible" about this fairly standard practice, it is interesting to note that it appears

---

[6]    In its Motion to Extend, TEOCO makes the blanket statement that no objections were served to the Sierra subpoenas. *See id.* at p. 6. This is not accurate. While Sierra did not serve objections until March 10, 2008, Razorsight served its own objections to the subpoenas on February 27, 2008. TEOCO has made no attempt to meet and confer with Razorsight regarding these objections.

that TEOCO voiced no real complaint about the proposed response date of March 14 (assuming that responsive documents are produced on that date), and never complained to Sierra that receiving responsive information on that date would make it impossible to serve a "complete damages expert report" by the Court's deadline of March 18, 2008.

Reading between the lines, and given all of the above, it is hardly a stretch to conclude that TEOCO is unprepared to complete its damages expert report by the March 18, 2008 deadline *regardless of the status of Sierra's response to the subpoenas*, and is attempting to use the Sierra subpoenas as a pretext for an extension. If the suggested March 14 response to the Sierra subpoenas was such a problem, why then did TEOCO not immediately move to enforce the subpoena in the Northern District of California before seeking relief from the scheduling order in this Court?[7]

### D. TEOCO Already Has Much of the Information Sought From Sierra.

The information at the heart of TEOCO's Motion for Extension is financial information. More specifically, it is primarily financial information provided to Sierra by Razorsight when Razorsight was attempting to get financing from Sierra. TEOCO fails to inform the Court (or has failed to realize itself) that most, if not all, of this financial information was already produced to TEOCO by Razorsight in response to TEOCO's First Request for Production.[8] For example, in late January and early February, Razorsight produced to TEOCO approximately 2468 financial documents, consisting of 55,439 pages/images and including 861 Excel files. These

---

[7] In its Motion for Extension, TEOCO mentions that it has filed an emergency motion in the N.D. Cal. To have enforcement of the Sierra subpoenas moved to this Court. Despite a request for a copy of the "emergency motion" made by email dated March 8, 2008, TEOCO has refused to provide a copy to counsel for defendants or even counsel for Sierra.

[8] TEOCO served a subsequent Request for Production that called for Razorsight to separately produce the information that it gave to Sierra as part of the financing process. Although this request has yet to be responded to, it is believed that most of that financial information already has been produced by Razorsight in this case.

documents represented:

- Cost and revenue documents;

- Profit and Loss statements from inception to present;

- Contracts and purchase orders;

- Accounting monthly close spreadsheets from 2005 to the present; and

- Information detailing profits by product since 2004.

Thus, TEOCO can hardly claim prejudice as a consequence of not getting the same financial information from Sierra – and certainly not the level of prejudice that would justify modifying a Scheduling Order in this Court.

Moreover, to the extent that TEOCO complains that it has suffered prejudice because it has not received third-party valuations of Razorsight (either by Sierra or other third-parties) in response to the Sierra subpoenas, it has failed to explain how those third-party valuations are critical or even relevant to its expert's task in formulating a damages calculation in this case. TEOCO has in its possession raw financial data of the same sort that was given to those third-parties, and its experts are more than capable of performing their own analysis and evaluation of that financial data for the purposes of a damages calculation in this case. Absent a more compelling explanation from TEOCO about how, exactly, its experts cannot complete their opening report without the subpoenaed information, TEOCO has failed to articulate the good cause required by Local Rule 16(B).

### III.  CONCLUSION

This Court's Local Rules require a party seeking a modification of a scheduling order to demonstrate good cause, *see* Local Rule 16(B), and TEOCO has failed to carry its burden.

Accordingly, TEOCO's Motion for Extension should be denied.

Respectfully submitted,

RAZORSIGHT CORPORATION


By: _____/s/_____
Dana J. Finberg (VSB No. 34977)
David J. Sensenig (VSB No. 41102)
Nicole B. Hardin (VSB No. 74963)
LECLAIRRYAN
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 783-2003
Facsimile:  (804) 783-2294
nicole.hardin@leclairryan.com
dana.finberg@leclairryan.com
david.sensenig@leclairryan.com

*Counsel for Defendant, Counterclaim
Plaintiff and Third-Party Plaintiff
Razorsight Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Michael W. Robinson
William D. Dolan, III
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia  22182
(703) 760-1600 – Phone
(703) 821-8949 – Facsimile
mwrobinson@venable.com
wddolan@venable.com

*Counsel for Plaintiff and Counterclaim
Defendant TEOCO Corporation and
Third Party Defendant Atul Jain*

Julie A. Petruzzelli
Venable LLP
575 7th Street, NW
Washington, D.C.  20004-1601
(202) 344-4010 – Phone
(202) 344-8300 – Facsimile
japetruzzelli@venable.com

Kathleen J.L. Holmes
Williams Mullen
8270 Greensboro Drive, Suite 700
McLean, Virginia  22102
(703) 760-5200 – Phone
(703) 748-0244 – Facsimile
kholmes@williamsmullen.com

