IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEOCO CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>RAZORSIGHT CORPORATION, SUNDEEP SANGHAVI, and SHITAL SHANGHAVI<br><br>    Defendants,<br>_____/<br>RAZORSIGHT CORPORATION,<br><br>    Counter-claimant,<br><br>    v.<br><br>TEOCO CORPORATION, and ATUL JAIN,<br><br>    Counter-defendants<br>_____/ | No. C 08-80032-MISC JSW<br><br>(Pending Action in USDC Eastern District of Virginia No. 1:07cv887 CMH/BRP)<br><br><br>**ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF** |

    On March 11, 2008, Teoco Corporation ("Teoco") filed an administrative motion to transfer jurisdiction over all disputes relating to third-party subpoenas issued out of this district to the United States District Court for the Eastern District of Virginia , where the underlying action is pending. On March 14, 2008, Sierra Ventures VII, LP, Sierra Ventures VIII LP-A, and Sierra Ventures VIII LP-B (collectively "Sierra Ventures"), opposed the motion. The matter is now ripe for disposition.

    Teoco asserts in its motion that Sierra Ventures has not responded to subpoenas Teoco issued on or about February 15, 2008. In light of certain deadlines that are looming in the underlying action, Teoco asks the Court to transfer jurisdiction to the Eastern District of

1  Virginia. Sierra Ventures counters that, at this juncture, there is no dispute to be transferred.

2  However, it is not clear that Sierra Ventures actually produced any documents in response to the

3  subpoenas. Notwithstanding that fact, at present there is no motion to compel before this Court.

Under Fed.R.Civ.P. 45,

> [i]f separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made. Fed. R. Civ. P. 45(a)(2). Normally, disputes over discovery from a non-party are decided by the court which issued the subpoena, *unless the non-party consents that the matter be resolved by a court in another district.* See Fed. R. Civ. P. 45(c)(2)(B) ("If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued."); *see also In Re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998) (district courts have no inherent authority to transfer non-party discovery disputes under Fed. R. Civ. P. 45); *Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) (stating that transfers are "not possible when the issue involves a non-party who has not expressly or implicitly consented to such a transfer").

*In re Welding Rod Products Liability Litigation*, 406 F. Supp. 2d 1064, 1065-66 (N.D. Cal. 2005) (granting motion to transfer but noting that decision rested on "the particular circumstances" presented by the fact that case involved an MDL proceeding) (emphasis added).

In this case, Sierra Ventures does not consent to the transfer of jurisdiction. Moreover, it is unclear to the Court that there is a pending dispute. Accordingly, Teoco's Administrative Motion to Transfer Jurisdiction is DENIED. In the event a dispute does arise, and Teoco files a motion to compel, the parties are advised that this matter shall be referred to a randomly assigned Magistrate Judge for resolution of any such dispute.

**IT IS SO ORDERED.**

Dated: March 17, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2