TIMOTHY J. GORRY (SBN 143797)
CHRISTOPHER T. WILLIAMS (SBN 171907)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067

Telephone: (310) 229-9900
Facsimile: (310) 229-9901
E-mail: tjgorry@venable.com
        ctwilliams@venable.com

Attorneys for Plaintiff and Counter-defendant
TEOCO Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEOCO CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RAZORSIGHT CORPORATION, SUNDEEP SANGHAVI, and SHITAL SANGHAVI,<br><br>　　　　　　Defendants.<br><br>RAZORSIGHT CORPORATION,<br><br>　　　　　　Counter-claimant,<br><br>　vs.<br><br>TEOCO CORPORATION, and ATUL JAIN,<br><br>　　　　　　Counter-defendants. | Case No. CV 08 80032 MISC JSW<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF TEOCO CORPORATION TO COMPEL SIERRA VENTURES TO PRODUCE DOCUMENTS AND A PRIVILEGE LOG IN RESPONSE TO SUBPOENA DUCES TECUM**<br><br>(Pending Action in USDC Eastern District of Virginia Case No. 1:07CV887 CMH/BRP)<br><br>[Supporting Declaration of Damon W.D. Wright and [Proposed] Order Filed Concurrently Herewith] |

TO SIERRA VENTURES VII LP, SIERRA VENTURES VIII LP-A, SIERRA VENTURES VIII LP-B, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Northern District of California Civil Local Rule 37-1, TEOCO Corporation ("TEOCO"), plaintiff and counter-defendant in the matter <u>TEOCO Corp. v. Razorsight Corp., et al.</u>, (Case No. 1:07CV887 CMH/BRP), which is currently pending in the U.S. District Court for the Eastern District of Virginia, Alexandria Division (the "E.D.Va. case"), hereby moves for an Order compelling SIERRA VENTURES VII LP, SIERRA VENTURES VIII LP-A, and SIERRA VENTURES VIII LP-B (collectively "Sierra Ventures") to each produce documents and a privilege log in response to the Subpoena Duces Tecum (the "Subpoenas") served upon each Sierra Ventures entity on February 15, 2008.

Pursuant to Local Rule 37.1(a), counsel for TEOCO previously conferred with counsel for Sierra Ventures to the purpose of attempting to resolve the disputed issues, but was unsuccessful in resolving the discovery issues that are the subject of this Motion. (<u>See</u> Declaration of Damon W.D. Wright ("Wright Decl.") filed concurrently herewith, at ¶¶ 12-15.) In sum, TEOCO needs Sierra Ventures to produce responsive documents that are highly relevant to TEOCO's claims and damages analysis in the E.D.Va. case. The Subpoenas called for production by February 29, 2008. With letters dated March 10 and March 14, 2008, Sierra Ventures served untimely objections to the Subpoenas but represented that it would be producing documents in the future. Now, Sierra Ventures has refused to produce any documents or a privilege log.

This motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Wright Decl., and such other argument and evidence as may be presented at or before the hearing or decision of this matter.

Dated: April 1, 2008

TIMOTHY J. GORRY
CHRISTOPHER T. WILLIAMS
VENABLE LLP

By: /s/ Christopher T. Williams
Christopher T. Williams,
Attorneys for Plaintiff and Counter-defendant
TEOCO Corporation

i

Case No. CV 08 80032 MISC JSW
LA: 207435/42749-250128

MOTION TO COMPEL SIERRA VENTURES
TO PRODUCE DOCUMENTS

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND ...............................................................................................1

III. SIERRA VENTURES SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST NOS. 4-11 ...........................................................................2

    A.  The Subpoenas To Sierra Ventures ................................................................................2

    B.  Sierra Ventures' Approach To The Subpoenas..............................................................3

    C.  The Specific Requests, Objections and Responses At Issue .........................................5

    D.  Sierra Ventures' Refusal To Produce Documents .........................................................7

III. CONCLUSION....................................................................................................................10

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

ii

# TABLE OF AUTHORITIES

**CASES**

*Ceramic Corp. of America v. Inka Maritime Corp.*,
    163 F.R.D. 584 (C.D. Cal. 2002) ......................................................................................4

