1  COOLEY GODWARD KRONISH LLP
   JAMES DONATO (146140) (jdonato@cooley.com)
2  JOSHUA O. MATES (221068) (jmates@cooley.com)
   Five Palo Alto Square
3  3000 El Camino Real
   Palo Alto, CA  94306-2155
4  Telephone:   (650) 843-5000
   Facsimile:    (650) 849-7400
5
   Of Counsel:
6  COOLEY GODWARD KRONISH LLP
   MICHAEL J. KLISCH (VA 32074) (mklisch@cooley.com)
7  777 6th Street, NW, Suite 1100
   Washington, DC  20001
8  Telephone:   (202) 842-7800
   Facsimile:    (202) 842-7899
9
   Attorneys for Subpoenaed Non-Parties
10 SIERRA VENTURES VII LP, SIERRA VENTURES VIII LP-
   A and SIERRA VENTURES VIII LP-B

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 | TEOCO CORPORATION,                        | Case No. CV 08 80032 MISC JSW (EMC)
16 |             Plaintiff,                    | **SIERRA VENTURES' BRIEF IN OPPOSITION TO TEOCO'S MOTION TO COMPEL SIERRA VENTURES TO PRODUCE DOCUMENTS AND A PRIVILEGE LOG IN RESPONSE TO SUBPOENA DUCES TECUM**
17 |     v.                                    |
18 | RAZORSIGHT CORPORATION, SUNDEEP SANGHAVI and SHITAL |
19 | SANGHAVI,                                  | (Pending Action in USDC Eastern District of Virginia Case No. 1:07cv887 CMH/BRP)
20 |             Defendants.                    |
21 | RAZORSIGHT CORPORATION,                    | Hearing Date:  May 7, 2008
22 |             Counterclaimant,               | Time:          2:30 p.m.
   |                                            | Location:      Courtroom C, 15th Floor
23 |     v.                                    |
24 | TEOCO CORPORATION and ATUL JAIN,           |
25 |             Counterdefendants.             |

26
27
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA

SIERRA VENTURES' BRIEF IN OPPOSITION TO
TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

# TABLE OF CONTENTS

**PAGE**

I. Introduction. ........................................................................................................................ 1

II. Factual Background. ........................................................................................................... 3

III. TEOCO's Motion to Compel Should Be Denied. ............................................................... 8

    A. Request No. 4 – Valuation Documents. ........................................................................ 8

        1. TEOCO Backed Away From the Agreement to Produce Only the Valuation Documents, And After Doing So, Inadequately Met and Conferred Before Filing This Motion. ........................................................ 8

        2. The Valuation Documents Are Not Responsive or Reasonably Calculated to Lead to the Discovery of Admissible Evidence. ........................ 9

    B. Request Nos. 5-11 – Communications with Sanghavis and Other Documents Related to TEOCO. ................................................................................ 11

        1. The Parties' Agreed That Sierra Ventures Could Satisfy Its Obligations Under the Subpoenas Without Producing Documents Responsive to These Requests. ............................................................................................... 11

        2. After TEOCO Backed Away from the Parties' Agreement, It Failed to Adequately Meet and Confer Regarding These Requests. ............................ 12

        3. Even if Sierra Ventures Was Required to Respond to All Document Requests in the Subpoenas, It Has Very Few Potentially Responsive Documents to Certain of the Requests. ........................................................... 12

    C. Sierra Ventures' Objections to the Subpoenas Were Not Untimely, and Even if They Were, TEOCO Waived Any Argument That the Objections Were Waived by Accepting Them and Meeting and Conferring Regarding Them. ................... 14

IV. Conclusion. ....................................................................................................................... 14

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA

i.

SIERRA VENTURES' BRIEF IN OPPOSITION TO
TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) .................................. 13

## RULES

Federal Rule of Civil Procedure 37 ............................................................................................. 9

Federal Rule of Civil Procedure 45(c)(3)(B) ............................................................................ 13

U.S. District Court for the Northern District of California Local Rule 37-1 ............................. 9

U.S. District Court for the Northern District of California Local Rule 37-2 ....................... 10, 13

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA    ii.    SIERRA VENTURES' BRIEF IN OPPOSITION TO TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

## I. INTRODUCTION.

TEOCO Corporation ("TEOCO") seeks an order compelling Sierra Ventures VII LP, Sierra Ventures VIII LP-A and Sierra Ventures VIII LP-B (collectively, "Sierra Ventures") to produce documents and a privilege log in response to three Subpoenas served on counsel for Sierra Ventures in Washington, D.C. on February 15, 2008 (the "Motion").

