| | |
|---|---|
| **From:** | Klisch, Mike |
| **Sent:** | Thursday, March 06, 2008 5:27 PM |
| **To:** | 'JAPetruzzelli@Venable.com' |
| **Cc:** | 'Dana.Finberg@leclairryan.com'; 'kholmes@williamsmullen.com'; 'DMFarnum@Venable.com'; 'MHKent@Venable.com'; DuHart, Cheryl |
| **Subject:** | Re: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas |

Hi Julie:

Thanks for your message.

I do not agree with you characterization of the events.  In fact, you have left me only one vm message this week.

I am sorry but I can't agree with your counter-offer.

Nevertheless, I will give you written objections and continue to cooperate with you.

Thanks, Mike


----- Original Message -----
From: Petruzzelli, Julie A. <JAPetruzzelli@Venable.com>
To: Klisch, Mike
Cc: Dana.Finberg@leclairryan.com <Dana.Finberg@leclairryan.com>;
kholmes@williamsmullen.com <kholmes@williamsmullen.com>; Farnum, David M.
<DMFarnum@Venable.com>; Kent, Meaghan H. <MHKent@Venable.com>
Sent: Thu Mar 06 20:17:51 2008
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Mike,

I have sent you numerous emails and repeatedly tried to reach you by
phone.

We will agree to an extension until Friday, March 14th, for you to produce documents
responsive to the subpoenas with the understanding that any disputes regarding the
responses will be subject to the jurisdiction of the EDVA.

Julie

-----Original Message-----
From: Petruzzelli, Julie A.
Sent: Wednesday, March 05, 2008 4:01 PM
To: 'Klisch, Mike'
Cc: Dana.Finberg@leclairryan.com; kholmes@williamsmullen.com; Farnum, David M.; Kent,
Meaghan H.
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Mike,

Could you please clarify what you mean by "responses?" Does this mean that you will be
producing the documents responsive to the subpoena on Friday, March 14?

Julie

-----Original Message-----
From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Tuesday, March 04, 2008 6:27 PM
To: Petruzzelli, Julie A.
Cc: Dana.Finberg@leclairryan.com; kholmes@williamsmullen.com; Farnum, David M.; Kent,

**EXHIBIT 1**

Meaghan H.
Subject: Re: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Sorry, I have been tied up all day.

I will give you my objections on Friday and my responses next Friday.


----- Original Message -----
From: Petruzzelli, Julie A. <JAPetruzzelli@Venable.com>
To: Klisch, Mike
Cc: Dana.Finberg@leclairryan.com <Dana.Finberg@leclairryan.com>;
kholmes@williamsmullen.com <kholmes@williamsmullen.com>; Farnum, David M.
<DMFarnum@Venable.com>; Kent, Meaghan H. <MHKent@Venable.com>
Sent: Tue Mar 04 18:15:35 2008
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Mike,

I have tried to reach you by phone a number of times today.  Could you please clarify what
you mean by "respond?"  Do you want an extension until Friday to produce documents or to
object only?  Again, can you please call me.

Julie


_____

From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Tuesday, March 04, 2008 3:51 PM
To: Petruzzelli, Julie A.
Cc: Dana.Finberg@leclairryan.com; kholmes@williamsmullen.com; Farnum, David M.; Kent,
Meaghan H.
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas


Julie, will your client give us until this Friday to respond to the
subpoenas?  Please advise, Mike

Michael J. Klisch, Esq.
Cooley Godward Kronish LLP
777 6th Street N.W.  *  Suite 1100
Washington, DC  20001
Telephone: (202) 842-7800 * Fax: (202) 842-7899
Bio: www.cooley.com/mklisch * Practice: www.cooley.com/litigation


_____

From: Petruzzelli, Julie A. [mailto:JAPetruzzelli@Venable.com]
Sent: Monday, March 03, 2008 6:08 PM
To: Klisch, Mike
Cc: Dana.Finberg@leclairryan.com; kholmes@williamsmullen.com; Farnum,
David M.; Kent, Meaghan H.
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas


Mike,

In response to your request, set forth below is a brief outline of our
numerous attempts to obtain documents from your clients:

Friday, January 25: The process server attempted to serve Sierra
Ventures at its principal place of business in Menlo Park, California,
but was informed by the receptionist that no one was there to accept
service and that he must come back on Monday afternoon.

Monday, January 28: The process server again attempted to serve Sierra Ventures at its principal place of business in Menlo Park, California and again was informed that no one could accept service of process.

Tuesday, January 29: The process server returned yet again and this time attempted to serve Jeff Drazan, a managing director listed as an agent to accept service for Sierra Ventures in California. The process server was told that Mr. Drazan was in a meeting and unavailable.

Thursday, January 31: The process server returned yet again to attempt to serve Jeff Drazan. The process server was told that Mr. Drazan was unavailable.  When the process server attempted to wait in the lobby area, Sierra Ventures had him removed by security.

Thursday, February 1 - Thursday, February 8: The process server then spent the next few days attempting to serve various Sierra Ventures' managers at Sierra Ventures' principal place of business in Menlo Park and at their office in Palo Alto.  Given Sierra Ventures repeated attempts to avoid service in California, we served the subpoenas on 8 Sierra Ventures entities in Delaware on February 8th.

Thursday, February 14: You contacted Venable, informing us that the subpoenas were served on the wrong Sierra Ventures' entities, providing the names of the correct three entities and agreeing to accept service of process for these three entities if the eight subpoenas were withdrawn.

Friday, February 15: We served three subpoenas addressed to the entities you identified on you by hand, confirmed that the eight earlier subpoenas were withdrawn, and reset the date to respond to two weeks from February 15, rather than two weeks from the initial service on Feb. 8.

Friday, February 29: After hearing nothing for almost two week, you requested a one week extension within which to respond to the subpoena without any explanation by email at 4:16 p.m. Upon seeing this email, I called you twice.  Receiving no answer, I sent you an email stating that we needed an explanation and inviting you to call me. Instead of calling, you sent the email set forth below to which I again responded, providing my cell phone number to facilitate our speaking.

Again, I invite you to discuss this matter further.  Specifically, we need to know if and when you intend to produce documents responsive to the subpoenas.  Should your client persist in avoiding service of process, we will have no choice but to seek the assistance of the courts.

Best regards,

Julie

_____

From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Friday, February 29, 2008 7:24 PM
To: Petruzzelli, Julie A.
Cc: Dana.Finberg@leclairryan.com; kholmes@williamsmullen.com; Farnum, David M.; Kent, Meaghan H.
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas


I don't think I misunderstood your email.

This is the first time that I have heard anything about avoiding service of process.  Please give me the details.

3

From: Petruzzelli, Julie A. [mailto:JAPetruzzelli@Venable.com]
Sent: Friday, February 29, 2008 7:12 PM
To: Klisch, Mike
Cc: Dana.Finberg@leclairryan.com; kholmes@williamsmullen.com; Farnum,
David M.; Kent, Meaghan H.
Subject: Re: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas


Mike,

I am sorry that you misunderstood my email. I was not refusing to grant
any extension, but wished to better understand your intentions regarding
the subpoenas prior to responding to your cryptic email. I believe that
had you understood the history of these subpoenas you may not have
responded as you did. Contrary to your allegation, we tried to serve
Sierra Ventures numerous times in California only to have your client
avoid service of process. I am also out of the office now, but can be
reached on my cell phone (703-403-4893) or in the office on Monday
(202-344-4010). I trust that we can work out this misunderstanding.
Best,
Julie
-------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Klisch, Mike <mklisch@cooley.com>
To: Petruzzelli, Julie A.
Cc: Dana.Finberg@leclairryan.com <Dana.Finberg@leclairryan.com>;
kholmes@williamsmullen.com <kholmes@williamsmullen.com>; Farnum, David
M.; Kent, Meaghan H.
Sent: Fri Feb 29 18:25:02 2008
Subject: Re: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

I am out of the office.

I did you a huge favor by giving you the names of the correct parties to
the subpoenas and by agreeing to accept service of the newly issued
subpoenas to the correct parties so long as you agreed to work
cooperatively with me.

The tight schedule was caused by your waiting until late in the game to
issue subpoenas to my clients.

In return, I have asked only for a one week extension.

I certainly could have easily done this differently.

By my calculation, I saved you at least a month's worth of time.

I will no longer accept service of the subpoenas so please re-issue them
in California.