*Counsel for Defendants Sundeep Sanghavi
and Shital Sanghavi*

Edward M. Eakin, III
Williams Mullen
P. O. Box 1320
Richmond, Virginia  23218-1320
(804) 783-6428 – Phone
(804) 783-6507 – Facsimile
eeakin@williamsmullen.com

                 /s/
Dana J. Finberg (VSB No. 34977)
LECLAIRRYAN
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 783-2003
Facsimile:  (804) 783-2294
dana.finberg@leclairryan.com

*Counsel for Defendant, Counterclaim
Plaintiff and Third-Party Plaintiff
Razorsight Corporation*

## Finberg, Dana J.

| | |
|---|---|
| **From:** | Finberg, Dana J. |
| **Sent:** | Friday, February 08, 2008 4:31 PM |
| **To:** | 'Petruzzelli, Julie A.'; 'Robinson, Michael Wayne' |
| **Cc:** | 'Holmes, Kathleen'; Sensenig, David J. |
| **Subject:** | TEOCO v. Razorsight |
| **Importance:** | High |

Dear Julie & Michael:

It has come to our attention that you have served third party subpoenas in connection with this case. We have not been served with copies of the subpoenas, as required by Fed. R. Civ. P. 45(b)(1). Please immediately provide us with copies of all the subpoenas that have been issued.

Regards,

Dana

**Dana J. Finberg**
**Attorney at Law**
LeCLAIRRYAN
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 916-7109 Direct
(804) 916-7219 Fax
(804) 714-7542 Mobile
Dana.Finberg@leclairryan.com
http://www.leclairryan.com



## Finberg, Dana J.

| | |
|---|---|
| **From:** | Yale, Colleen A. [cayale@venable.com] |
| **Sent:** | Monday, February 11, 2008 3:22 PM |
| **To:** | kholmes@williamsmullen.com; Finberg, Dana J. |
| **Cc:** | Warner, David R.; Robinson, Michael Wayne; Petruzzelli, Julie A.; Kent, Meaghan H. |
| **Subject:** | Teoco v. Razorsight - Case No. 1:07cv887 CMH/BRP |
| **Attachments:** | Teoco Subpoenas on Sierra.pdf; Teoco Subpoena on Sage.pdf |

Attached please find copies of the Subpoenas. Please feel free to contact our office with any questions.

Colleen Yale

*COLLEEN YALE*
*Legal Administrative Assistant*
*to*
*David R. Warner, Esq.*
*Jessica L. Sartorius, Esq.*
*Adrianna K. Marks, Esq.*
*Venable LLP*
*8010 Towers Crescent Drive, Suite 300*
*Vienna, VA 22182*
*(703) 760-1633 Direct Dial*
*CAYale@Venable.com*

************************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed un
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide th
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirement
form and substance.
************************************************************************
************************************************************************
This electronic mail transmission may contain confidential or privileged information
you believe you have received this message in error, please notify the sender by rep
transmission and delete the message without copying or disclosing it.
************************************************************************



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TEOCO Corporation,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      )
Razorsight Corporation, Sundeep       )
Sanghavi and Shital Sanghavi,         )
                                      )            Case No.: 1:07cv887 CMH/BRP
            Defendants.               )
------------------------------------- )
Razorsight Corporation,               )
                                      )
            Counterclaimant,          )
                                      )
      v.                              )
                                      )
TEOCO Corporation and                 )
Atul Jain,                            )
                                      )
            Counterclaim Defendants.  )
_____

RAZORSIGHT CORPORATION'S OBJECTIONS TO THE
SUBPOENAS SERVED ON SIERRA VENTURES VII, LP, SIERRA
VENTURES VIII-A, LP AND SIERRA VENTURES VIII-B, LP

COMES NOW Defendant, Counterclaim Plaintiff and Third Party Plaintiff

Razorsight Corporation ("Razorsight"), by counsel, pursuant to the Federal Rules of

Civil Procedure and this Court's Local Rules, and submits the following objections to

Plaintiff and Counterclaim Defendant, TEOCO Corporation's ("TEOCO") Subpoenas

served on Sierra Ventures VII, LP, Sierra Ventures VIII-A, LP, and Sierra Ventures

VIII-B, LP.



## REQUESTS AND OBJECTIONS

1.     All documents relating to Sierra Ventures' ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION**:  Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

2.     All documents relating to Sundeep Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION**:  Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

3.     All documents relating to Shital Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION**:  Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

4.     All documents relating to any funding of Razorsight by Sierra Ventures.

**OBJECTION**:  Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

5.    All documents relating to or evidencing any communications between Sierra Ventures and Sundeep Sanghavi.

**OBJECTION**:    Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

6.    All documents relating to or evidencing any communications between Sierra Ventures and Shital Sanghavi.

**OBJECTION**:    Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

7.    All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Sundeep Sanghavi.

**OBJECTION**:    Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

8.    All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Shital Sanghavi.

**OBJECTION**: Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

9.    All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding the Litigation or the claims asserted therein.

**OBJECTION**: Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

10.    All documents relating to the Litigation or the claims asserted therein.

**OBJECTION**: Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

11.    All documents mentioning, referring to, regarding, or discussing TEOCO.

**OBJECTION**: Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.

12.    All documents mentioning, referring to, regarding, or discussing Sage Management.

4076477                                    4

OBJECTION:  Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.