*McCoy v. Southwest Airlines Co.*,
    211 F.R.D. 381 (C.D. Cal. 2002) ......................................................................................4

**STATUTES**

Fed R. Civ. P. 45(c)(2)(B) ......................................................................................................3

Fed. R. Civ. P. 45(a)(2)(C) .....................................................................................................3

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

iii

Case No. CV 08 80032 MISC JSW           MOTION TO COMPEL SIERRA VENTURES
LA: 207435/42749-250128                  TO PRODUCE DOCUMENTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This motion concerns Subpoenas served to obtain documents in the matter <u>TEOCO Corp. v. Razorsight Corp., et al.</u>, (Case No. 1:07cv887 CMH/BRP), pending in the U.S. District Court for the Eastern District of Virginia, Alexandria Division ("the E.D.Va. case"). (True and correct copies of the underlying Subpoenas are collectively attached as Exhibit "A" to the Wright Decl.) The issue is simple. TEOCO needs the third-party discovery for its upcoming trial in the E.D.Va. case. Sierra Ventures served untimely objections to the Subpoenas. Sierra Ventures then said it would produce documents in response to some of the requests. Sierra Ventures, however, has refused to produce any documents whatsoever. A month and a half has passed since the Subpoenas were served, and not a single document has been produced by Sierra Ventures. TEOCO requests that Sierra Ventures be compelled to produce all non-privileged documents responsive to Requests Nos. 4 – 11 of the Subpoenas and to produce a log for any documents withheld on privilege grounds.

## II. FACTUAL BACKGROUND.

The E.D.Va. case concerns a business conspiracy between two former TEOCO employees – Mr. Sundeep Sanghavi and Mrs. Shital Sanghavi – and Razorsight to injure TEOCO. Sundeep Sanghavi founded Razorsight. His wife, Shital Sanghavi, later went to work for Razorsight. During and after the Sanghavis' employment with TEOCO, the Sanghavis and Razorsight have accessed, misappropriated and unjustly profited from TEOCO's proprietary intellectual property. In discovery, the Sanghavis have conceded that Razorsight made use of TEOCO's intellectual property in developing Razorsight software and serving Razorsight clients. TEOCO believes the evidence will show that Razorsight's business, products and services have been founded on TEOCO's proprietary intellectual property.

TEOCO is suing Razorsight and the Sanghavis for injunctive relief, copyright infringement, violation of the Federal Computer Fraud and Abuse Act, misappropriation of trade secrets, breach of contract, breach of the duty of loyalty, and civil conspiracy. In large part, TEOCO's damages analysis focuses on the value of Razorsight and its products and services that have been developed using TEOCO's proprietary intellectual property. The pretrial conference is set for April 17, 2008, with trial

1

to begin four to eight weeks later. A true and correct copy of the underlying Third Amended Complaint is attached as Exhibit "B" to the Wright Decl.

Sierra Ventures is a venture capital group and Razorsight's majority shareholder. In 2005, Sierra Ventures made a $10 million investment in Razorsight, a privately-held company. Two of Sierra Ventures' partners, Steve Williams and Vispi Daver, serve on Razorsight's five-member Board and work together with Sundeep Sanghavi who serves as Chairman. (A true and correct copy of the Razorsight webpage, www.razorsight.com/about/board_of_directors, identifying its Board is attached as Exhibit "C" to the Wright Decl.) On information and belief, Sierra Ventures has invested additional monies in Razorsight since 2005, has conducted due diligence valuations in connection with this funding, and has closely monitored the value of its investment up to the present. Indeed, Razorsight has recently asked for permission to share TEOCO's Confidential Settlement Memorandum (circulated between the parties and U.S. Magistrate Judge John Anderson) with Sierra Ventures in connection with a Court-mediated settlement conference scheduled for Wednesday, April 2, 2008.