The Motion should be denied because TEOCO has refused to honor the parties' agreement that Sierra Ventures, a venture capitalist, would produce *only* valuations of Razorsight Corporation ("Razorsight") that Sierra prepared in connection with its investment in Razorsight. The Motion should also be denied because the documents sought by the Subpoenas are not reasonably calculated to lead to the discovery of admissible evidence and because the document requests are otherwise highly objectionable. Lastly, like TEOCO's motion for administrative relief to transfer *and* its letter asking the Court to assign a magistrate judge, the Motion is premature because, *after* reneging on the parties' agreement, TEOCO refused to meet and confer on the document requests that it put back on the table.

Moreover, after retreating from the agreement to produce only the valuations, and under the guise of a "Highly Confidential" designation, TEOCO has refused Sierra Ventures' requests to allow this Court to see TEOCO's expert damages report in order to determine whether the "valuations" are reasonably calculated to lead to the discovery of admissible evidence on TEOCO's damages claim, which the Motion asserts in conclusory fashion. In fact, TEOCO has expressed an interest in buying Razorsight, and thus Sierra Ventures suspects that TEOCO wants the valuations for reasons unrelated to the litigation, such as a barometer for determining how much TEOCO would offer to acquire Razorsight.

In support of its Motion, TEOCO asserts that Sierra Ventures waived its objections to the Subpoenas and that TEOCO did not agree to accept only the valuations. The record, however, directly contradicts these assertions.

On March 18, *after* Sierra Ventures served objections and responses to the Subpoenas, the parties attended a meet and confer conference by telephone, during which TEOCO's counsel stated unequivocally that the *only* documents TEOCO wanted were the valuations (*purportedly*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA     1.

SIERRA VENTURES' BRIEF IN OPPOSITION TO
TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

1  for damage calculation reasons). Notably, this meet and confer was prompted by a March 14
2  phone call from Razorsight's counsel (placed at the courthouse in Virginia), who told Sierra
3  Ventures that TEOCO's counsel had just stated that TEOCO wanted only the valuations. As a
4  result, on March 18, before the meet and confer, Sierra Ventures reached out to TEOCO and
5  wrote:

> I understand that TEOCO wants "valuations" for its damages claim. Accordingly, please send me all pleadings, including Int. answers, that describe your damages theory/methodology so that I can assess whether "valuations" should be produced to TEOCO.

9  Michael Klisch Declaration, submitted herewith ("Klisch Decl."), ¶ 13 & Ex. 4.

10  On March 19, the day after the meet and confer, counsel for Sierra Ventures wrote to
11  TEOCO's counsel: "Are you agreeable to an expert's and attorney's eyes only designation on
12  **valuations**?" – to which TEOCO responded: "Yes, we can agree that SV can designate the
13  **valuation** documents as 'Highly Confidential.'" Klisch Decl., ¶ 17 & Ex. 6 (emphasis added).
14  Counsel for Sierra Ventures followed up with: "Will you agree not to challenge the 'Highly
15  Confidential' designations for **valuations**?" – to which TEOCO responded: "Yes again. Will you
16  agree to produce the **valuations** within a week so we don't have to seek another extension of the
17  damages expert report deadline?" *Id.* In short, the parties agreed that Sierra Ventures would
18  produce valuations in full satisfaction of the Subpoenas and any claim to the contrary is untrue.

19  On March 20, counsel for Sierra Ventures reiterated that TEOCO should pay the
20  unnecessary attorneys' fees incurred by Sierra Ventures in opposing TEOCO's unwarranted
21  motion to transfer. Klisch Decl., ¶ 18 & Ex. 7. TEOCO's counsel did not like that term but
22  otherwise reiterated the agreement to produce only the valuations (*i.e.,* "We appreciate that Sierra
23  is now willing to produce the **valuation documents.**") *Id.* (emphasis added). Otherwise,
24  TEOCO used the request for fees, which was broached, but not agreed upon, on March 18, to
25  back away entirely from the agreement to produce only the valuations.

26  Since March 18, TEOCO has ignored repeated requests by Sierra Ventures to provide a
27  counter-proposal that would eliminate the request for fees – and in doing so claimed for the first
28  time that Sierra Ventures' objections to the Subpoenas were untimely and waived. Since then,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA                          2.

SIERRA VENTURES' BRIEF IN OPPOSITION TO
TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

Sierra Ventures' repeated requests to resolve the dispute have been met with long-winded emails that show only that TEOCO wants out of the agreement to produce only the valuations, which, in light of the damages report that TEOCO will not let Sierra Ventures use to defend the Motion, are not reasonably calculated to lead to the discovery of admissible evidence – and otherwise have no bearing on the damages theories that are being hidden from this Court by TEOCO.

Further, TEOCO bases this Motion only on its Subpoena categories 4-11.[1] During the pendency of the Motion, and in light of TEOCO's backing away from the agreed-upon limitation to the documents it seeks, Sierra Ventures has completed a review of all potentially responsive documents to those Subpoena categories. Had TEOCO continued to meet and confer to discuss these categories, rather than simply make demands, it would know that a number of them are moot issues entirely, since Sierra Ventures has few or no responsive documents. By prematurely cutting off meet and confer discussions and filing this Motion, and with its untrue allegation that Sierra Ventures' objections to the Subpoenas are untimely and waived, TEOCO has merely wasted time and resources.