Mike

----- Original Message -----
From: Petruzzelli, Julie A. <JAPetruzzelli@Venable.com>
To: Klisch, Mike
Cc: Finberg, Dana J. <Dana.Finberg@leclairryan.com>;
kholmes@williamsmullen.com <kholmes@williamsmullen.com>; Farnum, David

M. <DMFarnum@Venable.com>; Kent, Meaghan H. <MHKent@Venable.com>
Sent: Fri Feb 29 18:16:28 2008
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Mike,

I have been trying to reach you regarding this rather cryptic email.
Without further explanation and due to the tight discovery schedule, I
can not grant a one week extension of your time to respond to the
subpoenas.  Please call.

Regards,

Julie


-----Original Message-----
From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Friday, February 29, 2008 4:16 PM
To: Kent, Meaghan H.
Cc: Finberg, Dana J.; kholmes@williamsmullen.com; Petruzzelli, Julie A.;
Farnum, David M.
Subject: RE: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Hi Julie:

Kindly grant me a one week extension to respond to the subpoena.

Regards, Mike Klisch

-----Original Message-----
From: Kent, Meaghan H. [mailto:MHKent@Venable.com]
Sent: Friday, February 15, 2008 3:23 PM
To: Klisch, Mike
Cc: Finberg, Dana J.; kholmes@williamsmullen.com; Petruzzelli, Julie A.;
Farnum, David M.
Subject: TEOCO v. Razorsight et al: Klisch, Michael ltt., subpoenas

Please see attached letter and enclosures from Julie Petruzzelli.



Meaghan Hemmings Kent | Registered Patent Attorney Venable LLP  |  575
7th St. NW, Washington, DC 20004 P 202.344.4481 | F 202.344.8300 |
mhkent@venable.com

*****************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this
communication (including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (a) avoiding penalties
that may be imposed under the Internal Revenue Code or by any other
applicable tax authority; or (b) promoting, marketing or recommending to
another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new
standards of professional practice, pursuant to which certain tax advice
must satisfy requirements as to form and substance.
*****************************************************************
*****************************************************************
This electronic mail transmission may contain confidential or privileged
information. If you believe you have received this message in error,
please notify the sender by reply transmission and delete the message
without copying or disclosing it.
*****************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.  If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.


*******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
*******************************************************************
*******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*******************************************************************


This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.  If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.


*******************************************************************

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
******************************************************************
******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
******************************************************************


This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.
IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.


******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
******************************************************************
******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
******************************************************************

This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message. If you are the intended
recipient, please be advised that the content of this message is subject
to access, review and disclosure by the sender's Email System
Administrator.


IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice
contained in this communication (including any attachment) is not
intended or written by us to be used, and cannot be used, (i) by any
taxpayer for the purpose of avoiding tax penalties under the Internal
Revenue Code or (ii) for promoting, marketing or recommending to another
party any transaction or matter addressed herein.



*******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this
communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may
be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting,
marketing or
recommending to another party any tax-related matter addressed herein.
We provide this
disclosure on all outbound e-mails to assure compliance with new
standards of
professional practice, pursuant to which certain tax advice must satisfy
requirements as to
form and substance.
*******************************************************************
*******************************************************************
This electronic mail transmission may contain confidential or privileged
information. If
you believe you have received this message in error, please notify the
sender by reply
transmission and delete the message without copying or disclosing it.
*******************************************************************


This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information.  Any unauthorized
review, use, disclosure or distribution is prohibited.  If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.  If you are the intended
recipient, please be advised that the content of this message is subject
to access, review and disclosure by the sender's Email System
Administrator.

IRS Circular 230 disclosure:  To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice
contained in this communication (including any attachment) is not
intended or written by us to be used, and cannot be used, (i) by any
taxpayer for the purpose of avoiding tax penalties under the Internal
Revenue Code or (ii) for promoting, marketing or recommending to another
party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under
the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as
to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



Michael J. Klisch
(202) 842-7870
mklisch@cooley.com

March 10, 2008

Julie A. Petruzzelli
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601

**Re: Subpoenas to Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P., and Sierra Ventures VIII-B, L.P.**

Dear Julie:

On February 15, 2008, plaintiff issued subpoenas ("Subpoenas") to this firm's clients, Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P. and Sierra Ventures VIII-B, L.P. (collectively "Sierra") in the action styled: *TEOCO Corp. v. Razorsight Corp., et al.* Case No. 1:07cv887 CMH/BRP, United States District Court for the Eastern District of Virginia (Alexandria Division).

As a professional courtesy, I accepted service of the Subpoenas on February 15.

The following constitutes Sierra's objections to the Subpoenas. As promised, I will provide written responses to the Subpoenas no later than March 14, 2008. Despite the objections that follow, Sierra intends to produce documents -- and I look forward to resolving any issues concerning Sierra's objections and responses.

## GENERAL OBJECTIONS

1.     Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or doctrine.

2.     Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of confidential and/or proprietary business information or documents.

3.     Sierra Ventures objects to the Subpoenas to the extent that they seek the disclosure of information or documents beyond that required by the Federal Rules of Civil Procedure and the applicable local rules.

**EXHIBIT 2**



Julie A. Petruzzelli
March 10, 2008
Page Two

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:** All documents relating to Sierra Ventures' ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 2:** All documents relating to Sundeep Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 3:** All documents relating to Shital Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 4:** All documents relating to any funding of Razorsight by Sierra Ventures.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 5:** All documents relating to or evidencing any communications between Sierra Ventures and Sundeep Sanghavi.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client



Julie A. Petruzzelli
March 10, 2008
Page Three

privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 6:** All documents relating to or evidencing any communications between Sierra Ventures and Shital Sanghavi.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 7:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Sundeep Sanghavi.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 8:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Shital Sanghavi.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 9:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding the Litigation or the claims asserted therein.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 10:** All documents relating to the Litigation or the claims asserted therein.



Julie A. Petruzzelli
March 10, 2008
Page Four

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 11:** All documents mentioning, referring to, regarding, or discussing TEOCO.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 12:** All documents mentioning, referring to, regarding, or discussing Sage Management.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

**REQUEST NO. 13:** All documents evidencing the corporate structure and relationship of Sierra Ventures and its parents, predecessors, successors, subsidiaries, affiliates, divisions or operations.

**OBJECTION:** Sierra Ventures objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, calls for information protected from disclosure by the attorney-client privilege and work product doctrine and calls for the disclosure of confidential and/or proprietary business information.

Sincerely,

Michael J. Klisch

MJK:cad

62447 v1/DC



Michael J. Klisch
(202) 842-7870
mklisch@cooley.com

**By Regular Mail**

March 14, 2008

Julie A. Petruzzelli
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601

*Re: Subpoenas to Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P., and Sierra Ventures VIII-B, L.P.*

Dear Julie:

On February 15, 2008, plaintiff issued subpoenas ("Subpoenas") to this firm's clients, Sierra Ventures VII, L.P., Sierra Ventures VIII-A, L.P. and Sierra Ventures VIII-B, L.P. (collectively "Sierra") in the action styled: *TEOCO Corp. v. Razorsight Corp., et al.* Case No. 1:07cv887 CMH/BRP, United States District Court for the Eastern District of Virginia (Alexandria Division) (the "Action").

As a professional courtesy, I accepted service of the Subpoenas on February 15.

As I promised, the following constitutes Sierra's written responses to the Subpoenas.

Your continuing to wrongfully accuse me and my client of things like evading service and being uncooperative is unproductive. Please stop. Also, we expect your client to pay Sierra the fees and cost that it incurred in having to defend the motion to transfer that you filed in California.

I look forward to resolving any issues concerning Sierra's objections and responses.

### RESPONSES

**REQUEST NO. 1:** All documents relating to Sierra Ventures' ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**RESPONSE:** Sierra Ventures stands on its objections.

**REQUEST NO. 2:** All documents relating to Sundeep Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**RESPONSE:** Sierra Ventures stands on its objections.

**EXHIBIT 3**



Julie A. Petruzzelli
March 14, 2008
Page Two

**REQUEST NO. 3:** All documents relating to Shital Sanghavi's ownership interest in Razorsight, including without limitation any shareholder agreements or contracts.

**RESPONSE:** Sierra Ventures stands on its objections.

**REQUEST NO. 4:** All documents relating to any funding of Razorsight by Sierra Ventures.

**RESPONSE:** Sierra Ventures stands on its objections.

**REQUEST NO. 5:** All documents relating to or evidencing any communications between Sierra Ventures and Sundeep Sanghavi.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 6:** All documents relating to or evidencing any communications between Sierra Ventures and Shital Sanghavi.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 7:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Sundeep Sanghavi.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 8:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding Shital Sanghavi.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 9:** All documents relating to or evidencing any communications between Sierra Ventures and any employee or former employee of Razorsight regarding the Litigation or the claims asserted therein.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 10:** All documents relating to the Litigation or the claims asserted therein.