13.    All documents evidencing the corporate structure and relationship of Sierra Ventures and its parents, predecessors, successors, subsidiaries, affiliates, divisions or operations.

OBJECTION:  Razorsight objects to this request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, joint defense agreement, or any other privilege, immunity or protection afforded by law.


Respectfully submitted,

RAZORSIGHT CORPORATION

By: _____

Nicole B. Hardin (VSB No. 74963)
Dana J. Finberg (VSB No. 34977)
David J. Sensenig (VSB No. 41102)
LECLAIRRYAN
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 783-2003
Facsimile:  (804) 783-2294
nicole.hardin@leclairryan.com
dana.finberg@leclairryan.com
david.sensenig@leclairryan.com

*Counsel for Defendant, Counterclaim Plaintiff and Third-Party Plaintiff Razorsight Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February 2008, I served the foregoing via email and First Class mail to the following:

Michael W. Robinson
William D. Dolan, III
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1600 – Phone
(703) 821-8949 – Facsimile
mwrobinson@venable.com
wddolan@venable.com

*Counsel for Plaintiff and Counterclaim
Defendant TEOCO Corporation and
Third Party Defendant Atul Jain*

Kathleen J.L. Holmes
Williams Mullen
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200 – Phone
(703) 748-0244 – Facsimile
kholmes@williamsmullen.com

*Counsel for Defendants Sundeep Sanghavi
and Shital Sanghavi*

Michael J. Klisch
Cooley Godward Kronish, LLP
777 6th Street N.W., Suite 1100
Washington, D.C. 20001
(202) 842-7870 – Phone
(202) 842-7899– Facsimile
mklisch@cooley.com

*Counsel for Sierra Ventures VII, LP
Sierra Ventures VIII-A, LP
Sierra Ventures VIII-B, LP*

Julie A. Petruzzelli
Venable LLP
575 7th Street, NW
Washington, D.C. 20004-1601
(202) 344-4010 – Phone
(202) 344-8300 – Facsimile
japetruzzelli@venable.com

Edward M. Eakin, III
Williams Mullen
P. O. Box 1320
Richmond, Virginia 23218-1320
(804) 783-6428 – Phone
(804) 783-6507 – Facsimile
eeakin@williamsmullen.com

**Finberg, Dana J.**

| | |
|---|---|
| **From:** | Finberg, Dana J. |
| **Sent:** | Saturday, March 08, 2008 10:11 AM |
| **To:** | 'Klisch, Mike'; JAPetruzzelli@Venable.com |
| **Cc:** | kholmes@williamsmullen.com; DMFarnum@Venable.com; MHKent@Venable.com; 'Robinson, Michael Wayne'; Sensenig, David J.; Hardin, Nicole B.; Craddock, Jr. John H. |
| **Subject:** | RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas |

Julie:

The "California motion" does not appear to be among the many things you served on us at
COB (and after) yesterday.  Please be so kind as to forward a copy at your earliest
convenience.

Dana


Dana J. Finberg
Attorney at Law
LeClairRyan
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 916-7109 Direct
(804) 916-7219 Fax
(804) 714-7542 Mobile
Dana.Finberg@leclairryan.com
http://www.leclairryan.com


-----Original Message-----
From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Friday, March 07, 2008 8:28 PM
To: JAPetruzzelli@Venable.com
Cc: Finberg, Dana J.; kholmes@williamsmullen.com; DMFarnum@Venable.com; MHKent@Venable.com
Subject: Re: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Julie:

Did you file a motion in California?  If so, could you please send me a copy.

Thanks, Mike


----- Original Message -----
From: Petruzzelli, Julie A. <JAPetruzzelli@Venable.com>
To: Klisch, Mike
Cc: Dana.Finberg@leclairryan.com <Dana.Finberg@leclairryan.com>;
kholmes@williamsmullen.com <kholmes@williamsmullen.com>; Farnum, David M.
<DMFarnum@Venable.com>; Kent, Meaghan H. <MHKent@Venable.com>
Sent: Thu Mar 06 20:17:51 2008
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Mike,

I have sent you numerous emails and repeatedly tried to reach you by
phone.

We will agree to an extension until Friday, March 14th, for you to produce documents
responsive to the subpoenas with the understanding that any disputes regarding the
responses will be subject to the jurisdiction of the EDVA.

Julie