### III. SIERRA VENTURES SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST NOS. 4 - 11.

#### A. The Subpoenas To Sierra Ventures.

As a venture capital group and Razorsight's majority shareholder, Sierra Ventures is believed to have due diligence documents associated with its funding that address Razorsight's past, present and future value, including strategic plans, anticipated revenue forecasts, and market projections and analyses. (See Wright Decl. at ¶ 5) These include valuations performed by third-parties as well as valuations performed by Sierra Ventures itself. *(Id.)* TEOCO's Subpoenas sought such funding documents. (See Request No. 4 at Exh. A to Wright Decl.) This information is crucial to TEOCO's damages analysis, including the valuation of the trade secrets at the time of misappropriation, a reasonable royalty analysis, lost profits analysis and head start advantage analysis. TEOCO and the trier of fact need this information to understand the value of Razorsight, its products and its services.

TEOCO also believes that Sierra Ventures has records bearing on liability issues, admissions by Razorsight and the Sanghavis, and relevant communications with Razorsight and the Sanghavis.

2

(See Wright Decl., at ¶ 5) The essence of TEOCO's lawsuit is that Razorsight (Sierra Ventures' investment) was created and has grown through the misappropriation of TEOCO's proprietary intellectual property. See Exh. B. to Wright Decl.) As Razorsight's majority shareholder, Sierra Ventures has a substantial interest in these issues and in the outcome of this case. On information and belief, Sierra Ventures has conducted its own investigation into the facts of this case and has been in close communication with Razorsight about these facts. (See Wright Decl., ¶ 5) TEOCO's Subpoenas sought Sierra Venture records that include communications with and/or about Mr. and Mrs. Sanghavi that relate to TEOCO and the facts in this case. (See Request Nos. 5 – 11 at Exh. A to Wright Decl.)

### B. Sierra Ventures' Approach To The Subpoenas.

Sierra Ventures is within the Northern District of California, and the attorney-issued Subpoenas were issued from this Court. See Fed.R.Civ.P. 45(a)(2)(C) (subpoena commanding document production shall issue "from the court for the district in which the production or inspection is to be made"). On February 15, 2008, counsel for Sierra Ventures accepted service of the Subpoenas. (See Wright Decl., at ¶ 6) Thereafter, Sierra Ventures' counsel requested and was sent a copy of the Agreed Protective Order entered in the E.D.Va. case which affords protection to commercially sensitive documents produced in discovery. The Subpoenas called for production by February 29.

Sierra Ventures' objections were also due by February 29. See Fed.R.Civ.P. 45(c)(2)(B) ("objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served"). Sierra Ventures' counsel was aware of the February 29 deadline. After the February 29 deadline passed, TEOCO's counsel repeatedly asked Sierra Ventures' counsel what documents would be produced and when they would be produced. (See Wright Decl., at ¶ 7) Sierra Ventures would not answer. *(Id.)* As a result, on March 7, TEOCO was required to move in the E.D.Va. case for an extension of the deadline for disclosure of its damages expert reports. *(Id.)* After initially opposing TEOCO's motion, Razorsight and the Sanghavis then consented, U.S. Magistrate Judge Barry R. Poretz found good cause for the extension, and the expert disclosure deadline was

3

extended. *(Id.)*

Without explaining why it was unable to produce documents or serve objections by February 29, Sierra Ventures waited until March 10 to serve objections. By letter dated March 10, 2008, Sierra Ventures asserted three "General Objections." (A true and correct copy of the March 10 letter is attached as Exhibit "D" to the Wright Decl.) The letter stated:

> 1. Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or doctrine.
> 2. Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of confidential and/or proprietary business information or documents.
> 3. Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure and the applicable local rules.

With General Objection No. 1, TEOCO has agreed that Sierra Ventures need not produce privileged documents. (Wright Decl., at ¶ 8) With General Objection No. 2, TEOCO has agreed that Sierra Ventures can designate such documents as "Highly Confidential" under the Agreed Protective Order. *(Id.)* With General Objection No. 3, Sierra Ventures' position is unclear. In response to each of Request Nos. 1 – 13, Sierra Ventures' March 10 letter then repeated the same boilerplate "specific" objection:

> Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

Because Sierra Ventures' objections were due on February 29, its March 10 objections are untimely and are waived. See McCoy v. Southwest Airlines Co., 211 F.R.D. 381, 385 (C.D. Cal. 2002); Ceramic Corp. of America v. Inka Maritime Corp., 163 F.R.D. 584, 587 (C.D. Cal. 1995).