For the foregoing reasons, TEOCO respectfully requests that the Court deny the Motion.

## II.    FACTUAL BACKGROUND.

On September 5, 2007, TEOCO filed a Complaint against Razorsight and two of its executives, asserting trade secret misappropriation and related claims (the "Virginia Action"). *See* March 16, 2008 Finberg Decl. submitted in support of Sierra Ventures' Opposition to TEOCO's Administrative Motion to Transfer ("Finberg Decl."), ¶ 2. In the Virginia Action, TEOCO obtained discovery from Razorsight regarding financial information exchanged at the time Razorsight was attempting to get financing from Sierra Ventures. Finberg Decl., ¶ 9 & Ex. A, at 8 & n.8.

In January 2008, TEOCO attempted to seek similar documents from Sierra Ventures, via Rule 45 third-party subpoenas. Most, if not all, of this financial information already has been produced to TEOCO by Razorsight. *Id.* In fact, on April 1, 2008, based on this financial

---

[1] A list of these document requests, as well as Sierra Ventures' objections and responses to them, is attached as Exhibit A hereto.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA                      3.          SIERRA VENTURES' BRIEF IN OPPOSITION TO
                                            TEOCO'S MOTION TO COMPEL
                                            (CASE NO. CV 08 80032 MISC JSW (EMC))

information, and TEOCO's own financial information, TEOCO's expert served a <u>*57 page*</u> damages report asking for tens of millions of dollars in damages under several theories, and designated the <u>*entire report*</u> "Highly Confidential." Klisch Decl., ¶ 24.

Initially, TEOCO had trouble finding Sierra Ventures and serving subpoenas on them. TEOCO initially attempted to serve subpoenas on eight different California entities. Klisch Decl., ¶ 2. Mr. Klisch, counsel for Sierra Ventures, received *those subpoenas* on February 11, 2008 and determined they were directed to the *wrong* Sierra entities. *Id.* at ¶¶ 3-5. Mr. Klisch called counsel for TEOCO and: (a) alerted TEOCO it had served subpoenas directed to the wrong entities; (b) identified the three correct Sierra entities (*i.e.*, Sierra Ventures) that would have responsive documents; and (c) agreed to accept service of the three correct subpoenas. *Id.* at ¶¶ 5-6. This favor saved TEOCO significant time and effort.

TEOCO served the Subpoenas to Mr. Klisch on February 15, 2008. *Id.* at ¶ 7. Mr. Klisch offered to follow the customary local practice by serving objections on February 29 (*id.*) and later written responses. On February 29, Mr. Klisch requested a <u>*one-week*</u> extension to serve objections. *Id.* at ¶ 8 & Ex. 1, p. 5. TEOCO's counsel initially questioned the extension, stating "[w]ithout further explanation and due to the tight discovery schedule, I can not grant a one week extension of your time to respond to the subpoenas." Klisch Decl., ¶ 8 & Ex. 1, p. 4. TEOCO counsel later clarified that she "was not refusing to grant any extension" (*id.*), and in later communications, Mr. Klisch said he would provide the objections by March 7 and the responses by March 14, 2008. *Id.* at ¶ 9 & Ex. 1, p. 2.[2]

On February 27, *Razorsight* submitted objections to the Subpoenas. Finberg Decl., ¶ 12 & Ex. D.

On March 10, 2008, *Sierra Ventures* served objections to the Subpoenas. Klisch Decl., ¶ 10 & Ex. 2. Mr. Klisch stated: "As promised, I will provide written responses to the Subpoenas no later than March 14, 2008. Despite the objections that follow, Sierra intends to produce documents – and I look forward to resolving any issues concerning Sierra's objections and

---

[2] Mr. Klisch agreed that he could not get the objections out on March 7, as he was out of town, and would need until March 10, 2008, the next business day. TEOCO did not object to this deadline or the objections, once they were served.

responses." *Id.*

On March 14, 2008, as promised, Sierra Ventures served its written responses to the Subpoenas. Klisch Decl., ¶ 11 & Ex. 3. Three days earlier, despite Mr. Klisch's promise that responses and documents were forthcoming, and without making a motion to compel the production from Sierra Ventures, TEOCO filed a motion with this Court seeking to transfer jurisdiction of an anticipated yet speculative dispute to the Eastern District of Virginia. Sierra Ventures opposed that motion. On March 17, 2008, the Court denied it as premature.