Julie A. Petruzzelli
March 14, 2008
Page Three

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 11:** All documents mentioning, referring to, regarding, or discussing TEOCO.

**RESPONSE:** Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that relate directly to the claims in the Action.

**REQUEST NO. 12:** All documents mentioning, referring to, regarding, or discussing Sage Management.

**RESPONSE:** Sierra Ventures stands on its objections.

**REQUEST NO. 13:** All documents evidencing the corporate structure and relationship of Sierra Ventures and its parents, predecessors, successors, subsidiaries, affiliates, divisions or operations.

**RESPONSE:** Sierra Ventures stands on its objections.

Sincerely,

Michael J. Klisch

MJK:cad


62721 v1/DC

**From:**       Klisch, Mike
**Sent:**       Tuesday, March 18, 2008 10:02 AM
**To:**         'dwdwright@venable.com'; 'Petruzzelli, Julie A.'
**Cc:**         'Finberg, Dana J.'; 'kholmes@williamsmullen.com'

I understand that TEOCO wants "valuations" for its damages claim.

Accordingly, please send me all pleadings, including Int. answers, that describe your damages theory/methodology so that I can assess whether "valuations" should be produced to TEOCO.

Thx, Mike

**Michael J. Klisch, Esq.**
Cooley Godward Kronish LLP
777 6th Street N.W.  •  Suite 1100
Washington, DC  20001
Telephone: (202) 842-7800 • Fax: (202) 842-7899
Bio: www.cooley.com/mklisch • Practice: www.cooley.com/litigation

**EXHIBIT 4**

**From:**             Klisch, Mike
**Sent:**             Tuesday, April 01, 2008 3:38 PM
**To:**                'Wright, Damon W. D.'
**Cc:**                'Holmes, Kathleen'; 'Finberg, Dana J.'

Damon:

As counsel for Steve Williams, a Razorsight board member, I ask that TEOCO give Mr. Williams a copy of  TEOCO's settlement statement immediately.

Also, I have asked you on several occasions to give me your damage calculation in this case so that I can determine whether your document subpoenas call for the production of documents that are reasonably calculated to lead to the discovery of admissible evidence.  You have refused to do so.

I have received your Motion to Compel, in which you argue that Sierra's valuations are "critical" to your damages analysis and calculation.  Please give me: (1) your damage calculation; and (2) a copy of TEOCO's settlement statement, which I presume contains your damage analysis and calculation, so that Sierra can evaluate whether the documents TEOCO seeks in its Motion to Compel are reasonably calculated to lead to the discovery of admissible evidence.

Mike Klisch, counsel for Steve Williams and the Sierra entities.

**Michael J. Klisch, Esq.**
Cooley Godward Kronish LLP
777 6th Street N.W.  •  Suite 1100
Washington, DC  20001
Telephone: (202) 842-7800 • Fax: (202) 842-7899
Bio: www.cooley.com/mklisch • Practice: www.cooley.com/litigation

**EXHIBIT 5**

**From:**            Klisch, Mike
**Sent:**            Wednesday, March 19, 2008 2:00 PM
**To:**              'DWright@Venable.com'
**Subject:**         Re:

I have not been able to reach my client yet

----- Original Message -----
From: Wright, Damon W. D. <DWright@Venable.com>
To: Klisch, Mike
Sent: Wed Mar 19 16:48:44 2008
Subject: RE:

Yes again.  Will you agree to produce the valuations within a week so we don't have to
seek another extension of the damages expert report deadline?

-----Original Message-----
From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Wednesday, March 19, 2008 3:11 PM
To: Wright, Damon W. D.
Subject: RE:

Will you agree not to challenge the "Highly Confidential" designations for valuations?


Michael J. Klisch, Esq.
Cooley Godward Kronish LLP
777 6th Street N.W.  *  Suite 1100
Washington, DC  20001
Telephone: (202) 842-7800 * Fax: (202) 842-7899
Bio: www.cooley.com/mklisch * Practice: www.cooley.com/litigation



-----Original Message-----
From: Wright, Damon W. D. [mailto:DWright@Venable.com]
Sent: Wednesday, March 19, 2008 3:05 PM
To: Klisch, Mike
Subject: RE:

Yes, we can agree that SV can designate the valuation documents as "Highly Confidential."

-----Original Message-----
From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Wednesday, March 19, 2008 1:00 PM
To: Wright, Damon W. D.
Subject: Re:

Trying to schedule a call with the client to discuss.

Are you agreeable to an expert's and attorney's eyes only designation on valuations?


----- Original Message -----
From: Wright, Damon W. D. <DWright@Venable.com>
To: Klisch, Mike
Sent: Wed Mar 19 12:57:46 2008
Subject: RE:

What's the word?  By the way, very good and interesting conversation yesterday.

**EXHIBIT 6**

Damon W.D. Wright
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4937 (direct)
(703) 973-8776 (cell)
(202) 344-8300 (facsimile)
dwdwright@venable.com (e-mail)
http://www.venable.com <http://www.venable.com/>  (firm web site)

This message is intended only for the use of the individual or entity to which it is
addressed and may contain information that is privileged, confidential, and exempt from
disclosure under applicable law.  If the reader is not the intended recipient or the agent
responsible for delivering the message to the intended recipient, any dissemination,
distribution, or copying of this communication is prohibited.

From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Tuesday, March 18, 2008 3:03 PM
To: Wright, Damon W. D.
Subject:

Running a few minutes late -- will call you in 10

Michael J. Klisch, Esq.
Cooley Godward Kronish LLP
777 6th Street N.W.  *  Suite 1100
Washington, DC  20001
Telephone: (202) 842-7800 * Fax: (202) 842-7899
Bio: www.cooley.com/mklisch <file://www.cooley.com/mklisch>  * Practice:
www.cooley.com/litigation <file://www.cooley.com/litigation>

This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message. If you are the intended
recipient, please be advised that the content of this message is subject
to access, review and disclosure by the sender's Email System
Administrator.


IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice
contained in this communication (including any attachment) is not
intended or written by us to be used, and cannot be used, (i) by any
taxpayer for the purpose of avoiding tax penalties under the Internal
Revenue Code or (ii) for promoting, marketing or recommending to another
party any transaction or matter addressed herein.


*****************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this
communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may
be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting,

marketing or
recommending to another party any tax-related matter addressed herein.
We provide this
disclosure on all outbound e-mails to assure compliance with new
standards of
professional practice, pursuant to which certain tax advice must satisfy
requirements as to
form and substance.
*******************************************************************
*******************************************************************
This electronic mail transmission may contain confidential or privileged
information. If
you believe you have received this message in error, please notify the
sender by reply
transmission and delete the message without copying or disclosing it.
*******************************************************************


This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information.  Any unauthorized
review, use, disclosure or distribution is prohibited.  If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.  If you are the intended
recipient, please be advised that the content of this message is subject
to access, review and disclosure by the sender's Email System
Administrator.

IRS Circular 230 disclosure:  To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice
contained in this communication (including any attachment) is not
intended or written by us to be used, and cannot be used, (i) by any
taxpayer for the purpose of avoiding tax penalties under the Internal
Revenue Code or (ii) for promoting, marketing or recommending to another
party any transaction or matter addressed herein.


*******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this
communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may
be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting,
marketing or
recommending to another party any tax-related matter addressed herein.
We provide this
disclosure on all outbound e-mails to assure compliance with new
standards of
professional practice, pursuant to which certain tax advice must satisfy
requirements as to
form and substance.
*******************************************************************
*******************************************************************
This electronic mail transmission may contain confidential or privileged
information. If
you believe you have received this message in error, please notify the
sender by reply
transmission and delete the message without copying or disclosing it.
*******************************************************************


This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information.  Any unauthorized
review, use, disclosure or distribution is prohibited.  If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.  If you are the intended

3

recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under
the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **From:** | Klisch, Mike |
| **Sent:** | Thursday, March 20, 2008 2:04 PM |
| **To:** | 'DWright@Venable.com' |
| **Cc:** | 'JAPetruzzelli@Venable.com'; 'Dana.Finberg@leclairryan.com'; |
| | 'kholmes@williamsmullen.com'; 'MWRobinson@Venable.com'; 'TGorry@Venable.com'; |
| | 'DMFarnum@Venable.com'; 'MHKent@Venable.com' |
| **Subject:** | Re: TEOCO v. Razorsight et al. |

Damon:

Your email is self serving and gratuitous.  It also mischaracterizes the events.