On the morning of March 11, TEOCO moved this Court to transfer enforcement of the Subpoenas to the U.S. District Court for the Eastern District of Virginia. (Wright Decl. at ¶ 9) TEOCO explained: that Sierra Ventures' non-compliance with the Subpoenas is disrupting the schedule in the E.D.Va. case; that Sierra Ventures' counsel was located in Washington, D.C. near the E.D.Va. Court and is a member of the Bar of that Court; and that the E.D.Va. Court was thoroughly

4

familiar with the issues in the case. *(Id.)* In its Opposition, Sierra Ventures argued <u>inter alia</u>: that the motion to transfer was premature because it would be producing documents; that authority to transfer enforcement of Subpoenas was narrow; and transfer was only appropriate where there was consent. *(Id.)*

By letter dated March 14, 2008, Sierra Ventures served its "written responses" to the Subpoenas and represented that it would be producing non-privileged responsive documents to most of the requests set forth in the Subpoenas. (A true and correct copy of the March 14 letter is attached as Exhibit "E" to the Wright Decl.) By Order dated March 17, 2008, U.S. District Judge Jeffrey S. White denied TEOCO's motion, finding that the dispute appeared premature and holding that authority to transfer is narrow. (Wright Decl., at ¶ 10) The Court also explained: "In the event a dispute does arise, and Teoco files a motion to compel, the parties are advised that this matter shall be randomly referred to a randomly assigned Magistrate Judge for resolution of any such dispute." *(Id.)* Such a dispute now exists.

### C.  The Specific Requests, Objections And Responses At Issue.

TEOCO has narrowed the specific requests for which it seeks to compel production in an effort to narrow the issues before this Court. As noted above, these requests concern critical damages issues concerning due diligence valuations of Razorsight associated with the Sierra Ventures funding, as well as admissions by and communications with or about the Sanghavis. In compliance with Local Rule 37-2 ("Forms of Motions to Compel") and based upon Sierra Ventures' March 10 letter (Exhibit D) and March 14 letter (Exhibit E), TEOCO submits this statement of the particular requests, objections and responses at issue:

**Request No. 4:** All Documents relating to any funding of Razorsight by Sierra Ventures.
**March 10 Objection:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.
**March 14 Response:** Sierra Ventures stands on its objections.

**Request No. 5:** All documents relating to or evidencing any communications between Sierra Ventures and Sundeep Sanghavi.

5

**March 10 Objection:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**March 14 Response:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**Request No. 6:** All documents relating to or evidencing any communications between Sierra Ventures and Shital Sanghavi.

**March 10 Objection:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**March 14 Response:** Subject to its objections, Sierra Ventures will product non-privileged documents, if any, that relate directly to the claims in the Action.

**Request No. 7:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Sundeep Sanghavi.

**March 10 Objection:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**March 14 Response:** Subject to its objections, Sierra Ventures will product non-privileged documents, if any, that relate directly to the claims in the Action.

**Request No. 8:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Shital Sanghavi.

**March 10 Objection:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**March 14 Response:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**Request No. 9:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding the Litigation or the claims asserted therein.

**March 10 Objection:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of

> confidential and/or proprietary business information.
> **March 14 Response:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.
>
> **Request No. 10:** All documents relating to the Litigation or the claims asserted therein.
> **March 10 Objection:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.
> **March 14 Response:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.
>
> **Request No. 11:** All documents mentioning, referring to, regarding, or discussing TEOCO.
> **March 10 Objection:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.
> **March 14 Response:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action

(See Exhibits D and E to the Wright Decl.). While some of the Requests may appear broad on their face, they are not in light of the crux of the lawsuit – that Razorsight was created and has grown through Razorsight's and Sanghavis' use and misappropriation of TEOCO's proprietary intellectual property. (See Third Amended Complaint attached as Exhibit C to the Wright Decl.) Further, while Sierra Ventures agreed to produce documents responsive to Requests Nos. 5 – 11 that "relate directly to the claims in this Action," any documents that address communications with or about Razorsight and the Sanghavis regarding TEOCO <u>are</u> documents that "relate directly to the claims in this Action."