On March 14, 2008, Razorsight's counsel called Mr. Klisch (from the courthouse in Virginia) with the news that TEOCO's counsel had just stated to him that TEOCO wanted only the valuation documents in response to the Subpoenas. Klisch Decl., ¶ 12. As a result, Mr. Klisch reached out to TEOCO counsel on March 18:

> I understand that TEOCO wants "valuations" for its damages claim. Accordingly, please send me all pleadings, including Int. answers, that describe your damages theory/methodology so that I can assess whether "valuations" should be produced to TEOCO.

Klisch Decl., ¶ 13 & Ex. 4. Later that day, Sierra Ventures and TEOCO began meeting and conferring regarding the Subpoenas, including a one-hour telephone call on March 18 between Mr. Klisch and Damon Wright, counsel for TEOCO who took over the discussions about the Subpoenas. Klisch Decl., ¶ 14. During that call, Mr. Wright stated unequivocally that the *only* documents TEOCO wanted from Sierra Ventures were the "valuation" documents (purportedly for damage calculation reasons), thus confirming the report Mr. Klisch received from the courthouse. *Id.* Sierra Ventures does not believe that the valuations are reasonably calculated to lead to the discovery of admissible evidence but nonetheless agreed to produce them as part of the meet and confer negotiations. *Id.* at ¶ 15. Mr. Klisch told Mr. Wright on March 18 that Sierra Ventures might also ask that TEOCO pay Sierra Ventures the attorneys' fees and costs incurred in defending the motion to transfer because it was without merit. Klisch Decl., ¶ 16. TEOCO's counsel pushed back on this idea but did not reject it out of hand. *Id.*

The parties' agreement as to the production of documents was reiterated by Mr. Wright and Mr. Klisch in e-mail correspondence the day after the meet and confer call. In that

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA         5.         SIERRA VENTURES' BRIEF IN OPPOSITION TO TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

correspondence, the parties discussed the production of the valuation documents, including the confidentiality designation the documents would receive, as follows:

> Mr. Klisch: Are you agreeable to an expert's and attorney's eyes only designation on **valuations**?
>
> Mr. Wright: Yes, we can agree that [Sierra Ventures] can designate the **valuation documents** as "Highly Confidential" [under the stipulated protective order governing the underlying case].
>
> Mr. Klisch: Will you agree not to challenge the "Highly Confidential" designations for **valuations**?
>
> Mr. Wright: Yes again. Will you agree to produce the **valuations** within a week so we don't have to seek another extension of the damages expert report deadline?

Klisch Decl., ¶ 17 & Ex. 6 (emphasis added). As of March 19, 2008, therefore, the parties thus had agreed to the documents that would be produced in response to the Subpoenas and what designation they would receive.

On March 20, 2008, Mr. Klisch followed up on the meet and confer discussions by making a proposal specifying the circumstances and terms of Sierra Ventures' production of agreed-upon documents, including that production of the valuation documents would constitute full satisfaction of the Subpoenas and that TEOCO should reimburse Sierra Ventures for the attorneys' fees incurred in opposing the unwarranted motion to transfer. Klisch Decl., ¶ 18 & Ex. 7, p. 2. Mr. Wright responded to Mr. Klisch, refusing to pay Sierra Ventures' attorneys' fees, but otherwise confirming the agreement to produce only the valuations, stating: "We appreciate that Sierra is now willing to produce the valuation documents." *Id.* at ¶ 19 & Ex. 7, p. 1-2. TEOCO counsel did not make any other counter-offer to Mr. Klisch's proposal. *Id.* Mr. Klisch immediately pointed this out, stating "I note that you did not respond to the points in my offer. Rather, you simply demand that I drop a term." *Id.* at ¶ 19 & Ex. 7, p. 1.

Since then, the meet and confer discussion has continued, but it has not advanced, due to TEOCO's continual refusal to respond to Mr. Klisch's March 20 proposal. Specifically, TEOCO has ignored repeated requests by Sierra Ventures to provide a counter-proposal that would eliminate the request for fees, and in doing so claimed for the first time that Sierra Ventures'

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA    6.    SIERRA VENTURES' BRIEF IN OPPOSITION TO TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

objections to the Subpoenas were untimely and waived. Klisch Decl., ¶ 20 & Ex. 7, p. 1. Sierra Ventures' repeated requests to resolve the dispute also have been met with long-winded emails that show only that TEOCO is seeking to back out of the agreement to produce only valuation documents, as Mr. Wright has questioned Mr. Klisch as to when Sierra Ventures will produce other documents. *Id.* at ¶ 21. Sierra Ventures also has repeatedly reiterated that Mr. Wright's assumption as to the existence of responsive documents to other Subpoena categories was improper, as Sierra Ventures did not know at that point whether there were any such responsive documents, and in its responses indicated only that if such responsive documents existed (and were non-privileged), then Sierra Ventures would produce them. *Id.* at ¶ 21 & Ex. 8, p. 1. Indeed, since the parties agreed in their meet and confer call that the only documents produced would be the valuation documents, Sierra Ventures had not at that time completed a review of potentially responsive documents to other Subpoena categories (namely, Requests 5-11).