I will not spend any more of my clients' money arguing with you about the way the subpoenas were handled by your law firm.  The written communications speak for themselves.

And I note that you did not respond to the points in my offer.  Rather, you simply demand that I drop a term.

Lastly, I find your references to my bar membership in the Eastern District to be offensive.  I also found your comments to me about Dana Finburg in our call on Tuesday to be personal and equally offensive.

In the future, I suggest that you not personalize garden variety discovery disputes.

Mike


----- Original Message -----
From: Wright, Damon W. D. <DWright@Venable.com>
To: Klisch, Mike
Cc: Petruzzelli, Julie A. <JAPetruzzelli@Venable.com>; Finberg, Dana J.
<Dana.Finberg@leclairryan.com>; Holmes, Kathleen <kholmes@williamsmullen.com>; Robinson,
Michael Wayne <MWRobinson@Venable.com>; Gorry, Timothy J. <TGorry@Venable.com>; Farnum,
David M. <DMFarnum@Venable.com>; Kent, Meaghan H. <MHKent@Venable.com>
Sent: Thu Mar 20 16:37:50 2008
Subject: TEOCO v. Razorsight et al.

Mike,

I also enjoyed speaking with you on Tuesday.

We appreciate that Sierra is now willing to produce the valuation documents.  However,
TEOCO will not pay Sierra's attorney's fees.  TEOCO did not want to have to file the
motion to transfer.  Sierra's actions cost our client to incur unnecessary fees.  Despite
asking again and again in e-mail and asking again and again that you call us, we were left
in the dark about: (i) when, if ever, Sierra would be producing documents and (ii) what,
if any, documents would be produced.

A return phone call by you would have helped to avoid fees.  Timely production would have
avoided fees.  Sierra also could have consented to the motion, allowed the Eastern
District of Virginia to rule on the subpoena issues, and avoided fees.  You're a member of
the Eastern District, and your office is in Washington, D.C.  Rather than consent, Sierra
(helped by a declaration from Razorsight's counsel) chose to oppose the motion.  It isn't
clear if Sierra is trying to disrupt damages discovery in the Eastern District, but this
is the consequence.  Thirty four days have passed since you accepted service of the
subpoenas.  We still have received no documents.

I recognize there has been a lot of finger-pointing, so let me make two simple points.
First, Judge White did not order any payment of costs and fees, and Sierra should not
condition its duty to comply with a subpoena on this.  Second, you accepted service on
February 15, Sierra's objections to the subpoena were due February 29, and the objections
you served on March 10 are waived (see Rule 45(c)(2)(B)).

**EXHIBIT 7**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.


IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.




*******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
********************************************************************
********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
********************************************************************

**From:**  Klisch, Mike
**Sent:**  Friday, March 21, 2008 11:53 AM
**To:**  'Wright, Damon W. D.'
**Cc:**  'Petruzzelli, Julie A.'; 'Finberg, Dana J.'; 'Holmes, Kathleen'
**Subject:**  RE: TEOCO v. Razorsight et al.

Damon:

I am sorry but it appears that we have not reached an agreement so Sierra will not be producing documents at the moment.  Moreover, given our hour long conversation on Tuesday, during which I told you that I did not believe that there were any responsive documents, I am disappointed that you are presuming that responsive documents exist.

Your document requests are highly objectionable and Sierra stands ready to litigate its objections to TEOCO's requests.  I would be happy to discuss this on Monday and I remain hopeful that we can resolve this.

Have a nice weekend, Mike

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Friday, March 21, 2008 1:47 PM
**To:** Klisch, Mike
**Cc:** Petruzzelli, Julie A.; Finberg, Dana J.; Holmes, Kathleen; Robinson, Michael Wayne; Gorry, Timothy J.; Farnum, David M.; Kent, Meaghan H.
**Subject:** RE: TEOCO v. Razorsight et al.

Just tell us when we can pick up and copy the documents responsive to Request Nos. 5, 6, 7, 8, 9, 10 and 11.

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Friday, March 21, 2008 1:41 PM
**To:** Wright, Damon W. D.
**Cc:** Petruzzelli, Julie A.; Finberg, Dana J.; Holmes, Kathleen; Robinson, Michael Wayne; Gorry, Timothy J.; Farnum, David M.; Kent, Meaghan H.
**Subject:** RE: TEOCO v. Razorsight et al.

Damon,

Please stop mischaracterizing things.

Sierra Ventures does not want TEOCO to pay for the documents.  Rather, Sierra Ventures wants to reimbursed for the frivolous and premature motion that you filed.

I'm tied up on other matters today, but I can talk on Monday.

Kindest Regards, Mike

Michael J. Klisch, Esq.                                                    **EXHIBIT 8**

Cooley Godward Kronish LLP

777 6th Street N.W. • Suite 1100

Washington, DC 20001

Telephone: (202) 842-7800 • Fax: (202) 842-7899

Bio: www.cooley.com/mklisch • Practice: www.cooley.com/litigation

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Friday, March 21, 2008 1:38 PM
**To:** Klisch, Mike
**Cc:** Petruzzelli, Julie A.; Finberg, Dana J.; Holmes, Kathleen; Robinson, Michael Wayne; Gorry, Timothy J.; Farnum, David M.; Kent, Meaghan H.
**Subject:** RE: TEOCO v. Razorsight et al.

Sierra Ventures wants TEOCO to pay $15,000 to get the valuation documents. We don't agree. So for now we want the documents that Sierra Ventures agreed to produce for free. Is Sierra Ventures now refusing to produce these too? I'm in the office now. My number is 202 344-4937. Please freel free to call.

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Friday, March 21, 2008 1:24 PM
**To:** Wright, Damon W. D.
**Cc:** Petruzzelli, Julie A.; Finberg, Dana J.; Holmes, Kathleen; Robinson, Michael Wayne; Gorry, Timothy J.; Farnum, David M.; Kent, Meaghan H.
**Subject:** RE: TEOCO v. Razorsight et al.

Hi Damon,

Thank you for your email.

When we spoke on Tuesday, you said that the *only* documents that TEOCO desired were valuations -- and that TEOCO would be satisfied if Sierra produced valuations. Moreover, last Friday, Dana Finberg called me from the courthouse and told me that Julie Petruzzelli had said the same thing. What changed?

Since your firm continues to complain about the lack of telephone calls -- and has stated a clear preference for telephone calls over written communications, please feel free to call me early next week to discuss this matter.

Lastly, please appoint one person from your firm for this discovery dispute.

Please advise.

Have a good weekend.

Thanks, Mike

**Michael J. Klisch, Esq.**

Cooley Godward Kronish LLP

777 6th Street N.W. • Suite 1100

Washington, DC 20001

Telephone: (202) 842-7800 • Fax: (202) 842-7899

Bio: www.cooley.com/mklisch • Practice: www.cooley.com/litigation

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Friday, March 21, 2008 1:07 PM
**To:** Klisch, Mike
**Cc:** Petruzzelli, Julie A.; Finberg, Dana J.; Holmes, Kathleen; Robinson, Michael Wayne; Gorry, Timothy J.; Farnum, David M.; Kent, Meaghan H.
**Subject:** RE: TEOCO v. Razorsight et al.

Mike,

Please let us know by 5 pm today when Sierra Ventures will be producing (or when we can pick up and copy) documents responsive to Request Nos. 5, 6, 7, 8, 9, 10 and 11. These are the Requests where Sierra Ventures said "Subject to its objections, Sierra Ventures will produce non-privileged documents, if any, that directly relate to the claims in the Action." Also, based on our conversation, I think I understood you to say that Sierra Ventures will withhold any non-privileged documents responsive to Request Nos. 5, 6, 7, 8, 9, 10 and 11 that were generated after the filing of the lawsuit. If so, I encourage you to reconsider. This time cut-off was not included as one of Sierra Ventures' general or specific objections. The relevant facts in this case include Razorsight activities and services that post-date the filing. The parties (including Razorsight) have also produced in discovery non-privileged documents generated after the filing. Because of the scheduling issues in our case, we would like to receive or pick up the non-privileged documents responsive to Request Nos. 5, 6, 7, 8, 9, 10 and 11 by noon Wednesday, March 26.

---

**From:** Wright, Damon W. D.
**Sent:** Thursday, March 20, 2008 4:38 PM
**To:** 'Klisch, Mike'
**Cc:** Petruzzelli, Julie A.; Finberg, Dana J.; Holmes, Kathleen; Robinson, Michael Wayne; Gorry, Timothy J.; Farnum, David M.; Kent, Meaghan H.
**Subject:** TEOCO v. Razorsight et al.