**D.    Sierra Ventures' Refusal To Produce Documents.**

Sierra Ventures refuses to produce any documents even though it previously represented to this Court (in opposing the motion to transfer) and to TEOCO's counsel (in correspondence) that it would produce documents. Notwithstanding the objections served on March 10, Sierra Ventures then stated that it would produce responsive documents. The introduction to Sierra Ventures' March 10 letter stated:

> Despite the objections that follow, ***Sierra intends to produce documents*** – and I look

7

Case No. CV 08 80032 MISC JSW                    MOTION TO COMPEL SIERRA VENTURES
LA: 207435/42749-250128                          TO PRODUCE DOCUMENTS

forward to resolving any issues concerning Sierra's objections and responses.

(See Exhibit D to Wright Decl.(emphasis added.))  Sierra Ventures also confirmed this by letter dated March 14, 2008, which set forth written responses to the Subpoenas.  With this letter, Sierra Ventures stood on its untimely objections, but did agree to produce non-privileged documents in response to Request Nos. 5, 6, 7, 8, 9, 10 and 11 – requests focused on admissions by and communications about Mr. and Mrs. Sanghavi.  In response to each of these requests, Sierra Ventures stated:

> Subject to its objections, ***Sierra Ventures will produce non-privileged documents***, if any, that relate directly to the claims in this Action.

(See Exhibit E to Wright Decl. (emphasis added.))  Sierra Ventures has now refused to produce even these documents.  Over a month has passed since production was due, and yet Sierra Ventures has still produced no documents in response to the Subpoenas.  (Wright Decl., at ¶ 11)

After this Court's March 17 Order, on March 18, counsel participated in an hour long conference call.  (Id. at ¶ 12)  Counsel discussed production of the valuation documents responsive to Request No. 4 (where Sierra Ventures stood on its objection), as well as documents responsive to Request Nos. 5 – 11 concerning admissions by and communications about Razorsight and the Sanghavis (where Sierra Ventures agreed to produce non-privileged documents).  (Id. at ¶13)  Sierra Ventures' counsel represented that he was still identifying what documents his client has in response to Request Nos. 5 - 11, but that he had received a CD containing thousands of pages of Sierra Ventures' documents, that the documents largely concerned Sierra Ventures' funding and due diligence with Razorsight, and that an associate had reviewed the documents for the better part of a day.   (Wright Decl., at ¶ 12)

Sierra Ventures' counsel proposed an offer to resolve the Subpoena issues.  (Id. at ¶ 13)  TEOCO's counsel asked that it be sent over in writing.  *(Id.)*  Two days later, Sierra Ventures offered to produce valuation documents associated with Sierra Ventures' funding in Razorsight (responsive to Request No. 4) if TEOCO would agree to certain conditions.  *(Id.)*  Specifically, in a March 20, 2008 e-mail, Sierra Ventures' counsel stated:

8

Case No. CV 08 80032 MISC JSW                                   MOTION TO COMPEL SIERRA VENTURES
LA: 207435/42749-250128                                          TO PRODUCE DOCUMENTS

> Sierra will agree to produce valuations that pre-date the filing of the complaint under the "Highly Confidential" designation by 3/26/08 if:
> (1) TEOCO does not challenge the "Highly Confidential" designations;
> (2) TEOCO agrees that producing the valuations is in full satisfaction of the subpoenas to the Sierra entities;
> (3) TEOCO dismisses the California action with prejudice; and
> (4) TEOCO pays Sierra the fees and costs incurred in litigating the motion to transfer ($15,000), which Sierra contends was premature, unnecessary, unwarranted and frivolous.