On March 26, 2008, prior to filing any motion to compel, TEOCO submitted a letter to this Court, requesting that this Court assign a magistrate judge to hear an anticipated yet speculative dispute over the Subpoenas. Sierra Ventures submitted a response letter on March 27, stating that the request was premature without a pending motion to compel. The Court did not assign a magistrate judge before the filing of the motion to compel.

The meet and confer process continued, and on March 31, 2008, Mr. Klisch reiterated that he "would be happy to consider a counter-offer to my offer of [March 20]. For whatever reason, you won't give me one. … Sierra will not produce documents until we have reached an agreement with you to do so." Klisch Decl., ¶ 23 & Ex. 10, p. 1.

On April 2, 2008, the parties to the Virginia Action attended a court-ordered settlement conference. A representative of Sierra Ventures, Steven Williams, also attended, with Sierra Ventures' counsel, Mr. Klisch. Klisch Decl., ¶ 24. At the settlement conference, TEOCO's counsel raised the fact that its April 1 damages expert's report was designated "Highly Confidential" pursuant to the parties' protective order. *Id.* Mr. Klisch and Mr. Williams signed the protective order and advised the Court that it would follow up with a request to TEOCO's counsel for permission to use the damages report to defend this Motion.

On April 3, 2008, Mr. Klisch attempted to meet and confer with TEOCO counsel regarding the Motion, stating: (1) Sierra Ventures did not believe the valuation documents were in any way relevant to the damages theories in TEOCO's damages expert report; (2) in the spirit of compromise, Sierra Ventures was willing to produce the valuation documents, if doing so constituted full compliance with the Subpoenas; and (3) that if TEOCO would not agree to (2), Sierra Ventures was requesting TEOCO's consent to use the damages expert report in its opposition to this Motion. Klisch Decl., ¶ 25 & Ex. 11. Mr. Wright followed up with Mr. Klisch, asking questions about (2) above but *ignoring* Mr. Klisch's request to use the damages report in this opposition. *Id.* at ¶ 25 & Ex. 12. Mr. Klisch again requested consent to use the expert damages report, but again his request was ignored. *Id*. at ¶ 25 & Ex. 13. The following day, having no response to his request to use the damages expert report, Mr. Klisch requested that pursuant to the protective order in the Virginia Action, TEOCO re-designate the expert damages report from "Highly Confidential" so that Sierra Ventures could use it in this opposition. Klisch Decl., ¶ 26 & Ex. 14. TEOCO ignored this request. *Id.* It is Sierra Ventures' understanding that it cannot discuss the contents of TEOCO's expert damages report without violating the protective order in the Virginia Action, but if it could discuss that report, Sierra Ventures could easily show TEOCO cannot satisfy its burden to show that the valuation documents should be produced in response to the Subpoenas.

TEOCO, without addressing Mr. Klisch's requests or providing the counter-offer to the March 20 proposal (or giving a reason why it would not address either), then filed this Motion. Again, as with its motion to transfer and its letter to this Court, TEOCO's Motion is premature.

### III. TEOCO'S MOTION TO COMPEL SHOULD BE DENIED.

#### A. Request No. 4 – Valuation Documents.

##### 1. TEOCO Backed Away From the Agreement to Produce Only the Valuation Documents, And After Doing So, Inadequately Met and Conferred Before Filing This Motion.

During the March 18 meet and confer discussion, the parties agreed that the only documents TEOCO wanted and Sierra Ventures agreed to produce were the valuation documents, which TEOCO asserts are responsive to Request No. 4 of the Subpoenas. On at least two

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA    8.    SIERRA VENTURES' BRIEF IN OPPOSITION TO
TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

1  occasions, TEOCO counsel stated that production of only the valuation documents would be
2  sufficient to fully satisfy the Subpoenas. Klisch Decl., ¶¶ 12, 14. Moreover, the parties'
3  agreement was shown by communications between counsel on March 19, 2008, whereby the
4  parties discussed the confidentiality designation of the valuations. Klisch Decl., ¶ 17 & Ex. 6.
5  TEOCO now files this Motion in contravention of that agreement. Accordingly, the Court should
6  deny the Motion.

7  Moreover, after backing away from the agreement, TEOCO has failed to adequately meet
8  and confer over the Subpoenas. Under the Federal Rules of Civil Procedure, this Court's Local
9  Rules, and the April 3, 2008 Order of this Court in this case, TEOCO, as the party seeking
10 discovery, was required to adequately meet and confer in good faith with Sierra Ventures prior to
11 filing any motion to compel. *See* Fed. R. Civ. P. 37; Local Rule 37-1. Inadequate meet and
12 confer efforts by a party seeking to compel discovery is grounds for denial of the motion. *See* this
13 Court's April 3, 2008 Order.