Mike,

I also enjoyed speaking with you on Tuesday.

We appreciate that Sierra is now willing to produce the valuation documents. However, TEOCO will not pay Sierra's attorney's fees. TEOCO did not want to have to file the motion to transfer. Sierra's actions cost our client to incur unnecessary fees. Despite asking again and again in e-mail and asking again and again that you call us, we were left in the dark about: (i) when, if ever, Sierra would be producing documents and (ii) what, if any, documents would be produced.

A return phone call by you would have helped to avoid fees. Timely production would have avoided fees. Sierra also could have consented to the motion, allowed the Eastern District of Virginia to rule on the subpoena issues, and avoided fees. You're a member of the Eastern District, and your office is in Washington, D.C. Rather than consent, Sierra (helped by a declaration from Razorsight's counsel) chose to oppose the motion. It isn't clear if Sierra is trying to disrupt damages discovery in the Eastern District, but this is the consequence. Thirty four days have passed since you accepted service of the subpoenas. We still have received no documents.

I recognize there has been a lot of finger-pointing, so let me make two simple points. First, Judge White did not order any payment of costs and fees, and Sierra should not condition its duty to comply with a subpoena on this. Second, you accepted service on February 15, Sierra's objections to the subpoena were due February 29, and the objections you served on March 10 are waived (see Rule 45(c)(2)(B)).

We would like to work this out. However, if Sierra insists on payment of its fees, we will have to file another motion in the Northern District of California and another motion to extend the deadline for TEOCO's damages expert report in this case. This will only result in more attorney's fees. By noon tomorrow March 21, please let me know if Sierra will drop

conditioning its compliance with the subpoenas on its receiving payment of fees.

_____

*Damon W.D. Wright*
*Venable LLP*
*575 7th Street, N.W.*
*Washington, DC 20004-1601*
*(202) 344-4937 (direct)*
*(703) 973-8776 (cell)*
*(202) 344-8300 (facsimile)*
*dwdwright@venable.com (e-mail)*
*http://www.venable.com (firm web site)*

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader is not the intended recipient or the agent responsible for delivering the message to the intended recipient, any dissemination, distribution, or copying of this communication is prohibited.

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Thursday, March 20, 2008 3:44 PM
**To:** Wright, Damon W. D.
**Cc:** Petruzzelli, Julie A.; Finberg, Dana J.; Holmes, Kathleen
**Subject:**

Damon:

I enjoyed speaking with you on Tuesday. This follows up our conversation.

Sierra will agree to produce valuations that pre-date the filing of the complaint under the "Highly Confidential" designation by 3/26/08 if:

(1)    TEOCO does not challenge the "Highly Confidential" designations;

(2)    TEOCO agrees that producing the valuations is in full satisfaction of the subpoenas to the Sierra entities;

(3)    TEOCO dismisses the California action with prejudice; and

(4)    TEOCO pays Sierra the fees and costs incurred in litigating the motion to transfer ($15,000), which Sierra contends was premature, unnecessary, unwarranted and frivolous.

Please respond to this offer by close of business 3/21/08. Otherwise, Sierra is prepared to litigate its objections. I look forward to hearing from you.

Mike

**Michael J. Klisch, Esq.**
Cooley Godward Kronish LLP
777 6th Street N.W. • Suite 1100
Washington, DC 20001
Telephone: (202) 842-7800 • Fax: (202) 842-7899
Bio: www.cooley.com/mklisch • Practice: www.cooley.com/litigation

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

```
********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
********************************************************************
********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
********************************************************************
```

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

```
********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
```

professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
*********************************************************************
*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the
intended recipient, please be advised that the content of this message is subject to access, review and disclosure
by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this communication (including any attachment) is not intended or
written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under
the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or
matter addressed herein.

*********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
*********************************************************************
*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************

| From: | Klisch, Mike |
|---|---|
| Sent: | Tuesday, March 25, 2008 1:55 PM |
| To: | 'DWright@Venable.com' |
| Cc: | 'Dana.Finberg@leclairryan.com'; 'kholmes@williamsmullen.com'; 'MWRobinson@Venable.com'; 'JAPetruzzelli@Venable.com' |
| Subject: | Re: |

I disagree with you.


----- Original Message -----
From: Wright, Damon W. D. <DWright@Venable.com>
To: Klisch, Mike
Cc: Finberg, Dana J. <Dana.Finberg@leclairryan.com>; Holmes, Kathleen
<kholmes@williamsmullen.com>; Robinson, Michael Wayne <MWRobinson@Venable.com>;
Petruzzelli, Julie A. <JAPetruzzelli@Venable.com>
Sent: Tue Mar 25 16:52:23 2008
Subject: RE:

Your memorialization (saying Julie or I used the word "only") only misstates our prior
statements.

_____

From: Klisch, Mike [mailto:mklisch@cooley.com]
Sent: Tuesday, March 25, 2008 4:37 PM
To: Wright, Damon W. D.
Cc: Finberg, Dana J.; Holmes, Kathleen
Subject: RE:


Damon:

A few minutes ago, you called and asked me whether Sierra's position had changed.  I asked
you to respond to my March 20 email with a counter-offer.  You refused and retreated from
your, and Julie Petruzzelli's, statements that TEOCO wanted only valuations.

Regarding the subpoenas, we reserve our right to move for protective order(s).

Regards, Mike Klisch

_____

From:  Klisch, Mike
Sent:  Thursday, March 20, 2008 3:44 PM
To:    'Wright, Damon W. D.'
Cc:    'Petruzzelli, Julie A.'; 'Finberg, Dana J.'; Holmes, Kathleen
Subject:

Damon:

I enjoyed speaking with you on Tuesday.  This follows up our conversation.

Sierra will agree to produce valuations that pre-date the filing of the complaint under
the "Highly Confidential" designation by 3/26/08 if:

(1)     TEOCO does not challenge the "Highly Confidential" designations;

(2)     TEOCO agrees that producing the valuations is in full satisfaction of the
subpoenas to the Sierra entities;

**EXHIBIT 9**

(3)     TEOCO dismisses the California action with prejudice; and

(4)     TEOCO pays Sierra the fees and costs incurred in litigating the motion to transfer ($15,000), which Sierra contends was premature, unnecessary, unwarranted and frivolous.

Please respond to this offer by close of business 3/21/08.  Otherwise, Sierra is prepared to litigate its objections.  I look forward to hearing from you.

Mike

Michael J. Klisch, Esq.
Cooley Godward Kronish LLP
777 6th Street N.W. • Suite 1100
Washington, DC  20001
Telephone: (202) 842-7800 • Fax: (202) 842-7899
Bio: www.cooley.com/mklisch <file://www.cooley.com/mklisch>  • Practice:
www.cooley.com/litigation <file://www.cooley.com/litigation>

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

*******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
*******************************************************************
*******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*******************************************************************

| | |
|---|---|
| **From:** | Klisch, Mike |
| **Sent:** | Monday, March 31, 2008 1:50 PM |
| **To:** | 'Wright, Damon W. D.' |
| **Cc:** | 'Finberg, Dana J.'; 'Petruzzelli, Julie A.'; 'Farnum, David M.'; 'Robinson, Michael Wayne'; 'Kent, Meaghan H.' |
| **Subject:** | RE: |

With respect to the first item, I would be happy to consider a counter-offer to my offer of March 25. For whatever reason, you won't give one to me.

With respect to the second item, I assumed that you served the subpoenas. You have not done so and it appears that you have not even tried to do so.

Sierra will not produce documents until we have reached an agreement with you to do so. Again, I made an offer on March 25. You have refused to counter.

Daver and Williams have not been served so they will not be appearing absent a global agreement. Please contact me once you have served them.

I asked you a question about Mr. Guleri -- you have refused to answer it.

Mike

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Monday, March 31, 2008 4:25 PM
**To:** Klisch, Mike
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

We'd like to get the documents responsive to Requests 4 - 11 by this Thursday and would like to depose Vispi Daver next Tuesday at 9 am, Tim Guleri next Tuesday at 1 pm, and Steve Williams next Wednesday at 9 am.

Today's conversation started with you asking me "[what] time would you like to start the depositions next week?"

I assumed you were talking about all three and were trying to work together on something. I answered your questions. I've also asked you a few questions that you haven't answered. I think our position is clear. Again, (i) will Sierra Ventures produce documents this week and (ii) will Guleri, Daver and/or Williams appear next week?