(See Exh. D to Wright Decl.)  By e-mail that afternoon, TEOCO's counsel explained that TEOCO would not pay Sierra Ventures $15,000 for the valuation documents.  (Wright Decl., at ¶ 13) TEOCO's counsel also pointed out that: (i) "timely production would have avoided [attorney's] fees"; (ii) "Judge White did not order any payment of costs and fees"; and (iii) "Sierra's objections to the subpoena were due February 29, and the objections you served on March 10 are waived." *(Id.)*

The following day, March 21, TEOCO's counsel asked Sierra Ventures when it would be producing the documents, concerning admissions by and communications about Razorsight and the Sanghavis (responsive to Request Nos. 5 – 11), that Sierra Ventures had previously agreed to produce for free. *(Id.)*  Specifically, in a March 21, 2008 e-mail, TEOCO's counsel stated:

> Please let us know by 5 pm today when Sierra Ventures will be producing (or when we can pick up and copy) documents responsive to Request Nos. 5, 6, 7, 8, 9, 10 and 11. These are the Requests where Sierra Ventures said "Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that directly relate to the claims in the Action." …. Because of the scheduling issues in our case, we would like to receive or pick up the non-privileged documents responsive to Request Nos. 5, 6, 7, 8, 9, 10 and 11 by noon Wednesday, March 26.

(See Exh. F to Wright Decl.)  That afternoon, Sierra Ventures' counsel responded by e-mail:

> I am sorry but it appears that we have not reached an agreement so Sierra will not be producing documents at the moment.  Moreover, given our hour long conversation on Tuesday, during which I told you that I did not believe that there were any responsive documents, I am disappointed that you are presuming that responsive documents exist. Your document requests are highly objectionable and Sierra stands ready to litigate its objections to TEOCO's requests.

*(Id.)*  On a subsequent conference call on March 28, Sierra Ventures' counsel represented that Sierra Ventures' position remained the same and that it would not be producing any documents – either in response to Request No. 4 or in response to Request Nos. 5 – 11. *(Id.)*

Sierra Ventures' counsel has now asserted that TEOCO had previously stated that it wanted

"only" the valuation documents. (Id. at ¶ 15) This is incorrect. The point is also irrelevant and an attempt at misdirection. TEOCO wants Sierra Ventures to comply with the Subpoenas. Sierra Ventures' March 10 objections are waived. Sierra Ventures agreed to produce the valuation documents, responsive to Request No. 4, with limitations and only if TEOCO would agree to pay $15,000 for the documents. When TEOCO refused, Sierra Ventures then refused to produce any non-privileged documents responsive to Request Nos. 5 – 11 even though Sierra Ventures previously said it would produce the documents.

## III. CONCLUSION.

Sierra Ventures is influencing the fair and efficient litigation of this case and withholding critical evidence bearing on liability and damages issues. On March 10, Sierra Ventures' counsel stated "Sierra intends to produce documents." On March 14, Sierra Ventures' counsel stated "Sierra will produce non-privileged documents." Sierra Ventures has now refused to produce any documents and its untimely objections are waived. For the foregoing reasons, TEOCO Corporation respectfully requests that its motion be granted and that Sierra Ventures be compelled to produce all non-privileged documents responsive to Requests Nos. 4 – 11 and to produce a log for any documents withheld on privilege grounds.

Dated: April 1, 2008

TIMOTHY J. GORRY
CHRISTOPHER T. WILLIAMS
VENABLE LLP


By: /s/ Christopher T. Williams
Christopher T. Williams,
Attorneys for Plaintiff and Counter-defendant
TEOCO Corporation

10

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable, LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

    On April 1, 2008, I served a copy of the foregoing document described **as NOTICE OF MOTION AND MOTION OF PLAINTIFF TEOCO CORPORATION TO COMPEL SIERRA VENTURES TO PRODUCE DOCUMENTS AND A PRIVILEGE LOG IN RESPONSE TO SUBPOENA DUCES TECUM** on the interested parties in this action addressed as follows:

*See Attached Service List*

☐    **BY MAIL** (CCP §1013(a)&(b)): I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐    **BY PERSONAL SERVICE** (CCP §1011): I delivered such envelope(s) by hand to the addressee(s) as stated above.

☐    **BY OVERNIGHT DELIVERY** (CCP §1013(c)&(d)): I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐    **BY FACSIMILE** CCP §1013(e) and (f) and CRC Rule 2008: I served the above stated document by facsimile from the facsimile machine of Venable, LLP whose phone number is (310) 229-9901.