14 After backing away from the agreement that Sierra Ventures could produce only valuation
15 documents in satisfaction of the Subpoenas, TEOCO repeatedly failed to engage in further
16 negotiations regarding the valuation documents. Rather, it simply asked, over and over, whether
17 Sierra Ventures would be producing documents, never proposed any counter-offer to Mr. Klisch's
18 March 20 proposal (despite repeated requests), then filed this Motion. By failing to respond to
19 Mr. Klisch's proposal, TEOCO failed to adequately meet and confer regarding those Subpoenas.
20 Its Motion thus should be denied.

21  **2. The Valuation Documents Are Not Responsive or Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**
22

23 Moreover, in this Motion TEOCO seeks an order compelling production of the valuation
24 documents from Sierra Ventures. While Sierra Ventures was willing to produce the valuation
25 documents in an effort to compromise regarding the Subpoenas, it does not in any way believe
26 that the valuation documents are either responsive to the requests or reasonably calculated to lead
27 to the discovery of admissible evidence in the Virginia Action. A party moving to compel
28 responses must set forth in its motion a "detail[ed]" basis for its contention that it is entitled to the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA       9.

SIERRA VENTURES' BRIEF IN OPPOSITION TO
TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

discovery and "must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied." Local Rule 37-2. TEOCO has not satisfied these burdens, and thus has not met its burden of proving that the valuation documents should be produced.

Valuations of Razorsight's business made by an outside investor such as Sierra Ventures have no bearing on the alleged damages. And the Motion makes no effort whatsoever to substantiate the relevancy of the valuations. Since TEOCO has expressed an interest in buying Razorsight, Sierra Ventures suspects that TEOCO wants the valuations for other reasons, such as a barometer for determining how much TEOCO might want to pay for Razorsight.

Moreover, TEOCO asserts without any support whatsoever that the valuation documents are responsive to Request No. 4 in the Subpoenas. Motion, p. 8. Request No. 4 seeks "All documents relating to any funding of Razorsight by Sierra Ventures." *See* Exhibit A. Valuation documents are analyses performed by Sierra Ventures, third parties investing in Razorsight, regarding the worth of the investment they are considering. Klisch Decl., ¶ 15. These documents do not "relate to" the actual funding of Razorsight by Sierra Ventures, and instead relate to the value Sierra Ventures might have placed on Razorsight or certain aspects of it. Thus, TEOCO has not even shown that these documents are responsive to its document requests.

Importantly, the valuation documents are not at all relevant to an assessment of TEOCO's alleged damages in the Virginia Action. TEOCO represents that the valuation documents are "crucial" and "critical" to its damages analysis. Motion, p. 2, 5. However, it is hard to imagine how a third party's assessment of the value of a company (as a potential investment) at the time of the investment could be "critical" to the damages allegedly suffered by TEOCO as a result of the alleged misappropriation of its trade secrets years later. If the question of TEOCO's damages hinges on the value of Razorsight, then shouldn't a damages expert analyze that value at the time of alleged wrongful acts, which were allegedly committed by the defendant in the Virginia Action?

Indeed, TEOCO has a damages expert who has put together a damages report in the Virginia Action (without ever receiving the valuation documents from Sierra Ventures). That report was provided to Mr. Klisch and Sierra Ventures on the condition that they sign a protective

1   order protecting its disclosure, and the report was marked "Highly Confidential" under that
2   protective order. Klisch Decl., ¶ 24. After reviewing that expert damages report, Sierra Ventures
3   believes that the valuation documents are in no way relevant to the damages sought by TEOCO in
4   the Virginia Action. Klisch Decl., ¶ 26. Indeed, Sierra Ventures wanted to include in this
5   Opposition a full argument setting forth each of the reasons for this belief. *Id.* However, due to
6   the "Highly Confidential" designation on the expert report, Sierra Ventures cannot disclose any
7   information from it without fear of violating the protective order Mr. Klisch signed. *Id.*

8   Recognizing this potential limitation on Sierra Ventures' ability to defend against this
9   Motion, on April 3, 2008, Mr. Klisch twice requested that TEOCO consent to Sierra Ventures'
10  use of the damages expert report in its Opposition to this Motion. Klisch Decl., ¶ 24. Both times,
11  TEOCO's counsel ignored that request. *Id.* The following day, hearing no response to his
12  request to use the expert damages report, Mr. Klisch then requested that TEOCO re-designate the
13  expert damages report from "Highly Confidential" so that Sierra Ventures could use it in this
14  Opposition. Klisch Decl., ¶ 25. Again, TEOCO completely ignored his request. *Id.* Sierra
15  Ventures believes that TEOCO is denying these requests – and ***refusing to allow this Court to***
16  ***view the damages report that allegedly relies on these "crucial" valuations*** – because it cannot
17  support its assertion that these documents are relevant. Indeed, TEOCO has made no showing
18  whatsoever that the valuation documents are "crucial" or "critical" to its damages analysis, and
19  thus it has not satisfied its burden in this Motion.