Thanks,

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Monday, March 31, 2008 4:14 PM
**To:** Wright, Damon W. D.
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Damon:

I would be happy to discuss a global resolution of the document subpoenas and the testimony subpoenas.

**EXHIBIT 10**

In the meantime, do you want to go forward with the Guleri deposition if we do not reach an agreement on producing documents? Or do you want to wait and see what documents Sierra is ordered to produce before conducting the depositions?

Mr. Guleri will resist being deposed twice.

Mike

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Monday, March 31, 2008 4:05 PM
**To:** Klisch, Mike
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

We have made effort, but will you accept?

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Monday, March 31, 2008 4:04 PM
**To:** Wright, Damon W. D.
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Thanks.

It is my understanding that you have made no effort to serve either Steve Williams or Vispi Daver. When do you plan on serving them?

**Michael J. Klisch, Esq.**
Cooley Godward Kronish LLP
777 6th Street N.W. • Suite 1100
Washington, DC 20001
Telephone: (202) 842-7800 • Fax: (202) 842-7899
Bio: www.cooley.com/mklisch • Practice: www.cooley.com/litigation

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Monday, March 31, 2008 3:42 PM
**To:** Klisch, Mike
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Mike,

I sent them over to you via e-mail at 2:15.

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Monday, March 31, 2008 3:18 PM
**To:** Wright, Damon W. D.
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Damon:

Is there someone from your law firm who will give me copies of the testimony subpoenas you are trying to serve -- and the one that you served on Mr. Guleri?

Dana/Kathleen, Venable has not given me the subpoenas.  If you have copies, would you kindly email them to me.

Thanks, Mike

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Monday, March 31, 2008 2:49 PM
**To:** Klisch, Mike
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Thanks.  My head feels fine.

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Monday, March 31, 2008 2:48 PM
**To:** Wright, Damon W. D.
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Why are you beating your head against the wall?  I knew about the subpoenas.  How many times do you want me to acknowledge that?  I just have not seen them.

And why do you keep asking me whether we are going to produce documents in advance of the depositions?  Are you just ignoring my request for a counter-offer?

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Monday, March 31, 2008 2:39 PM
**To:** Klisch, Mike
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Let me answer your questions.  I just forwarded to you the correspondence to the parties' counsel that went out March 20.  I understood you received or knew about the subpoenas from our telephone conversation last Tuesday.  My understanding is that only Guleri has been served so far.

Here are my questions.  What "depositions next week" were you referring to in your e-mail an hour or so ago?  Were you referring to Daver, Guleri and Williams?  Will you produce documents in advance?

Thanks,

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Monday, March 31, 2008 1:58 PM
**To:** Wright, Damon W. D.
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Damon:

On March 25, I offered to produce documents under four conditions.  You refused to agree but made no counter-offer.  Since then, I have asked you several times to make a counter-offer in writing and you have refused to do so.

Also, I don't believe that you have ever given me the subpoenas.  Is there a reason for that?  Have you served them?

Mike

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Monday, March 31, 2008 1:45 PM
**To:** Klisch, Mike
**Cc:** Finberg, Dana J.; Petruzzelli, Julie A.; Farnum, David M.; Robinson, Michael Wayne; Kent, Meaghan H.
**Subject:** RE:

Mike,

Thank you for writing.  Assuming that Sierra Ventures will produce Vispi Daver, Tim Guleri and Steve Williams for deposition, we would like the following schedule in accordance with the time and place in the subpoenas:

Vispi Daver: 4/8 9am
Tim Guleri: 4/8 1pm
Steve Williams: 4/9 9am

If our assumption is incorrect, please let us know by close of business today.  Also, it would obviously be helpful if Sierra Ventures would produce documents before the depositions.  We'd ask that any documents that Sierra Ventures intends to produce be produced by close of business this Thursday.  Please let us know your position on this by close of business today as well.

On a related point, our goal is to to file the motion to compel enforcement with the subpoenas later today.  So, if there is some change in Sierra Ventures' position re. production, it would be helpful to know this as soon as possible.

---

*Damon W.D. Wright*
*Venable LLP*
*575 7th Street, N.W.*
*Washington, DC 20004-1601*
*(202) 344-4937 (direct)*
*(703) 973-8776 (cell)*
*(202) 344-8300 (facsimile)*
*dwdwright@venable.com (e-mail)*
*http://www.venable.com (firm web site)*

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law.  If the reader is not the intended recipient or the agent responsible for delivering the message to the intended recipient, any dissemination, distribution, or copying of this communication is prohibited.

---

**From:** Klisch, Mike [mailto:mklisch@cooley.com]
**Sent:** Monday, March 31, 2008 1:01 PM
**To:** Wright, Damon W. D.
**Cc:** Finberg, Dana J.
**Subject:**

Want time would you like to start the depositions next week?

**Michael J. Klisch, Esq.**
Cooley Godward Kronish LLP
777 6th Street N.W. • Suite 1100
Washington, DC 20001
Telephone: (202) 842-7800 • Fax: (202) 842-7899
Bio: www.cooley.com/mklisch • Practice: www.cooley.com/litigation

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

```
********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
********************************************************************
********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
********************************************************************
```

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

```
****************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
****************************************************************
****************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************
```

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

```
****************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
****************************************************************
****************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************
```

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

```
**********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
**********************************************************************
**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
**********************************************************************
```

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

```
**********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
**********************************************************************
**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
**********************************************************************
```

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.

```
******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
******************************************************************
******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
******************************************************************
```

**Murbach, Donna**

| | |
|---|---|
| **From:** | Klisch, Mike |
| **Sent:** | Thursday, April 03, 2008 11:35 AM |
| **To:** | 'WDDolan@Venable.com' |
| **Subject:** | Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures |

Hi Bill:

It was nice seeing you yesterday. I am glad that you are doing well.

I would like to take a stab at resolving the document subpoenas with you.

Before we get there, however, kindly provide me with dates for the deposition of Steve Williams. As we understood from Judge Anderson, the agreement to produce Mr. Williams for a deposition was in exchange for your promise that you will not depose Messrs. Vispi of Guleri *unless*, after deposing Mr. Williams, you have a genuine good faith basis for the additional depositions. Please let me know if that is *not* your understanding. On this note, we also understood from Judge Anderson that, at this point in time, you do not believe that either Mr. Vispi or Mr. Daver possesses knowledge of any relevant facts. I happen to agree with that determination. Also, as part of yesterday's agreement, please provide me with a copy of TEOCO's settlement statements and the documents relied upon by your damages expert.

I have your expert's damage report, which I have looked at quickly.

Regarding the document subpoenas, given the contents of your expert's damage report, I do not see how Sierra's valuations are reasonably calculated to lead to the discovery of admissible. And I do not feel like your Motion to Compel -- which asserts that the valuations are "critical" -- explains or shows the relevance of the valuations. I note that Judge Anderson to referred the importance of the "hard data" over the valuations when were together at the outset of yesterday's settlement conference.

Nevertheless, after the hearing on TEOCO's motion before Judge Poretz a few weeks ago, Dana Finberg called me from the courthouse and told me that what Venable really wanted were *only* the valuations. I believe that Damon Wright confirmed this during our meet and confer.

Accordingly, in the spirit of compromise, I will produce valuations that pre-date the filing of the Complaint if you will agree that doing so constitutes full compliance with the subpoenas. And I will do so before you depose Steve Williams.

If you do not agree, I ask for your consent to use your expert's damages report to defend your motion to compel -- as I believe that it shows clearly that the valuations are not reasonably calculated to lead to the discovery of admissible evidence.

I would appreciate dealing with you on this matter because, after discussing the attached email with Judge Anderson yesterday, I trust that you will not demand concessions like those sought by Damon Wright -- which we showed Judge Anderson yesterday (*e.g.*, "If Sierra Ventures will agree to assume joint qnd (sic) several liability for damages awarded against Razorsight, then we'll speak with our client about sending the report (with Razorsight's permission).") (see email attached below).

I look forward to hearing from you.

**EXHIBIT 11**

Thanks, Mike

P.S.  Damon Wright just sent me an email stating that we agreed to accept service of the Williams subpoena.  That is incorrect.  We have agreed to make Mr. Williams available for a deposition. Damon Wright also demanded dates from me *by tomorrow* -- which I find to be an unreasonable request.

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Tuesday, April 01, 2008 9:17 PM
**To:** Klisch, Mike
**Cc:** Petruzzelli, Julie A.; Robinson, Michael Wayne; Dolan, William D., III; Farnum, David M.; Kent, Meaghan H.; Collier, Robert W.; Williams, Chris T.
**Subject:** Re: Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures

Mike:

Responding here to the three e-mails you've sent me this evening.