☐    **BY ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on April 1, 2008, at Los Angeles, California.

☒    **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Barbara Washington                                  /s/ Barbara Washington

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**Service List**
Case No. CV 08 80032 MISC JSW
*Teoco Corp. v. Razorsight, et al.*

*Counsel for Sierra Ventures VII LP, Sierra Ventures VIII LP-A and Sierra Ventures VIII LP-B*

Cooley Godward Kronish
Michael J. Klisch, Esq.
Joshua O. Mates, Esq.
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155

Cooley Godward Kronish
Michael J. Klisch, Esq.
777 6th Street NW, Suite 1100
Washington, DC  20001

*Counsel for Defendants Sundeep Sanghavi and Shital Sanghavi*

Kathleen J.L. Holmes, Esq.
Williams Mullen
8270 Greensboro Drive, Suite 700
McLean, VA  22102

Edward M. Eakin, III, Esq.
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320

*Counsel for Plaintiff and Counterclaim Defendant TEOCO Corporation and Third-Party Defendant Atul Jain*

Michael W. Robinson, Esq.
William D. Dolan, III, Esq.
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA  22182

Julia A. Petruzzelli, Esq.
Venable LLP
575 7th Street, NW
Washington, DC  20004-1601

*Counsel for Defendant and Counterclaim-Plaintiff Razorsight Corp.*

Dana J. Finberg
LECLAIRRYAN, a Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, VA  23218-2499

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  TIMOTHY J. GORRY (SBN 143797)
   CHRISTOPHER T. WILLIAMS (SBN 171907)
2  VENABLE LLP
   2049 Century Park East, Suite 2100
3  Los Angeles, California 90067

4  Telephone:  (310) 229-9900
   Facsimile:  (310) 229-9901
5  E-mail: tjgorry@venable.com
           ctwilliams@venable.com
6
7  Attorneys for Plaintiff and Counter-defendant
   TEOCO Corporation

8

9                    UNITED STATES DISTRICT COURT

10                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  TEOCO CORPORATION,                         Case No. CV 08 80032 MISC JSW

13              Plaintiff,                     **[PROPOSED] ORDER GRANTING MOTION BY PLAINTIFF TEOCO CORPORATION TO COMPEL SIERRA VENTURES TO PRODUCE DOCUMENTS AND A PRIVILEGE LOG IN RESPONSE TO SUBPOENA DUCES TECUM**

14       vs.

15  RAZORSIGHT CORPORATION, SUNDEEP
    SANGHAVI, and SHITAL SANGHAVI,
16
                Defendants.                    (Pending Action in USDC Eastern District of Virginia Case No. 1:07cv887 CMH/BRP)
17

18  RAZORSIGHT CORPORATION,

19              Counter-claimant,

20       vs.

21  TEOCO CORPORATION, and ATUL JAIN,

22              Counter-defendants.

23

24       Before the Court is the motion of Plaintiff and Counter-defendant TEOCO CORPORATION

25  ("TEOCO") to compel compliance with certain subpoenas duces tecum ("the Subpoenas") issued from

26  this judicial district to obtain third-party discovery for the action pending in the U.S. District Court for

27  the Eastern District of Virginia, Alexandria Division entitled TEOCO Corp. v. Razorsight Corp., et al.,

28  (Case No. 1:07cv887 CMH/BRP).

---

CASE NO. cv 08 8032 MISC JSW                                                    [PROPOSED] ORDER
DC2DOCS: 944208/42749-250128

These Subpoenas were served on non-parties SIERRA VENTURES VII LP, SIERRA VENTURES VIII LP-A, and SIERRA VENTURES VIII LP-B (collectively "Sierra Ventures") on February 15, 2008 with production sought by February 29, 2008. Sierra Ventures served objections by letter dated March 10, 2008 and thereafter served written responses by letter dated March 14, 2008. Although Sierra Ventures represented in its March 10 and March 14 letters that responsive documents would be produced, Sierra Ventures later refused to produce such documents and no documents had been produced at the time this motion was filed.