**B.   Request Nos. 5-11 – Communications with Sanghavis and Other Documents Related to TEOCO.**

**1.   The Parties' Agreed That Sierra Ventures Could Satisfy Its Obligations Under the Subpoenas Without Producing Documents Responsive to These Requests.**

24  During the March 18 meet and confer discussion, the parties agreed that the only
25  documents TEOCO wanted and Sierra Ventures agreed to produce were the valuation documents,
26  which TEOCO asserts are responsive to Request No. 4 of the Subpoenas. The parties therefore
27  did not reach (nor did they need to reach) any agreement as to the production of documents
28  potentially responsive to Request Nos. 5-11, as those were taken off the table. In short, these

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA                                11.                **SIERRA VENTURES' BRIEF IN OPPOSITION TO TEOCO'S MOTION TO COMPEL**
(CASE NO. CV 08 80032 MISC JSW (EMC))

1  Requests are not at issue in this Motion.

**2. After TEOCO Backed Away from the Parties' Agreement, It Failed to Adequately Meet and Confer Regarding These Requests.**

Sierra Ventures still should not be compelled to produce documents responsive to Requests 5-11. Notably, after meeting and conferring on March 18, TEOCO refused to make clear what its position was on the Subpoenas and never met and conferred regarding Requests 5-11. That is, TEOCO first agreed that it wanted only the valuation documents, which it contends are responsive to Request No. 4, and thus the parties never met and conferred regarding Request Nos. 5-11. TEOCO then backed down from that agreement and attempted to resurrect Request Nos. 5-11 by asking Sierra Ventures if it would produce documents responsive to these categories. However, after Mr. Klisch set forth Sierra Ventures' March 20 proposal for the production of documents – one term of which was that "producing the valuations constituted full satisfaction of the subpoenas to the Sierra entities" – TEOCO never properly met and conferred regarding these categories. Indeed, it refused to respond to Sierra Ventures' repeated requests for a counter-proposal. Rather, it filed this Motion, and thus did so prematurely and without an adequate meet and confer negotiation.

It is premature for TEOCO to file this Motion as to these requests. If the Court allows TEOCO to resurrect these Subpoena categories, then the parties should be afforded an opportunity to meet and confer regarding them. Sierra Ventures stands ready to so meet and confer, if ordered to do so by this Court.

**3. Even if Sierra Ventures Was Required to Respond to All Document Requests in the Subpoenas, It Has Very Few Potentially Responsive Documents to Certain of the Requests.**

During the meet and confer discussions described above and during the pendency of this Motion, because TEOCO failed to provide a counter-offer to Sierra Ventures' March 20 proposal and began requesting documents other than the valuation documents despite the parties' agreement, Sierra Ventures completed its collection and review of documents potentially responsive to Request Nos. 5-11 of the Subpoenas through the filing of the complaint in the underlying action. That review has proven that nearly all of the issues brought before this Court

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA    12.    SIERRA VENTURES' BRIEF IN OPPOSITION TO TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

in the Motion are either premature or entirely moot. Had TEOCO made a counter-offer to Sierra Ventures' March 20 proposal or otherwise properly met and conferred regarding the other Subpoena categories, it would have had this information and could have avoided wasting time on a premature motion to compel.

Sierra Ventures' collection and review of documents shows that ***there are no responsive documents to Request Nos. 6, 9 and 10***. Thus, there is no issue for discussion with any of those requests, and TEOCO's Motion is moot.

Sierra Ventures agrees that certain of the remaining requests, **Request Nos. 5, 7, 8 and 11**, *could* call for the production of documents that are reasonably calculated to lead to the discovery of admissible evidence, *if* they are properly narrowed. However, as stated, they, among other things, are overbroad and call for the production of highly sensitive, confidential and proprietary business information of Sierra Ventures. Because responsive documents include such confidential and trade secret information, especially regarding a third party not involved in the underlying litigation, they are subject to heightened protection. *See, e.g.*, Fed. R. Civ. P. 45(c)(3)(B) (court may quash or modify a subpoena that requires disclosure of a trade secret or other confidential research, development or commercial information); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (where trade secrets are involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims). Thus, Sierra Ventures will not produce these documents without a sufficient meet and confer discussion. Unfortunately, as set forth above, TEOCO has repeatedly refused to engage in that discussion.

It is TEOCO's burden in its motion to compel to prove that it is entitled to discovery of this information pursuant to the Federal Rules of Civil Procedure. Local Rule 37-2. TEOCO has not made this required showing. Sierra Ventures stands ready to meet and confer regarding these requests, if this Court requires that the parties meet and confer regarding them.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA

13.