First item (request to see TEOCO 408 statement):

We previously exchanged e-mail with Razorsight's counsel re. Sierra Ventures having access to TEOCO's 408 settlement statement.

Next item (request for more TEOCO info):

Three weeks ago, when you asked about TEOCO's damages theories, we discussed this and I sent you the Third Amended Complaint and all of TEOCO's interrogatory responses. You have more than enough information, but you also do not get to decide what is relevant to TEOCO's claims and damages theories.  TEOCO served subpoenas to Sierra Ventures, but in trying to get relevant documents TEOCO has produced information in response to your requests.  Ususally the recipient of the subpoena, not the issuing party, produces documents.

Next item (request for TEOCO damages report):

The damages report contains "Confidential" and "Highly Confidential" information subject to the Agreed Protective Order. Also cannot be publicly-filed. If Sierra Ventures will agree to assume joint qnd several liability for damages awarded against Razorsight, then we'll speak with our client about sending the report (with Razorsight's permission).

Next item (request to attend settlement conference):

The settlement conference also is a private proceeding involving both parties' sensitive, non-public information.  Neither you nor Sierra Ventures has signed the Agreed Protective Order.  Signing also does not permit Sierra Ventures to have access to TEOCO's confidential information.  No offense but we also don't see what standing exists or benefit would be served for you to be there (unless you came with the documents called for by the subpoena).  Sierra Venture's request is ironic to say the least. Sierra Ventures opposed having the EDVa assume jurisdiction over a subpoena for documents, but it now wants to participate in the EDVa for a private settlement conference.

Our most important item (getting needed discovery from Sierra Ventures):

Please advise whether: (1) Sierra Ventures will immediately produce documents responsive to Request Nos. 4 - 11 of the subpoenas served Feb. 15, including the documents Sierra Ventures said it would produce in its March 14 letter; (2) Sierra Ventures will produce Guleri, Daver and/or Williams for deposition on April 8-9 or as soon thereafter; or (3) Sierra Ventures will now consent to EDVa jurisdiction over its refusal to produce documents in response to the Feb. 15 subpoenas.

---------------------------
Sent from my BlackBerry Wireless Handheld

----- Original Message -----
From: Klisch, Mike <mklisch@cooley.com>
To: Wright, Damon W. D.
Cc: Petruzzelli, Julie A.; Robinson, Michael Wayne; Dolan, William D., III; Farnum, David M.; Kent, Meaghan H.; Collier, Robert

W.; Williams, Chris T.
Sent: Tue Apr 01 19:38:34 2008
Subject: Re: Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures

Damon:

Kindly advise me whether you object to: (1) my attendance at the settlement conference with Judge Anderson tomorrow on behalf of Steve Williams; (2) the defendants providing me with a copy of TEOCO's settlement statement; or (3) the defendants providing me with a copy of TEOCO's damages report.

Thanks, Mike

----- Original Message -----
From: Wright, Damon W. D. <DWright@Venable.com>
To: Klisch, Mike
Cc: Petruzzelli, Julie A. <JAPetruzzelli@Venable.com>; Robinson, Michael Wayne <MWRobinson@Venable.com>; Dolan, William D., III <WDDolan@Venable.com>; Farnum, David M. <DMFarnum@Venable.com>; Kent, Meaghan H. <MHKent@Venable.com>; Collier, Robert W. <RWCollier@Venable.com>; Williams, Chris T. <CTWilliams@Venable.com>
Sent: Tue Apr 01 17:47:17 2008
Subject: Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures

I have attached today's filings by TEOCO in the U.S. District Court for the Northern District of California. You should also receive them via the e-filing. Also, please let us know by noon tomorrow if Tim Guleri will be appearing for his deposition at 1 pm on April 8.

<<LDAP_SMTP.PDF>> <<LDAP_SMTP.PDF>> <<LDAP_SMTP.PDF>>

_____

Damon W.D. Wright
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4937 (direct)
(703) 973-8776 (cell)
(202) 344-8300 (facsimile)
dwdwright@venable.com (e-mail)
http://www.venable.com <http://www.venable.com>  (firm web site)

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader is not the intended recipient or the agent responsible for delivering the message to the intended recipient, any dissemination, distribution, or copying of this communication is prohibited.

*******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
*******************************************************************
*******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*******************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by

reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i) by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or recommending to another party any transaction or matter addressed herein.


***********************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as t form and substance.
***********************************************************************
***********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
***********************************************************************

| | |
|---|---|
| **From:** | Wright, Damon W. D. [DWright@Venable.com] |
| **Sent:** | Thursday, April 03, 2008 2:00 PM |
| **To:** | Klisch, Mike |
| **Cc:** | Dolan, William D., III; Robinson, Michael Wayne |
| **Subject:** | RE: Steve Williams |

Mike,

Bill asked me to follow up and respond to your e-mail.

You asked when we want to depose Steve Williams. Either April 14 or April 15 are available on our calendars. Because tomorrow we will be filing a joint motion with the Court containing dates certain, please let us know by tomorrow morning when he is available.

You asked us to produce the documents relied upon by our damages expert. We didn't agree to this. There are a lot of documents. They are identified by Bates-Numbers in the report. Razorsight has them and should be able to provide them to you.

You said you understood Judge Anderson to say we'd agreed that Vespy Daver and Tim Guleri do not have relevant knowledge. That's not what we told him and not what we believe. In an effort at compromise, we agreed to postpone their depositions provided that you produce Williams for deposition. We reserve the right to depose Daver and Guleri if we conclude, after we depose Williams, that they have relevant knowledge.

Returning to the issues we've discussed before -- the issues we discussed throughout March and that are set forth in our pending Motion to Compel:

Will Sierra produce the documents re. communications with and about the Sanghavis, sought by Requests Nos. 5 - 11 of the subpoena, that Sierra said it would produce when it served its written responses?

Will Sierra produce documents re. Sierra's funding and valuations of Razorsight, sought by Request No. 4 of the subpoena, without the condition that TEOCO pay $15,000 to Sierra?

If the answer to either question is no, will Sierra now consent to jurisdiction in the E.D.Va. so that we can reach a quicker resolution on these issues?

Thanks,

-----Original Message-----
From: Wright, Damon W. D.
Sent: Thursday, April 03, 2008 2:12 PM
To: 'Klisch, Mike'
Cc: 'david.sensenig@leclairryan.com'; kholmes@williamsmullen.com
Subject: Steve Williams

Mike,

I'm sending you the subpoena for Steve Williams' deposition which I understand you've agreed to accept. We will withdraw the Tim Guleri subpoena scheduling an April 8 deposition for the time being and will agree to revisit the need for his and Vespy Daver's depositions at the conclusion of Williams' deposition. Before close of business tomorrow, we hope to file a joint motion to extend the date for fact depositions and including the dates for the various witnesses. So by tomorrow morning, please provide available dates within the next two weeks for Williams' deposition. Thanks,

Damon W.D. Wright
Venable LLP
575 7th Street, N.W.

**EXHIBIT 12**

Washington, DC 20004-1601
(202) 344-4937 (direct)
(703) 973-8776 (cell)
(202) 344-8300 (facsimile)
dwdwright@venable.com (e-mail)
http://www.venable.com (firm web site)

This message is intended only for the use of the individual or entity to which it is
addressed and may contain information that is privileged, confidential, and exempt from
disclosure under applicable law.  If the reader is not the intended recipient or the agent
responsible for delivering the message to the intended recipient, any dissemination,
distribution, or copying of this communication is prohibited.


*******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used, and cannot be used,
for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or recommending
to another party any tax-related matter addressed herein. We provide this disclosure on
all outbound e-mails to assure compliance with new standards of professional practice,
pursuant to which certain tax advice must satisfy requirements as to form and substance.
*******************************************************************
*******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*******************************************************************

| | |
|---|---|
| **From:** | Klisch, Mike |
| **Sent:** | Thursday, April 03, 2008 2:16 PM |
| **To:** | 'WDDolan@Venable.com' |
| **Cc:** | 'Robinson, Michael Wayne'; 'Holmes, Kathleen'; 'Finberg, Dana J.' |
| **Subject:** | RE: Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures |

Hi Bill:

I ask you again to please let me know whether you object to my using your expert's damages report to defend your motion to compel?

Thanks, Mike

---

**From:** Klisch, Mike
**Sent:** Thursday, April 03, 2008 2:35 PM
**To:** 'WDDolan@Venable.com'
**Subject:** Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures

Hi Bill:

It was nice seeing you yesterday. I am glad that you are doing well.