The Court understands that <u>TEOCO Corp. v. Razorsight Corp., et al.</u>, (Case No. 1:07cv887 CMH/BRP) is scheduled for a final pretrial conference on April 17, 2008 and that trial will be scheduled four to eight weeks thereafter. The Court understands that Sierra Ventures is the majority shareholder of Defendant and Counter-plaintiff Razorsight Corporation ("Razorsight") in that action and that two of Sierra Ventures' partners are on Razorsight's Board of Directors. The Court finds that the Subpoenas fairly seek documents reasonably calculated to lead to the discovery of admissible evidence in the underlying action.

Accordingly, having considered TEOCO's motion, reviewed the Subpoenas, considered any Opposition submitted by Sierra Ventures, reviewed Sierra Ventures' objections and responses to the Subpoenas, and because good cause exists, the Court hereby finds and orders as follows:

(1) Any objections served by Sierra Ventures to the Subpoenas were untimely and are waived pursuant to Fed.R.Civ.P. 45(c)(2)(B);

(2) Sierra Ventures is hereby ordered to produce to TEOCO, within five business days, all non-privileged documents responsive to Request Nos. 4 – 11 of the Subpoenas;

(3) Sierra Ventures is hereby ordered to produce to TEOCO, within five business days, a detailed privilege log for any documents responsive to Request Nos. 4 – 11 of the subpoenas that are withheld on privilege grounds.

**IT IS SO ORDERED.**

Dated: April _, 2008

_____
United States Magistrate Judge

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable, LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On April 1, 2008, I served a copy of the foregoing document described **as [PROPOSED] ORDER GRANTING MOTION BY PLAINTIFF TEOCO CORPORATION TO COMPEL SIERRA VENTURES TO PRODUCE DOCUMENTS AND A PRIVILEGE LOG IN RESPONSE TO SUBPOENA DUCES TECUM** on the interested parties in this action addressed as follows:

*See Attached Service List*

☒ **BY MAIL** (CCP §1013(a)&(b)): I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐ **BY PERSONAL SERVICE** (CCP §1011): I delivered such envelope(s) by hand to the addressee(s) as stated above.

☐ **BY OVERNIGHT DELIVERY** (CCP §1013(c)&(d)): I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐ **BY FACSIMILE** CCP §1013(e) and (f) and CRC Rule 2008: I served the above stated document by facsimile from the facsimile machine of Venable, LLP whose phone number is (310) 229-9901.

☐ **BY ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on April 1, 2008, at Los Angeles, California.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

/s/ Barbara Washington
*Signature*

Case No. CV 08 80032 MISC JSW    PROOF OF SERVICE
LA: 944208/42749-250128

**Service List**
Case No. CV 08 80032 MISC JSW
*Teoco Corp. v. Razorsight, et al.*

*Counsel for Sierra Ventures VII LP, Sierra Ventures VIII LP-A and Sierra Ventures VIII LP-B*

Cooley Godward Kronish
Michael J. Klisch, Esq.
Joshua O. Mates, Esq.
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155

Cooley Godward Kronish
Michael J. Klisch, Esq.
777 6th Street NW, Suite 1100
Washington, DC  20001

*Counsel for Defendants Sundeep Sanghavi and Shital Sanghavi*

Kathleen J.L. Holmes, Esq.
Williams Mullen
8270 Greensboro Drive, Suite 700
McLean, VA  22102

Edward M. Eakin, III, Esq.
Williams Mullen
P.O. Box 1320
Richmond, VA  23218-1320

*Counsel for Plaintiff and Counterclaim Defendant TEOCO Corporation and Third-Party Defendant Atul Jain*

Michael W. Robinson, Esq.
William D. Dolan, III, Esq.
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA  22182

Julia A. Petruzzelli, Esq.
Venable LLP
575 7th Street, NW
Washington, DC  20004-1601

*Counsel for Defendant and Counterclaim-Plaintiff Razorsight Corp.*

Dana J. Finberg
LECLAIRRYAN, a Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
P.O. Box 2499
Richmond, VA  23218-2499

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900