SIERRA VENTURES' BRIEF IN OPPOSITION TO
TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

**C. Sierra Ventures' Objections to the Subpoenas Were Not Untimely, and Even if They Were, TEOCO Waived Any Argument That the Objections Were Waived by Accepting Them and Meeting and Conferring Regarding Them.**

In the Motion, TEOCO alleges that Sierra Ventures' March 10, 2008 objections to the Subpoenas are untimely and thus waived. TEOCO first made this assertion after Sierra Ventures proposed that TEOCO pay its attorneys' fees for opposing the motion to transfer.

Moreover, TEOCO cannot in good faith argue that Sierra Ventures' March 10 objections were waived. Sierra Ventures' counsel, Mr. Klisch, requested a one-week extension of time to serve objections to the Subpoenas, and when he thought TEOCO rejected that request, Ms. Petruzzelli explained that she "was not refusing to grant the extension." Later, in response to Mr. Klisch's statements that he would submit his objections on Friday, March 7, and his responses the following Friday, March 14, Ms. Petruzzelli granted the extension until March 14 for Sierra Ventures to produce documents on March 14. Klisch Decl., ¶ 9 & Ex. 1. While those discussions later broke down, TEOCO had no objection to the service of the objections themselves. *Id*.

Importantly, TEOCO must have accepted the objections because TEOCO counsel expressly ***met and conferred with Sierra Ventures counsel regarding those objections*** in a one-hour telephone call on March 18. It is nonsensical for TEOCO counsel to meet and confer over objections it thought were waived. Thus, TEOCO's argument that Sierra Ventures' objections were untimely and waived is unfounded.

**IV. CONCLUSION.**

For the foregoing reasons, the Motion should be denied.

Dated: April 16, 2008                           COOLEY GODWARD KRONISH LLP

                                                /s/
                                                Joshua O. Mates

                                                Attorneys for Subpoenaed Non-Parties
                                                SIERRA VENTURES VII LP, SIERRA
                                                VENTURES VIII LP-A and SIERRA
                                                VENTURES VIII LP-B

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

771586 PA                    14.                    SIERRA VENTURES' BRIEF IN OPPOSITION TO
                                                    TEOCO'S MOTION TO COMPEL
                                                    (CASE NO. CV 08 80032 MISC JSW (EMC))

# EXHIBIT A

Below is a list of the documents requests in the Subpoenas that are the subject of TEOCO's Motion, as well as Sierra Ventures objections and responses to those requests:

**TEOCO'S REQUEST NO. 4:**

> All documents relating to any funding of Razorsight by Sierra Ventures.

**Sierra Ventures' Objection:**

> Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**Sierra Ventures' Response:**

> Sierra Ventures stands on its objections.

**TEOCO'S REQUEST NO. 5:**

> All documents relating to or evidencing any communications between Sierra Ventures and Sundeep Sanghavi.

**Sierra Ventures' Objection:**

> Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**Sierra Ventures' Response:**

> Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**TEOCO'S REQUEST NO. 6:**

> All documents relating to or evidencing any communications between Sierra Ventures and Shital Sanghavi.

**Sierra Ventures' Objection:**

> Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

772050 v1/PA

A-1

**EXHIBIT A TO SIERRA VENTURES' OPPOSITION TO TEOCO'S MOTION TO COMPEL**
**(CASE NO. CV 08 80032 MISC JSW (EMC))**

**Sierra Ventures' Response:**

> Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**TEOCO'S REQUEST NO. 7:**

> All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Sundeep Sanghavi.

**Sierra Ventures' Objections:**

> Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**Sierra Ventures' Response:**

> Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**TEOCO'S REQUEST NO. 8:**

> All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Shital Sanghavi.

**Sierra Ventures' Objection:**

> Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**Sierra Ventures' Response:**

> Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**TEOCO'S REQUEST NO. 9:**

> All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding the Litigation or the claims asserted therein.

**Sierra Ventures' Objection:**

> Sierra Ventures objects to this request on the grounds that it is

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

772050 v1/PA

A-2

[EXHIBIT A TO SIERRA VENTURES' OPPOSITION
TO TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))

vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**Sierra Ventures' Response:**

Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**TEOCO'S REQUEST NO. 10:**
All documents relating to the Litigation or the claims asserted therein.

**Sierra Ventures' Objection:**

Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**Sierra Ventures' Response:**

Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**TEOCO'S REQUEST NO. 11:**
All documents mentioning, referring to, regarding, or discussing TEOCO.

**Sierra Ventures' Objection:**

Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**Sierra Ventures' Response:**

Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

772050 v1/PA

A-3

[EXHIBIT A TO SIERRA VENTURES' OPPOSITION TO TEOCO'S MOTION TO COMPEL
(CASE NO. CV 08 80032 MISC JSW (EMC))