I would like to take a stab at resolving the document subpoenas with you.

Before we get there, however, kindly provide me with dates for the deposition of Steve Williams. As we understood from Judge Anderson, the agreement to produce Mr. Williams for a deposition was in exchange for your promise that you will not depose Messrs. Vispi of Guleri *unless*, after deposing Mr. Williams, you have a genuine good faith basis for the additional depositions. Please let me know if that is *not* your understanding. On this note, we also understood from Judge Anderson that, at this point in time, you do not believe that either Mr. Vispi or Mr. Daver possesses knowledge of any relevant facts. I happen to agree with that determination. Also, as part of yesterday's agreement, please provide me with a copy of TEOCO's settlement statements and the documents relied upon by your damages expert.

I have your expert's damage report, which I have looked at quickly.

Regarding the document subpoenas, given the contents of your expert's damage report, I do not see how Sierra's valuations are reasonably calculated to lead to the discovery of admissible. And I do not feel like your Motion to Compel -- which asserts that the valuations are "critical" -- explains or shows the relevance of the valuations. I note that Judge Anderson to referred the importance of the "hard data" over the valuations when were together at the outset of yesterday's settlement conference.

Nevertheless, after the hearing on TEOCO's motion before Judge Poretz a few weeks ago, Dana Finberg called me from the courthouse and told me that what Venable really wanted were *only* the valuations. I believe that Damon Wright confirmed this during our meet and confer.

**EXHIBIT 13**

Accordingly, in the spirit of compromise, I will produce valuations that pre-date the filing of the Complaint if you will agree that doing so constitutes full compliance with the subpoenas. And I will do so before you depose Steve Williams.

If you do not agree, I ask for your consent to use your expert's damages report to defend your motion to compel -- as I believe that it shows clearly that the valuations are not reasonably calculated to lead to the discovery of admissible evidence.

I would appreciate dealing with you on this matter because, after discussing the attached email with Judge Anderson yesterday, I trust that you will not demand concessions like those sought by Damon Wright -- which we showed Judge Anderson yesterday (*e.g.*, "If Sierra Ventures will agree to assume joint qnd (sic) several liability for damages awarded against Razorsight, then we'll speak with our client about sending the report (with Razorsight's permission).") (see email attached below).

I look forward to hearing from you.

Thanks, Mike

P.S. Damon Wright just sent me an email stating that we agreed to accept service of the Williams subpoena. That is incorrect. We have agreed to make Mr. Williams available for a deposition. Damon Wright also demanded dates from me *by tomorrow* -- which I find to be an unreasonable request.

---

**From:** Wright, Damon W. D. [mailto:DWright@Venable.com]
**Sent:** Tuesday, April 01, 2008 9:17 PM
**To:** Klisch, Mike
**Cc:** Petruzzelli, Julie A.; Robinson, Michael Wayne; Dolan, William D., III; Farnum, David M.; Kent, Meaghan H.; Collier, Robert W.; Williams, Chris T.
**Subject:** Re: Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures

Mike:

Responding here to the three e-mails you've sent me this evening.

First item (request to see TEOCO 408 statement):

We previously exchanged e-mail with Razorsight's counsel re. Sierra Ventures having access to TEOCO's 408 settlement statement.

Next item (request for more TEOCO info):

Three weeks ago, when you asked about TEOCO's damages theories, we discussed this and I sent you the Third Amended Complaint and all of TEOCO's interrogatory responses. You have more than enough information, but you also do not get to decide what is relevant to TEOCO's claims and damages theories. TEOCO served subpoenas to Sierra Ventures, but in trying to get relevant documents TEOCO has produced information in response to your requests. Ususally the recipient of the subpoena, not the issuing party, produces documents.

Next item (request for TEOCO damages report):

The damages report contains "Confidential" and "Highly Confidential" information subject to the Agreed Protective Order. Also cannot be publicly-filed. If Sierra Ventures will agree to assume joint qnd several liability for damages awarded against Razorsight, then we'll speak with our client about sending the report (with Razorsight's permission).

Next item (request to attend settlement conference):

The settlement conference also is a private proceeding involving both parties' sensitive, non-public information. Neither you nor Sierra Ventures has signed the Agreed Protective Order. Signing also does not permit Sierra Ventures to have access to TEOCO's confidential information. No offense but we also don't see what standing exists or benefit would be served for you to be there (unless

you came with the documents called for by the subpoena). Sierra Venture's request is ironic to say the least. Sierra Ventures opposed having the EDVa assume jurisdiction over a subpoena for documents, but it now wants to participate in the EDVa for a private settlement conference.

Our most important item (getting needed discovery from Sierra Ventures):

Please advise whether: (1) Sierra Ventures will immediately produce documents responsive to Request Nos. 4 - 11 of the subpoenas served Feb. 15, including the documents Sierra Ventures said it would produce in its March 14 letter; (2) Sierra Ventures will produce Guleri, Daver and/or Williams for deposition on April 8-9 or as soon thereafter; or (3) Sierra Ventures will now consent to EDVa jurisdiction over its refusal to produce documents in response to the Feb. 15 subpoenas.

---------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Klisch, Mike <mklisch@cooley.com>
To: Wright, Damon W. D.
Cc: Petruzzelli, Julie A.; Robinson, Michael Wayne; Dolan, William D., III; Farnum, David M.; Kent, Meaghan H.; Collier, Robert W.; Williams, Chris T.
Sent: Tue Apr 01 19:38:34 2008
Subject: Re: Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures

Damon:

Kindly advise me whether you object to: (1) my attendance at the settlement conference with Judge Anderson tomorrow on behalf of Steve Williams; (2) the defendants providing me with a copy of TEOCO's settlement statement; or (3) the defendants providing me with a copy of TEOCO's damages report.

Thanks, Mike

----- Original Message -----
From: Wright, Damon W. D. <DWright@Venable.com>
To: Klisch, Mike
Cc: Petruzzelli, Julie A. <JAPetruzzelli@Venable.com>; Robinson, Michael Wayne <MWRobinson@Venable.com>; Dolan, William D., III <WDDolan@Venable.com>; Farnum, David M. <DMFarnum@Venable.com>; Kent, Meaghan H. <MHKent@Venable.com>; Collier, Robert W. <RWCollier@Venable.com>; Williams, Chris T. <CTWilliams@Venable.com>
Sent: Tue Apr 01 17:47:17 2008
Subject: Teoco Corp. v. Razorsight Corp., et al.: Sierra Ventures


I have attached today's filings by TEOCO in the U.S. District Court for the Northern District of California. You should also receive them via the e-filing. Also, please let us know by noon tomorrow if Tim Guleri will be appearing for his deposition at 1 pm on April 8.


<<LDAP_SMTP.PDF>> <<LDAP_SMTP.PDF>> <<LDAP_SMTP.PDF>>

_____

Damon W.D. Wright
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4937 (direct)
(703) 973-8776 (cell)
(202) 344-8300 (facsimile)
dwdwright@venable.com (e-mail)
http://www.venable.com <http://www.venable.com>  (firm web site)

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader is not the intended recipient or the agent responsible for delivering the message to the intended recipient, any dissemination, distribution, or copying of this communication is prohibited.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any
unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by
reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this
message is subject to access, review and disclosure by the sender's Email System Administrator.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax
advice contained in this communication (including any attachment) is not intended or written by us to be used, and cannot be used, (i)
by any taxpayer for the purpose of avoiding tax penalties under the Internal Revenue Code or (ii) for promoting, marketing or
recommending to another party any transaction or matter addressed herein.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under th
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as t
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:**     Klisch, Mike
**Sent:**      Friday, April 04, 2008 6:23 AM
**To:**        'WDDolan@Venable.com'
**Cc:**        'Finberg, Dana J.'; 'Holmes, Kathleen'; 'Sensenig, David J.'

Bill:

Paragraph 21 of the Protective Order requires that I seek to "reclassify Confidential or Highly Confidential Information" before seeking court intervention on this issue.

Accordingly, please "reclassify" your expert's damages report and your confidential settlement letter by removing the "Highly Confidential" and "Confidential" designations so that the Sierra entities may use these documents to defend the motion to compel that TEOCO has filed in California.

Please advise me of your position today with a simple yes or no.

I look forward to hearing from you.

Mike

**Michael J. Klisch, Esq.**
Cooley Godward Kronish LLP
777 6th Street N.W.  •  Suite 1100
Washington, DC  20001
Telephone: (202) 842-7800 • Fax: (202) 842-7899
Bio: www.cooley.com/mklisch • Practice: www.cooley.com/litigation

**EXHIBIT 14**